Leonard M. Shulman – Bar No. 126349
Ryan D. O'Dea – Bar No. 273478
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:   (949) 340-3400
Facsimile:    (949) 340-3000
Email:          lshulman@shulmanbastian.com
                    rodea@shulmanbastian.com

Proposed Special Litigation Counsel for
Plaintiff Richard A. Marshack, Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:21-bk-11188-BB |
| **GLENROY COACHELLA, LLC,** | Chapter 7 |
| Debtor. | Adv Case No. |
| **RICHARD A. MARSHACK**, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC, | **COMPLAINT FOR:** |
| Plaintiff, | 1. **AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME** [11 U.S.C. §§ 544, 550; CAL. CIV. CODE §§ 3439.04, 3439.07]; |
| vs. | |
| **ASR DEVELOPMENT CO**, a California corporation; **DESERT MEDICAL PROPERTIES, INC.**, a California corporation; **ABRAHAM STUART RUBIN**, an individual; **JOSEPH RUBIN**, an individual; **DR. ELLIOT B. LANDER**, an individual; and **GARY STIFFELMAN** as trustee for the **STIFFELMAN FAMILY TRUST**, | 2. **AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME** [11 U.S.C. §§ 544, 550; CAL. CIV. CODE §§3439.04, 3439.05, 3439.07]; |
| | 3. **PRESERVATION OF AVOIDED TRANSFERS** [11 U.S.C. § 551]; |
| Defendants. | 4. **DISALLOWANCE OF CLAIMS** [11 U.S.C. § 502(d)]; and |
| | 5. **UNJUST ENRICHMENT** [11 U.S.C. § 105] |

Richard A. Marshack, solely in his capacity as the duly appointed and acting chapter 7 trustee ("Plaintiff") for the bankruptcy estate ("Estate") of Glenroy Coachella, LLC ("Debtor") hereby brings this Complaint and respectfully complains and alleges as follows:

## I. STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property).

2. Plaintiff, as chapter 7 trustee for Debtor's Estate, has standing to bring this action under 11 U.S.C. §§ 105, 323, 506, 544 and 550.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to Debtor's bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division entitled In re Glenroy Coachella, LLC, Case No. 2:21-bk-11188-BB on the Court's docket.

4. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (b)(2)(H) (proceeding to determine, avoid or recover fraudulent conveyances). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $19,250.00.

6. Plaintiff asserts claims under 11 U.S.C. § 544, and in support of such claims, Plaintiff is informed and believes, and based thereon alleges, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law; including but not limited to: (a) Art of the Muse, LLC (proof of claim no. 2); (b) Coachella Valley Collection Service (proof of claim no. 9); (c) Bret H. Reed, Jr. A law Corporation (proof of claim no. 14); (d) State Water Resources Control Board (proof of claim no. 48); (e) State Water Resources Control Board (proof of claim no. 49); and (f) Carrier Johnson, Inc. (proof of claim no. 55).

## II.    PARTIES

7.    Plaintiff is the duly appointed, qualifying, and acting Chapter 7 Trustee for Debtor's Estate, and brings the claims asserted herein in that capacity.

8.    Plaintiff is informed and believes and thereon alleges that defendant Abraham Stuart Rubin is an individual residing in Los Angeles County, California.

9.    Plaintiff is informed and believes and thereon alleges that defendant Joseph Rubin is an individual residing in Los Angeles County, California.

10.    Plaintiff is informed and believes and thereon alleges that defendant Dr. Elliot B. Lander is an individual residing in Riverside County, California.

11.    Plaintiff is informed and believes, and based thereon alleges, that defendant Desert Medical Properties, Inc. ("DMP") is a corporation organized under the laws of the State of California, with its principal place of business located in Riverside County, California.

12.    Plaintiff is informed and believes, and based thereon alleges, that defendant Gary Stiffelman as trustee for the Stiffelman Family Trust is an individual residing in Los Angeles County, California.

## III.    GENERAL ALLEGATIONS

13.    Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 15, 2021 ("Petition Date").

14.    As of Petition Date, Debtor was owned directly or indirectly by Gary Stiffelman ("Stiffelman") and Abraham Stuart Rubin ("Stuart Rubin").

15.    Plaintiff is informed and believes, and based thereon alleges, that Stuart Rubin, or Stuart Rubin's family trust known as the Licht Family Trust (the "Rubin Trust"), directly or indirectly owns a two-thirds (66.66%) membership interest in Debtor.

