Leonard M. Shulman – Bar No. 126349
Ryan D. O'Dea – Bar No. 273478
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:    lshulman@shulmanbastian.com
         rodea@shulmanbastian.com

Attorneys for Richard A. Marshack,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**GLENROY COACHELLA, LLC,**<br><br>Debtor. | Case No.:  2:21:bk-11188-BB<br><br>Chapter 7<br><br>Adv. Case No.  2:23-ap-01080-BB |
| **RICHARD A. MARSHACK,** solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC,<br><br>Plaintiff,<br><br>v.<br><br>**ASR DEVELOPMENT CO**, a California corporation; **DESERT MEDICAL PROPERTIES, INC.**, a California corporation; **ABRAHAM STUART RUBIN**, an individual; **JOSEPH RUBIN**, an individual; **DR. ELLIOT B. LANDER**, an individual; and **GARY STIFFELMAN** as trustee for the **STIFFELMAN FAMILY TRUST.**<br><br>Defendants. | **OPPOSITION DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br>**Hearing Date**:<br>Date:  May 2, 2023<br>Time:  2:00 p.m.<br>Place:  Courtroom 1539<br>          United States Bankruptcy Court<br>          255 E. Temple Street<br>          Los Angeles, California |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES**:

Richard A. Marshack ("Plaintiff"), the duly appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate of Glenroy Coachella, LLC ("Debtor"), hereby submits this opposition ("Opposition") to defendant Elliot B. Lander's ("Defendant") Motion to Dismiss (the "Motion") Plaintiff's complaint for: (1) Avoidance of Intentional Fraudulent Transfers; (2) Avoidance of Constructively Fraudulent Transfers; (3) Preservation of Avoidance Transfers; (4) Disallowance of Claims; and (5) Unjust Enrichment (the "Complaint").  In support of the Opposition, Plaintiff respectfully represents as follows:

## I. SUMMARY OF ARGUMENT

By and through an overly narrow reading of applicable law, inappropriate reliance upon affirmative defenses and submission of material well outside the four-corners of the Complaint, the Motion seeks to dismiss numerous properly pled and viable claims for relief.  The Motion does nothing to tip the scales in favor of Defendant or otherwise negatively impact the proper and viable claims asserted in the Complaint.  Based thereon, and for the reasons detailed below, Plaintiff respectfully requests the Motion be denied in its entirety, or in the alternative, Plaintiff respectfully requests leave to amend should the Court grant the Motion.

## II. APPLICABLE STANDARD FOR A MOTION TO DISMISS

"Under Civil Rule 12(b)(6), made applicable in adversary proceedings through Rule 7012, a bankruptcy court may dismiss a complaint if it fails to 'state a claim upon which relief can be granted.'" *BMD Mgmt., LLC v. Dane (In re Dane)*, 2014 Bankr. LEXIS 2378, *18 (B.A.P. 9th Cir. May 30, 2014).  A Rule 12(b)(6) motion is similar to the common law general demurrer, i.e., it tests the legal sufficiency of the claim or claims stated in the complaint. See *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011); *SEC v. Cross Fin. Servs.*, 908 F. Supp. 718 (C.D. Cal. 1995); *Beliveau v. Caras*, 873 F. Supp. 1393, 1395 (C.D. Cal. 1995). "In reviewing a Civil Rule 12(b)(6) motion, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff." *In re Dane*, 2014 Bankr. LEXIS 2378, *18 citing *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008).  In order to survive

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Rule 12(b)(6), a complaint must allege sufficient facts, when taken as true, "to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In addition, to survive a Rule 12(b)(6) motion to dismiss, the facts alleged must state a "facially plausible" claim for relief. *Id.*

Finally, material properly submitted with the complaint (*i.e.*, exhibits under FRCP Rule 10(c)) may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1989). Documents attached to the complaint and incorporated therein by reference are treated as part of the complaint for purposes of a Rule 12(b)(6) motion. See e.g. *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). However, "[g]enerally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). While a plaintiff is not required to attach to the complaint the documents on which it is based, a defendant may attach to a Rule 12(b)(6) motion the documents **referred** to in the complaint to show that they do not support plaintiff's claim. See e.g. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)); See also *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281 (11th Cir. 1999).