16.    Plaintiff is informed and believes, and based thereon alleges, that Stiffelman, or Stiffelman's family trust known as the Stiffelman Family Trust (the "Stiffelman Trust"), directly or indirectly owns a one-third (33.33%) membership interest in Debtor.

17. Prior to April 11, 2018, Debtor was the owner of real property located at 84160 Ave. 48, Coachella, California 92236 and described as accessor's parcel number 603-220-063 (the "Dispensary Property").

18. Plaintiff is informed and believes that as of approximately April of 2018, Dr. Elliot B. Lander ("Lander") purported to be an investor of Debtor holding a 4.5% interest in parcels of land neighboring the Dispensary Property where Debtor intended to develop a hotel (the "Hotel Parcels"). Plaintiff is further informed and believes that Lander paid no consideration to Debtor in connection with his purported investment in the Hotel Parcels.

19. Plaintiff is informed and believes, and based thereon alleges, that DMP is owned or controlled, directly or indirectly, by Lander.

20. Plaintiff is informed and believes, and based thereon alleges, that Stuart Rubin and Lander are long-time friends.

21. Plaintiff is informed and believes, and based thereon alleges, that Stiffelman is the trustee of the Stiffelman Trust.

22. Plaintiff is formed and believes, and based thereon alleges that defendant ASR Development Co. ("ASR") is owned or controlled by Stuart Rubin.

23. Plaintiff is informed and believes, and based thereon alleges that Stuart Rubin is the father of defendant Joseph Rubin ("Joseph Rubin").

24. Plaintiff is informed and believes, and based thereon alleges that between October 24, 2017 and June 11, 2019, Debtor made a total of twenty-three (23) transfers of cash to ASR totaling $4,258,260.00 (the "ASR Transfers"). A detailed breakdown of the ASR Transfers is provided on **Attachment "A"** to this Complaint.

25. Plaintiff is informed and believes, and based thereon alleges that between June 1, 2017 and June 27, 2019, Debtor made a total of twenty-eight (28) transfers of cash to Stuart Rubin totaling $1,837,955.00 (the "Stuart Rubin Transfers"). A detailed breakdown of the Stuart Rubin Transfers is provided on **Attachment "A"** to this Complaint.

26. Plaintiff is informed and believes, and based thereon alleges that between January 3, 2018 and September 28, 2019, Debtor made a total of two (2) transfers of cash to DMP totaling

$625,000.00 (the "DMP Transfers").  A detailed breakdown of the DMP Transfers is provided on Attachment "A" to this Complaint.

27.  Plaintiff is informed and believes, and based thereon alleges that between June 5, 2017 and April 30, 2019, Debtor made a total of thirty-seven (37) transfers of cash to Joseph Rubin totaling $293,984.00 (the "Joseph Rubin Transfers").  A detailed breakdown of the Joseph Rubin Transfers is provided on **Attachment "A"** to this Complaint.

28.  Plaintiff is informed and believes, and based thereon alleges that on April 17, 2018, Debtor made a transfer of $120,000.00 to Lander (the "Lander Transfer").  A detailed breakdown of the Lander Transfer is provided on **Attachment "A"** to this Complaint.

29.  Plaintiff is informed and believes, and based thereon alleges that on February 1, 2018, Debtor made a transfer of $100,000.00 to the Stiffelman Trust (the "Stiffelman Transfer").  A detailed breakdown of the Stiffelman Transfer is provided on **Attachment "A"** to this Complaint.

### IV.    FIRST CLAIM FOR RELIEF

**Avoidance and Recovery of Intentional Fraudulent Transfers**

**[11 U.S.C. §§ 544, 550; Cal. Civ. Code § 3439.04, 3439.07]**

30.  Plaintiff hereby incorporates by reference paragraphs 1 through 29 and realleges these Paragraphs as though set forth in full.

31.  The Stuart Rubin Transfers, DMP Transfers, Joseph Rubin Transfers, Lander Transfer, Stiffelman Transfer (collectively, the "Transfers"), as alleged above, was of Debtor's property.  Plaintiff specifically reserves the right to amend this Complaint to allege additional transfers which may become known after further investigation and discovery.

32.  The Transfers were made on or within four (4) years of Petition Date, but in no event longer than seven (7) years prior to Petition Date.