### III.    ARGUMENT

**A.    The "Evidence" Submitted in Support of the Motion should be Disregarded**

In support of the Motion, Defendant submitted two declarations and six (6) exhibits. Despite submitting "evidence" in support of the Motion, Defendant professes that the Court may consider "matters of public record[,]" "documents on which the complaint relies…if the complaint refers to the document[,]" and "exhibits to the complaint without converting a motion to dismiss into a motion for summary judgment." Motion 5:1-9 (internal quotations omitted). The glaring problem with Defendant's argument is that the vast majority of the "evidence" submitted does not fall into any of the categories identified in the Motion. In particular, neither the declaration of Defendant nor of his counsel are a matter of public record, are referred to or relied upon in the

Complaint, or were attached to the Complaint. Therefore, the two declarations submitted in support of the Motion should be disregarded by this Court.

As it pertains to Exhibits A and D affixed to Defendant's declaration, neither exhibit is a matter of public record, is referred to or relied upon in the Complaint, or was attached to the Complaint. Therefore, Exhibits A and D affixed to Defendant's declaration should be disregarded by the Court.

Finally, as it pertains to Exhibits B and C affixed to Defendant's declaration, and Exhibits A and B affixed to the Declaration of Sean A. O'Keefe, none of these exhibits were: (a) referred to in the Complaint; or (b) attached to the Complaint. Further, while these documents are purportedly a matter of public record (though not properly authenticated or certified under the Federal Rules of Evidence), [j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Therefore, Exhibits B and C affixed to Defendant's declaration, and Exhibits A and B affixed to the Declaration of Sean A. O'Keefe, should be disregarded by the Court.

**B.  The First Claim for Relief is Sufficiently Pled**

Defendant presents three interrelated arguments asserting that the claim for avoidance of intentionally fraudulent transfers (the "First Claim for Relief") should be dismissed because: (1) it fails to comport with Fed. R. Civ. Proc. 9(b) ("Rule 9")[1]; (2) it fails to "specify why the particular transfer at issue" was fraudulent[2]; and (3) Defendant is not an insider under the Bankruptcy Code or applicable bankruptcy law.[3] Taken individually or together, none of Defendant's arguments support dismissal of the First Claim for Relief.

As an initial matter, it is beyond dispute that Rule 9(b) is relaxed or liberally construed in bankruptcy settings, particularly when claims are asserted by a chapter 7 trustee. As held by *Smith*

---

[1] Motion 5:11-14.
[2] Motion 6:13-17.
[3] Motion 7:4-6.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*v. Arthur Andersen L.L.P.*, 175 F. Supp. 2d 1180, 1201 (D. Ariz. 2001), aff'd, 421 F.3d 989 (9th Cir. 2005).

> The requirements of particularity under Rule 9(b) vary with each case. See *Shushany v. Allwaste*, 992 F.2d 517, 521 (5th Cir. 1993). A more liberal standard for pleading fraud with particularity is applied in bankruptcy cases. See *O.P.M. Leasing Services v. Weissman*, 35 B.R. 854, 862 (S.D.N.Y. 1983), rev'd in part on other grounds, *O.P.M. v. Weissman*, 48 B.R. 824, (S.D.N.Y. 1985). This less stringent standard is predicated upon the fact that it is often the trustee, a third party, who is pleading fraud based on second-hand information. See *id*.; see also *Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 379 (2nd Cir. 1974); *In re Germain*, 144 F. Supp. 678, 683 (S.D.Cal. 1956).
>
> Moreover, less particularity is required where plaintiff is not asserting that the fraud was against himself personally, but rather it was committed against a third party. See *O.P.M*, 35 B.R. at 862; see also *Allegaert v. Perot*, 78 F.R.D. 427, 430 (S.D.N.Y. 1978).
>
> Given the normal 9(b) requirements and applying the more liberal standard permitted in bankruptcy matters, it is apparent that the Trustee's Complaint satisfies Rule 9(b).

As in the case of *Smith v. Arthur*, Plaintiff is not asserting that the fraud was against himself personally, but rather, committed against Debtor. Therefore, Defendant's argument that the First Claim for Relief must be dismissed for its failure to comply with Rule 9 is procedurally without merit.