33.  The Transfers were made with the intent to hinder, delay or defraud Debtor's creditors.

34.  The Transfers were made for no consideration or for less than reasonably equivalent value.

35. Given Lander's purported status as an investor of Debtor and Lander's long-time friendship with Stuart Rubin, the Lander Transfer and the DMP Transfer was to or for the benefit of an insider of Debtor. Acequia, Inc. v. Clinton (In re Acequia, Inc.), 34 F.3d 800, 806 (9th Cir. 1994); Kaisha v. Dodson, 423 B.R. 888, 901 (N.D. Cal. 2010).

36. Given Stuart Rubin's status as a member of Debtor, the Stuart Rubin Transfer and the ASR Transfer was to or for the benefit of an insider of Debtor. Acequia, Inc. v. Clinton (In re Acequia, Inc.), 34 F.3d 800, 806 (9th Cir. 1994); Kaisha v. Dodson, 423 B.R. 888, 901 (N.D. Cal. 2010).

37. Given Stiffelman's status as a member of Debtor, the Stiffelman Transfer was to or for the benefit of an insider of Debtor. Acequia, Inc. v. Clinton (In re Acequia, Inc.), 34 F.3d 800, 806 (9th Cir. 1994); Kaisha v. Dodson, 423 B.R. 888, 901 (N.D. Cal. 2010).

38. Given Joseph Rubin's familial relationship with Stuart Rubin, the Joseph Rubin Transfer was to or for the benefit of an insider of Debtor. Acequia, Inc. v. Clinton (In re Acequia, Inc.), 34 F.3d 800, 806 (9th Cir. 1994); Kaisha v. Dodson, 423 B.R. 888, 901 (N.D. Cal. 2010)

39. Plaintiff is informed and believes, and based thereon alleges, that when the Transfers were made, Debtor was insolvent by millions of dollars due to debts and liabilities associated with the Hotel Parcels, and due to Debtor's transfer of the Dispensary Parcel for no consideration. As such, the Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of the Transfers.

40. The Transfers occurred shortly before or shortly after a substantial debt was incurred by Debtor in connection with the Hotel Parcels.

41. Based on the foregoing, Plaintiff may avoid the Transfers pursuant to 11 U.S.C. §§ 544 and 550, and California Civil Code §§ 3439.04 and 3439.07, and recover the Transfers pursuant to 11 U.S.C. § 550.

///

///

///

///

## V. SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfers**

**[11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.08, 3439.09]**

42. Plaintiff hereby incorporates by reference paragraphs 1 through 41 and realleges these Paragraphs as though set forth in full.

43. As detailed in Paragraph 6 of this Complaint, Plaintiff is informed and believes, and based thereon alleges, that Debtor had creditors at the time of the Transfers that remain unpaid as of Petition Date.

44. Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made on or within four (4) years of Petition Date, but in no event no longer than seven (7) years prior to Petition Date.

45. Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made: (a) For less than reasonably equivalent value, or any value, in exchange for said Transfers; and (b) Debtor was insolvent on the date of the Transfers or became insolvent as a result of the Transfers; or (c) Debtor intended to incur or believed (or reasonably should have believed), that it would incur debts beyond Debtor's ability to pay such debts as they became due.

46. Based upon the foregoing, Plaintiff may avoid the Transfers for the benefit of the Estate pursuant to 11 U.S.C. §§ 544 and 550, and California Civil Code §§ 3439.04 and 3439.07, and recover the Transfers pursuant to 11 U.S.C. § 550.

## VI. THIRD CLAIM FOR RELIEF

**Preservation of Avoided Transfers**

**[11 U.S.C. § 551]**

47. Plaintiff hereby incorporates by reference paragraphs 1 through 46 and realleges these paragraphs as though set forth in full.

48. Plaintiff is informed and believes that Stuart Rubin, Joseph Rubin, Lander, DMP, ASR and the Stiffelman Trust received avoidable transfers of Debtor's property vis-à-vis the Transfers.

49. Pursuant to 11 U.S.C. § 551, the Transfers are preserved for the benefit of the Estate.

## VII. FOURTH CLAIM FOR RELIEF

**Disallowance of Claims by Defendants Lander, Stiffelman and Stuart Rubin**

**[11 U.S.C. § 502(d)]**

50. Plaintiff hereby incorporates by reference paragraphs 1 through 49 and realleges these paragraphs as though set forth in full.

51. Lander, Stiffelman and Stuart Rubin are individuals from which property is recoverable under 11 U.S.C. § 550 and Lander, Stiffelman and Stuart Rubin received avoidable Transfers under 11 U.S.C. § 544.