Turning next to Defendant's argument that the First Claim for Relief fails to specify why the subject transfer was fraudulent (coincidentally, a substantive application of Rule 9), Defendant's argument: (a) overlooks the manner in which an actual fraudulent transfer is alleged; (b) disregards how an actual fraudulent transfer is ultimately proven; and (c) seeks dismissal predicated upon a strawman argument. It must not be forgotten that the First Claim for Relief is based exclusively upon applicable California law – namely, Cal. Civ. Code §§ 3439.04 and 3439.07. As acknowledged by Defendant, Cal. Civ. Code § 3439.04 provides a non-exhaustive list of eleven (11) badges of fraud. Motion 6:17 through 7:3. Despite providing a full quote of all badges of fraud enumerated in this applicable statute, Defendant's analysis fails to take the next step of actually applying same to the allegations in the Complaint. When the allegations in the Complaint are viewed in a light most favorable to Plaintiff, as required by the procedural context of the Motion, it is apparent numerous badges of fraud have been adequately alleged. For example:

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

33. The Transfers were made with the intent to hinder, delay or defraud Debtor's creditors.

34. The Transfers were made for no consideration or for less than reasonably equivalent value.

35. Given Lander's purported status as an investor of Debtor and Lander's long-time friendship with Stuart Rubin, the Lander Transfer and the DMP Transfer was to or for the benefit of an insider of Debtor. *Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 34 F.3d 800, 806 (9th Cir. 1994); *Kaisha v. Dodson*, 423 B.R. 888, 901 (N.D. Cal. 2010).

…

39. Plaintiff is informed and believes, and based thereon alleges, that when the Transfers were made, Debtor was insolvent by millions of dollars due to debts and liabilities associated with the Hotel Parcels, and due to Debtor's transfer of the Dispensary Parcel for no consideration. As such, the Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of the Transfers.

40. The Transfers occurred shortly before or shortly after a substantial debt was incurred by Debtor in connection with the Hotel Parcels.

Applicable law is clear, "[t]here is no minimum number of factors that must be present before the scales tip in favor of finding of actual intent to defraud. This list of factors is meant to provide guidance to the trial court, not compel a finding one way or the other." *Filip v. Bucurenciu*, 129 Cal. App. 4th 825, 834 (2005). It is axiomatic that allegation of a single badge of fraud would be sufficient to survive a motion to dismiss, as proving a single badge of fraud could be the basis of a viable claim at trial.[4] Due to the fact that the Complaint properly alleges the existence of four (4) badges of fraud, the First Claim for Relief is sufficiently pled and the Motion must be denied accordingly.

Rather than analyze the totality[5] of the Complaint, Defendant myopically focuses on one alleged badge of fraud and runs with the resulting strawman argument to support his requested dismissal of the First Claim for Relief. Defendant devotes pages to the argument that he is not an "insider" under Section 101(31) of the Bankruptcy Code – however, this argument misses the mark

---

[4] See *e.g*. *Samson v. Danaher (In re Danaher)*, 2005 Bankr. LEXIS 3086, *11 ("Fraudulent intent may be established by circumstantial evidence, and only a single badge of fraud may stamp a transaction as fraudulent.").

[5] See *e.g*. *Hosszu v. Barrett*, 716 Fed. Appx. 622, 624 (9th Cir. 2017)("Read in their totality and in a light favorable to Hosszu…").

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

for numerous procedural and substantive reasons.  First, it is of no consequence if Defendant is correct – because the ultimate question to be adjudicated by the Court in connection with a 12(b)(6) motion is whether or not a claim for relief is adequately stated.  Given the allegation of three additional badges of fraud, Defendant's hypothetical success on the "insider" badge does not militate in favor of dismissal of the First Claim for Relief.

Second, the Motion asserts Defendant cannot be a "non-statutory insider[], because [he] never had any control over the Debtor." Motion 9:1-2.  The substantive premise of Defendant's argument overlooks the fact that "[i]n determining whether a creditor and debtor share a close relationship, the Court considers a variety of factors including the degree of control and access to the debtor's inside information. However, control and access are just two factors, and **neither control nor access is required in determining insider status**." *In re Rexford Props., LLC*, 557 B.R. 788, 797 (Bankr. C.D. Cal. 2016)(internal citations omitted, emphasis added).  Therefore, whether or not Defendant had control over Debtor is not dispositive on the issue of Defendant being a non-statutory insider.