52. Lander, Stiffelman and Stuart Rubin have not paid the amount or turned over any such property for which Lander, Stiffelman and Stuart Rubin are liable under 11 U.S.C. § 522(i), 542, 543, 544, 550, and 553 of the Bankruptcy Code.

53. Pursuant to 11 U.S.C. §502(d), the proofs of claim filed by Lander, Stiffelman and Stuart Rubin against Debtor's Estate, such claim should be disallowed.

54. Pursuant to 11 U.S.C. §502(d), to the extent ASR, DMP or Joseph Rubin file a claim against the Debtor's Estate, such claim should be disallowed.

## VIII. FIFTH CLAIM FOR RELIEF

**Unjust Enrichment**

**[11 U.S.C. § 105]**

55. Plaintiff hereby incorporates by reference paragraphs 1 through 54 and realleges these paragraphs as though set forth in full.

56. The Defendant received a benefit through the Transfer and DOT Transfer, and Defendant's retention of the Transfer and DOT Transfer and the value of the Transfer and DOT Transfer, results in unjust retention of said benefit at the Estate's expense.

## IX. PRAYER

**WHEREFORE**, Plaintiff prays that this Court enter judgment as follows:

1. Avoiding the Transfers, and declaring that the Transfers be annulled and rendered void as fraudulent transfers, and ordering the recovery of the Transfers for the benefit of the Estate;

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2. That the Transfers are avoided shall be preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

3. Declaring that Lander, DMP, the Stiffelman Trust, ASR, Stuart Rubin and Joseph Rubin were unjustly enriched by receipt of the Transfers;

4. That if Lander, DMP, the Stiffelman Trust, ASR, Stuart Rubin and Joseph Rubin fail or refuse to turn over an equal to the Transfers received by each, any claim of such defendant shall be disallowed;

5. For costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

6. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: February 13, 2023        By:    /s/ Ryan D. O'Dea
                                        Leonard M. Shulman
                                        Ryan D. O'Dea
                                        Proposed Special Litigation Counsel for Plaintiff
                                        Richard A. Marshack, Chapter 7 Trustee