Third, the issue of whether Defendant was a non-statutory insider of Debtor is a factual determination outside the scope of a Rule 12(b)(6) motion.[6]  When determining one's status as a non-statutory insider, "[a] court must conduct a **fact-intensive analysis** to determine if a creditor and debtor shared a close relationship and negotiated at less than arm's length." *U.S. Bank N.A. v. Vill. at Lakeridge, LLC (In re Vill. at Lakeridge, LLC)*, 814 F.3d 993 1001-1002 (9th Cir. 2016)(emphasis added).  "Ultimately, the Court looks to see if the purported insider has a professional, business, or personal relationship with the debtor 'where such relationship compels the conclusion that the individual or entity has a relationship with the debtor, close enough to gain an advantage attributable simply to affinity rather than to the course of business dealings between the parties.'" *In re Rexford Props*., LLC, 557 B.R. 788, 797 (Bankr. C.D. Cal. 2016) quoting *In re Enter. Acquisition Partners, Inc.*, 319 B.R. 626, 631 (B.A.P. 9th Cir. 2004)); *Friedman v. Sheila*

---

[6] See *e.g*. *Planned Parenthood Fedn. of Am., Inc. v. Ctr. for Med. Progress*, 735 Fed. Appx. 241, 248-249 (9th Cir. 2018)("…that factual determination is not appropriate on 12(b)(6) review and requires examining the terms of the lease); see also *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005)("Such a factual determination by the court is inappropriate in a Rule 12(b)(6) dismissal[.]"

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

*Plotsky Brokers, Inc. (In re Friedman)*, 126 B.R. 63, 70 (B.A.P. 9th Cir. 1991).  The Complaint is replete with allegations regarding Defendant's connections and relationship with Debtor, and its principals, sufficient to establish he is a non-statutory insider.  <u>See</u> <u>Complaint</u> ¶¶ 18, 19, 26, 28, and 35.

Fourth, the First Claim for Relief is rooted exclusively in California law.  However, Defendant provides no authority for the proposition that Section 101(31) of the Bankruptcy Code controls the determination of insider status under Cal. Civ. Code § 3439.04.  To this point, the pathway to Plaintiff's ability to bring a claim under California law begins with 11 U.S.C. § 544(b), which provides: a "trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable <u>under applicable law</u>…" (emphasis added).  While in theory, Section 101(31) may serve as persuasive guidance on this issue in the future, it alone does not shape the determination of insider status under Cal. Civ. Code § 3439.04.  Not surprisingly, the Judicial Council of California Civil Jury Instructions (CACI) Number 4201, titled "Factors to Consider in Determining Actual Intent to Hinder, Delay, or Defraud" makes no reference to the Bankruptcy Code or Section 101(31).  Rather, CACI No. 4201 provides the following template California jury instruction: "(a) Whether the [transfer/obligation] was to [a/an] [insert relevant description of insider, *e.g.*, 'relative,' '**business partner**,' etc.][.]" (emphasis added).  Based upon CACI No. 4201, it is clear that the concept of an "insider" under California law is broader than that of Section 101(31).  Therefore, taking the Complaint's insider allegations either as asserted facts supporting Defendant's characterization as a "non-statutory insider" under bankruptcy law, or as supporting Defendant's characterization as an "insider" under California law, the First Claim for Relief adequately asserts a viable claim for avoidance of intentionally fraudulent transfers.

**C.    <u>The Second Claim for Relief is Sufficiently Pled</u>**

Defendant improperly seeks dismissal of Plaintiff's claim for avoidance of constructively fraudulent transfers (the "<u>Second Claim for Relief</u>") through assertion of an affirmative defense purportedly supported by evidence outside the four-corners of the Complaint.  Specifically, the Motion asserts that Defendant provided reasonably equivalent value for the subject transfer

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

8

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

because it was in satisfaction of a loan he provided to Debtor. In support of this assertion, the Motion provides Defendant's declaration to this effect, as well as bank records purportedly establishing Defendant's position. As noted above, neither Defendant's declaration nor Exhibit A affixed thereto can be considered substantive grounds to dismiss the Complaint under Rule 12(b)(6). However, even if these two sources of "evidence" were considered by the Court, neither can serve as a procedural basis for dismissal of the Second Claim for Relief.

Whether Defendant provided reasonably equivalent value is an affirmative defense to the Second Claim for Relief. A motion to dismiss challenges a complaint's sufficiency, so it is generally inappropriate to raise an affirmative defense in a 12(b)(6) motion. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Therefore, to survive a motion to dismiss, plaintiffs do not need to plead "on the subject of affirmative defenses." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Rather, only when a complaint's allegations suffice to establish an affirmative defense can a defendant properly raise the defense in a 12(b)(6) motion. *Id.*; *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013). The Complaint properly and adequately alleges that the subject transfer to Defendant was not in exchange for reasonably equivalent value[7] – an allegation that must be taken as true for purposes of the Motion. Defendant's mere disagreement with the Complaint's allegations on this point cannot serve as a proper basis for dismissal under Rule 12(b)(6).