# ATTACHMENT "A"

| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Type | Check Number | Disbursement |
|---|---|---|---|---|---|---|---|
| **ASR DEVELOPMENT CO** | | | | | | | |
| Banc of California | Glenroy Coachella LLC | xx0923 | 10/31/2017 | 10/24/2017 | Check | 589 | $ 3,012.57 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 12/31/2017 | 12/8/2017 | Check | 630 | $ 29,373.54 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 1/31/2018 | 1/16/2018 | Check | 682 | $ 31,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 1/31/2018 | 1/22/2018 | Check | 686 | $ 520.19 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 1/31/2018 | 1/23/2018 | Check | 691 | $ 18,415.67 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 2/28/2018 | 2/1/2018 | Check | 711 | $ 28,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 2/28/2018 | 2/5/2018 | Check | 712 | $ 1,136,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 2/28/2018 | 2/9/2018 | Check | 723 | $ 3,086.02 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 3/31/2018 | 3/13/2018 | Check | 750 | $ 1,676.75 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 4/30/2018 | 4/4/2018 | Check | 771 | $ 12,323.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 4/30/2018 | 4/26/2018 | Check | 792 | $ 5,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 5/31/2018 | 5/9/2018 | Check | 795 | $ 51,973.72 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2018 | 6/7/2018 | Check | 806 | $ 29,600.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2018 | 6/8/2018 | Check | 808 | $ 6,692.91 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 7/31/2018 | 7/2/2018 | Check | 814 | $ 20,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 7/31/2018 | 7/11/2018 | Check | 822 | $ 18,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 7/31/2018 | 7/11/2018 | Check | 820 | $ 3,559.04 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 8/31/2018 | 8/9/2018 | Check | 830 | $ 16,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 10/31/2018 | 10/1/2018 | Wire | | $ 2,800,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 10/31/2018 | 10/12/2018 | Check | 12 | $ 23,985.93 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 10/31/2018 | 10/12/2018 | Check | 13 | $ 956.22 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 5/31/2019 | 5/21/2019 | Check | 131 | $ 11,500.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 6/30/2019 | 6/11/2019 | Check | 137 | $ 7,584.58 |
| **TOTAL** | | | | | | | **$ 4,258,260.14** |
| **Abraham Stuart Rubin** | | | | | | | |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/1/2017 | Check | 486 | $ 10,950.97 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/5/2017 | Check | 490 | $ 25,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/6/2017 | Check | 491 | $ 10,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/8/2017 | Check | 495 | $ 65,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/16/2017 | Check | 501 | $ 30,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/21/2017 | Check | 502 | $ 35,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/26/2017 | Check | 507 | $ 27,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 8/31/2017 | 8/23/2017 | Check | 535 | $ 200,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 10/31/2017 | 10/12/2017 | Check | 581 | $ 62,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 10/31/2017 | 10/31/2017 | Check | 594 | $ 30,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 11/30/2017 | 11/2/2017 | Check | 595 | $ 90,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 11/30/2017 | 11/2/2017 | Check | 590 | $ 3,379.45 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 11/30/2017 | 11/22/2017 | Wire | | $ 325,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 11/30/2017 | 11/28/2017 | Check | 617 | $ 240,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 12/31/2017 | 12/1/2017 | Check | 620 | $ 50,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 12/31/2017 | 12/11/2017 | Check | 632 | $ 80,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 3/31/2018 | 3/28/2018 | Check | 768 | $ 12,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 3/31/2018 | 3/30/2018 | Check | 769 | $ 9,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 4/30/2018 | 4/3/2018 | Check | 770 | $ 9,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 4/30/2018 | 4/24/2018 | Check | 791 | $ 3,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 5/31/2018 | 5/3/2018 | Check | 793 | $ 200,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 7/31/2018 | 7/31/2018 | Check | 827 | $ 50,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 9/28/2018 | 9/28/2018 | Wire | | $ 127,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 2/28/2019 | 2/22/2019 | Check | 94 | $ 40,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 2/28/2019 | 2/26/2019 | Check | 100 | $ 39,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 2/28/2019 | 2/26/2019 | Check | 99 | $ 866.16 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 3/31/2019 | 3/1/2019 | Check | 112 | $ 25,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 3/31/2019 | 3/6/2019 | Check | 115 | $ 40,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 3/31/2019 | 3/8/2019 | Check | 114 | $ 4,945.47 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 4/30/2019 | 4/19/2019 | Check | 127 | $ 1,710.00 |
| **TOTAL** | | | | | | | **$ 1,844,852.05** |
| **Desert Medical Properties** | | | | | | | |
| Banc of California | Glenroy Coachella LLC | xx0923 | 1/31/2018 | 1/3/2018 | Wire | | $ 425,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 9/28/2018 | 9/28/2018 | Wire | | $ 200,000.00 |
| **TOTAL** | | | | | | | **$ 625,000.00** |
| **Joseph Rubin** | | | | | | | |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/5/2017 | Check | 489 | $ 2,297.23 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 7/31/2017 | 7/7/2017 | Check | 509 | $ 1,814.77 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 8/31/2017 | 8/8/2017 | Check | 524 | $ 402.42 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 9/30/2017 | 9/12/2017 | Check | 554 | $ 7,453.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 10/31/2017 | 10/10/2017 | Check | 578 | $ 2,884.45 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 10/31/2017 | 10/18/2017 | Check | 583 | $ 10,321.78 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 11/30/2017 | 11/14/2017 | Check | 599 | $ 43,550.94 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 12/31/2017 | 12/19/2017 | Check | 640 | $ 2,416.17 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 12/31/2017 | 12/19/2017 | Check | 639 | $ 24,900.10 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 1/31/2018 | 1/16/2018 | Check | 679 | $ 4,383.43 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 1/31/2018 | 1/16/2018 | Check | 680 | $ 20,533.31 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 2/28/2018 | 2/6/2018 | Check | 721 | $ 4,686.83 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 2/28/2018 | 2/20/2018 | Check | 729 | $ 40,673.35 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 3/31/2018 | 3/15/2018 | Check | 758 | $ 1,721.78 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 3/31/2018 | 3/26/2018 | Check | 766 | $ 1,045.64 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 3/31/2018 | 3/26/2018 | Check | 765 | $ 23,392.56 |

| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Type | Check Number | Disbursement |
|---|---|---|---|---|---|---|---|
| Banc of California | Glenroy Coachella LLC | xx0923 | 4/30/2018 | 4/16/2018 | Check | 781 | $ 5,128.54 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 4/30/2018 | 4/16/2018 | Check | 782 | $ 15,799.93 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 5/31/2018 | 5/16/2018 | Check | 799 | $ 2,209.44 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 5/31/2018 | 5/16/2018 | Check | 800 | $ 2,671.95 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2018 | 6/14/2018 | Check | 811 | $ 103.60 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2018 | 6/14/2018 | Check | 812 | $ 216.43 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 7/31/2018 | 7/18/2018 | Check | 821 | $ 656.05 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 8/31/2018 | 8/27/2018 | Check | 832 | $ 401.68 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 9/30/2018 | 9/17/2018 | Check | 836 | $ 159.96 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 10/31/2018 | 10/11/2018 | Check | 15 | $ 529.59 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 10/31/2018 | 10/11/2018 | Check | 16 | $ 4,771.17 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 11/30/2018 | 11/8/2018 | Check | 49 | $ 1,239.88 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 11/30/2018 | 11/13/2018 | Check | 53 | $ 17,449.65 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 12/31/2018 | 12/7/2018 | Check | 59 | $ 1,806.93 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 12/31/2018 | 12/18/2018 | Check | 68 | $ 1,804.84 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 2/28/2019 | 2/1/2019 | Check | 86 | $ 1,710.48 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 2/28/2019 | 2/1/2019 | Check | 85 | $ 2,040.78 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 2/28/2019 | 2/22/2019 | Check | 89 | $ 510.32 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 2/28/2019 | 2/22/2019 | Check | 97 | $ 730.60 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 2/28/2019 | 2/22/2019 | Check | 88 | $ 1,533.71 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 3/31/2019 | 3/11/2019 | Check | 118 | $ 38,634.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 4/30/2019 | 4/18/2019 | Check | 119 | $ 3,694.38 |
| **TOTAL** | | | | | | | **$ 296,281.67** |

**Dr. Elliot B Lander**

| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Type | Check Number | Disbursement |
|---|---|---|---|---|---|---|---|
| Banc of California | Glenroy Coachella LLC | xx0923 | 4/30/2018 | 4/17/2018 | Check | 772 | $ 120,000.00 |
| **TOTAL** | | | | | | | **$ 120,000.00** |

**The Stiffelman Family Trust**

| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Type | Check Number | Disbursement |
|---|---|---|---|---|---|---|---|
| Banc of California | Glenroy Coachella LLC | xx0923 | 2/28/2018 | 2/1/2018 | Check | 708 | $ 100,000.00 |
| **TOTAL** | | | | | | | **$ 100,000.00** |

**TRF GLENROY COACHELA TO STUART PER STUART RUBIN**

| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Type | Check Number | Disbursement |
|---|---|---|---|---|---|---|---|
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 6/30/2019 | 6/27/2019 | Wire | | $ 59,407.50 |
| **TOTAL** | | | | | | | **$ 59,407.50** |

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>RICHARD A. MARSHACK, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC, | **DEFENDANTS**<br>ASR DEVELOPMENT CO, a California corporation; DESERT MEDICAL PROPERTIES, INC., a California corporation; ABRAHAM STUART RUBIN, an individual; JOSEPH RUBIN, an individual; DR. ELLIOT B. LANDER, an individual; and GARY STIFFELMAN as trustee for the STIFFELMAN FAMILY TRUST, |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leonard M. Shulman – Bar No. 126349<br>Ryan D. O'Dea – Bar No. 273478<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee<br>☐ Creditor     ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee<br>☒ Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for: (1) Avoidance of Intentional Fraudulent Transfers and Recovery of Same [11 U.S.C. §§ 544, 550; CAL. CIV. CODE §§ 3439.04, 3439.07]; (2) Avoidance of Constructive Fraudulent Transfers and Recover of Same [11 U.S.C. §§ 544, 550;  CAL. CIV. CODE §§3439.04, 3439.05, 3439.07]; (3)  Preservation of Avoided Transfers  [11 U.S.C. § 551]; (4) Disallowance of Claims [11 U.S.C. § 502(d)]; and (5) Unjust Enrichment [11 U.S.C. § 105]

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>[1] 13-Recovery of money/property - §548 fraudulent transfer<br>[2] 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>[1] 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
|---|---|

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>GLENROY COACHELLA, LLC | BANKRUPTCY CASE NO.<br>2:21-bk-11188-BB | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>Los Angeles Division | NAME OF JUDGE<br>SHERI BLUEBOND | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Ryan D. O'Dea | | | |
| DATE<br>February 15, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ryan D. O'Dea | | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.