Taking the analysis one step further, even if it were proper to raise this affirmative defense through the Motion, resolution of whether reasonably equivalent value was exchanged is a factual determination that cannot be made at this juncture. "Reasonably equivalent value is a <u>question of fact</u> determined from the perspective of the creditors of the estate." *Pajaro Dunes Rental Agency, Inc. v. Spitters (In re Pajaro Dunes Rental Agency, Inc.)*, 174 B.R. 557, 578 (Bankr. N.D. Cal. 1994)(quotation marks omitted, emphasis added).

Therefore, the evidentiary, procedural and substantive infirmities of Defendant's argument necessitates denial of the Motion as it pertains to the Second Claim for Relief.

---

[7] See Complaint ¶ 34.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

### D. The Third and Fourth Claims for Relief Are Sufficiently Pled

Defendant's asserted basis for dismissal of the third claim for relief (preservation of avoided transfers) and the forth claim for relief (disallowance of claims) is derivative of his request to dismiss the First Claim for Relief and the Second Claim for Relief. Due to the lack of an independent basis for dismissal, coupled with sufficient allegations comprising the First Claim for Relief and the Second Claim for Relief, the Motion must be denied as it pertains to its request to dismiss the third and fourth claims for relief.

### E. The Fifth Claim for Relief is Hereby Withdrawn

The fifth claim for relief (unjust enrichment) (the "Fifth Claim for Relief") was inadvertently carried over from a separate adversary action, arising in Debtor's bankruptcy, concurrently filed with the Complaint. Plaintiff hereby withdraws the Fifth Claim for Relief.

### F. In the Alternative, Plaintiff Requests Leave to Amend if the Motion is Granted

If a complaint is dismissed, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend a complaint is liberally granted and is only denied "where the amendment would be futile ... or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 943 (9th Cir. 1991). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.' *Id*. As such, if the Court is inclined to grant the Motion, Plaintiff requests that he be given leave to file an amended complaint.

### IV. CONCLUSION

Based on the aforementioned, Plaintiff respectfully requests that the Motion be denied in its entirety. In the alternative, should the Court grant the Motion, in whole or in part, Plaintiff respectfully requests leave to amend.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

Dated: April 18, 2023    By: /s/ *Ryan D. O'Dea*
                             Leonard M. Shulman
                             Ryan D. O'Dea
                             Attorneys for Plaintiff, Richard A. Marshack,
                             Chapter 7 Trustee

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

10

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
100 Spectrum Center Drive, Suite 600, Irvine, CA 92618

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 18, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Richard A Marshack (TR)**   pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Ryan D O'Dea**   rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sean A OKeefe**   sokeefe@okeefelc.com, seanaokeefe@msn.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 18, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's Courtesy Copy
Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/18/2023 | Lori Gauthier | /s/ Lori Gauthier |
|---|---|---|
| Date | Printed Name | Signature |

**SERVED VIA FIRST CLASS MAIL:**

ASR Development Co
1801 South La Cienega Blvd. Ste. 301
Los Angeles, Ca 90035

Abraham Stuart Rubin
c/o Evan L. Smith, Esq.
Messina & Hankin LLP
24910 Las Brisas Road, Suite 102
Murrieta, CA 92562

Joseph Rubin
715 N. Alpine Dr.
Beverly Hills, CA 90210

Gary Stiffelman, as Trustee for the Stiffelman Family Trust
383 S. Beverly Glen Blvd.
Los Angeles, CA 90024

Gary Stiffelman, as Trustee for the Stiffelman Family Trust
**c/o** Damian D. Capozzola, Esq.
Timothy R. Laquer, Esq.
The Law Offices of Damian D. Capozzola
633 W. Fifth Street, 26th Floor
Los Angeles, CA 90071

Gary Stiffelman, as Trustee for the Stiffelman Family Trust
5011 Serena Cir
Tarzana, CA 91356-4627

Gary Stiffelman, as Trustee for the Stiffelman Family Trust
Stiffelman Family Trust
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121