SEAN A. O'KEEFE – State Bar No. 122417
**OKEEFE & ASSOCIATES
LAW CORPORATION, P.C.**
26 Executive Park, Suite 250
Irvine, CA 92614
Telephone: (949) 334-4135
Fax: (949) 209-2625
Email: sokeefe@okeefelawcorporation.com
Counsel to Elliot B. Lander, defendant

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| GLENROY COACHELLA, LLC<br><br>Debtor. | Case No. 2:21-bk-11188-BB<br><br>Adv. No. 2:23-ap-01080-BB<br><br>Chapter 7 |
| RICHARD A. MARSHACK, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ASR DEVELOPMENT CO, a California corporation; DESERT MEDICAL PROPERTIES, INC., a California corporation; ABRAHAM STUART RUBIN, an individual; JOSEPH RUBIN, an individual; DR. ELLIOT B. LANDER, an individual; and GARY STIFFELMAN as trustee for the STIFFELMAN FAMILY TRUST,<br><br>Defendants. | **DEFENDANT ELLIOT B. LANDER'S REPLY TO OPPOSITION TO MOTION TO DISMISS ALL CLAIMS IN COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>**DATE**: May 2, 2023<br>**TIME**: 10:00 a.m.<br>**PLACE**: Courtroom 1539 of the Edward R. Roybal Federal Building and Courthouse at 255 E. Temple Street, Los Angeles, California |

The defendant, Dr. Elliot B. Lander ("Dr. Lander" or "Defendant"), hereby submits the within *Reply* to the *Opposition* filed by Richard Marshack, as Chapter 7 trustee and plaintiff (the "Trustee"), to *Dr. Lander's Motion To Dismiss All Claims In Complaint Pursuant To Federal Rule Of Civil Procedure 12(b)(6)* (the "Motion").

I

**REPLY**

**A.    The First Claim For Relief Should Be Dismissed**.

The Trustee's Complaint seeks to avoid over one hundred transfers totaling over $7.0 million dollars. The Motion challenged the sufficiency of the Trustee's allegations with respect to just one transfer: A $120,000 payment to Dr. Lander, a non-insider, in repayment of a loan, in the exact same amount, made thirty-six days earlier. The motivation underlying the inclusion of this claim in the Complaint would seem akin to Gordon Gecko's response to the question *"Why do you want to wreck this company?* in the movie "Wall Street": *"Because it's wreckable"*.

Dr. Lander's reputation as an honest and honorable man should not be wrecked simply because it is wreckable. "Fraud is a serious charge".[1] In re Drs. Hosp. of Hyde Park, Inc., 308 B.R. 311, 322 (Bankr. N.D. Ill. 2004). For this reason, and for other sound policy reasons, Federal Rule of Civil Procedure 9(b) requires fraud based claims to be pleaded with "particularity". Id. The allegations supporting such a claim must make it clear "from the beginning that the plaintiff has specific details of what happened, when, where, and to whom." Id.

In this case, the Trustee's fraud related allegations in the Complaint are the following:

33. The Transfers were made with the intent to hinder, delay or defraud Debtor's creditors.

34. The Transfers were made for no consideration or for less than reasonably equivalent value.

35. Given Lander's purported status as an investor of Debtor and Lander's long-time friendship with Stuart Rubin, the Lander Transfer … was to or for the benefit of an insider of Debtor.

---

[1] Counsel recognizes the scienter element is that of the transferor not the transferee. However, community perceptions are often less precise when allegations of this nature are made.

2

(Complaint). Query, what facts led the Trustee to believe the transfer to Dr. Lander was made with "the intent to hinder, delay or defraud Debtor's creditors." *Not a single fact is cited in support of this scienter*. This is not sufficient. Facts supporting an inference of the requisite "hinder, delay or defraud" scienter must be pleaded. See Cooper v. Pickett, 137 F.3d 616, 628 (9th Cir. 1997) ("[N]othing in the Federal Rules of Civil Procedure relieves a plaintiff of the obligation to 'set forth facts from which an inference of scienter could be drawn.'"); In re SCI Real Est. Invs., LLC, No. 2:11-BK-15975-PC, 2013 WL 1829648, at *5 (Bankr. C.D. Cal. May 1, 2013)("In paragraph 63 of the Complaint, Hoffman alleges three "badges of fraud" from which the court is asked to divine the requisite actual intent.[8] However, the allegations in Hoffman's Complaint "set forth [few] facts from which an inference of scienter [can] be drawn." *See Cooper,* 137 F.3d at 628. Each of the allegations in paragraph 63 is a legal conclusion "which may not [be] substitute[d] for well-pleaded facts allowing the Court to reasonably infer that those conclusions are true." *Allstate Ins. Co. v. Countrywide Fin. Corp.,* 842 F.Supp.2d 1216, 1226 (C.D.Cal.2012). Absent the following facts, Hoffman's Complaint fails to state a plausible claim to recover an actual fraudulent transfer under § 544(b) and Cal. Civ.Code § 3439.04(a)(1)…"); Hyperion Fund, L.P. v. Samarium Tech. Grp., Ltd., No. 207CV07505FMCRCX, 2009 WL 10699441, at *4 (C.D. Cal. Jan. 29, 2009) (Requiring facts showing inference of scienter for avoidance action).

Moreover, where a plaintiff pleads allegations of fraud against more than one defendant, as in this case, Rule 9(b) "requires that a plaintiff plead with sufficient particularity attribution of the alleged misrepresentations or omissions to each defendant." In re Silicon Graphics, Inc. Sec. Litig., 970 F.Supp. 746, 752 (N.D.Cal.1997) ; see also In re SCI Real Est. Invs., LLC, No. 2:11-BK-15975-PC, 2013 WL 1829648, at *3 (Bankr. C.D. Cal. May 1, 2013). The Trustee did not plead any allegations specific to the transfer to Dr. Lander other than its date and amount. No independent facts were pleaded that provide any basis whatsoever for an inference that this transfer was made to hinder, delay, or defraud the creditors of the Debtor.

.

3

1  The allegation that the "Transfers", collectively—over one hundred—were made for "no consideration **or** for less than reasonably equivalent value" (emphasis added) is opacity not particularity. There is chasm of difference between a transfer for "no consideration", to wit, a gift, and a transfer for "less than reasonably equivalent value." Was the consideration exchanged zero, or was it one penny less than the amount of the transfer? This allegation is akin to saying "it is either night or day" in response to a request for the time.

Moreover, here again this opaque allegation applies to all one hundred plus transfers. Some measure of specificity should be provided as to Dr. Lander's individual transfer. This is not a difficult burden in this case. The Trustee knows the facts—Dr. Lander loaned $120,000 to the Debtor and this exact sum was returned via the transfer approximately thirty days later. The Trustee chose opacity over particularity to avoid exactly this motion. Rule 9(b) does not afford him this latitude.

The Trustee's contention that he is afforded a measure of leeway under Rule 9(b) may be true, but this does not grant him the right to omit what is required entirely. Moreover, the case he cites for this proposition, Smith ex rel. Ests. of Bos. Chicken, Inc. v. Arthur Andersen L.L.P., 175 F. Supp. 2d 1180, 1201 (D. Ariz. 2001), is factually very different. As the opinion in the Boston Chicken case makes crystal clear, the allegations in the complaint at issue described the debtor's financial fraud in excruciating detail. This factual foundation made the pro forma recitation of the avoidance elements sufficient. That is not the case here.

Here, the Trustee simply states the transfer to Dr. Lander, along with over a hundred others, was made with a particular intent. No facts are provided as to how or why this is true, or why this scienter should be inferred. No facts are provided describing what was exchanged for *any* of the transfers. The Complaint merely states that it was something between zero and a number that would fail to satisfy the reasonably equivalency bar. This is not sufficient.

As the Court stated in In re Glob. Link Telecom Corp., 327 B.R. 711, 718 (Bankr. D. Del. 2005)

> However, even under the more liberal pleading requirements applicable in this case, the Amended Complaint still fails to meet its burden. …The appropriate pleading standard was stated in *Zimmerman:* "[t]he rules do require ... that the complaint set forth the facts with sufficient particularity to apprise the defendant fairly of the

4

charges made against him ... so that the defendant can prepare an adequate answer to the allegations." *Zimmerman,* 32 B.R. at 203 (citations omitted). "Fair notice requires something more than a quotation from the statute ...." *Id.* at 204 (citations omitted). Although the Trust pled facts to support its contentions in part, it must do so in whole. Dismissal for failure to plead with the requisite specificity is mandated. Id. The Trustee has not met this standard as to the First Claim for Relief.

### B. The Second Claim For Relief Should Be Dismissed.

In the case of the challenge to the Trustee's constructively fraudulent avoidance claim, the Trustee's stratagem is to persuade the Court to ignore the facts due to the nature of the motion. The only document outside the Complaint introduced by Dr. Lander that was not already in the Court record was a single bank statement showing a $120,000 wire transfer from Dr. Lander to Glenroy Coachella on March 12, 2018—a payment equal to the $120,000 "transfer" made to Dr. Lander on April 17, 2018. The only other evidence was Dr. Lander's testimony explaining this $120,000 in-and-out was a short term loan, a fact that is obvious from the timing and exact equivalency of the exchange. This evidence was provided to the Trustee long before he filed the Complaint.

Contrary to the Trustee's contention, a measure of latitude is designed into Federal Rule of Civil Procedure 12(b)(6) as to what the evidence the Court can consider, by, inter alia, subsection (d) of the rule. Moreover, it is difficult to see why the Trustee, a fiduciary for the benefit of creditors, would insist upon compelling the estate to waste money seeking to recover a $120,000 transfer that was clearly made in repayment of a loan in the exact same amount, thirty days after the loan was made.

DATED: April 25, 2023

          OKEEFE & ASSOCIATES
          LAW CORPORATION, P.C.

             /s/ Sean A. O'Keefe
          By: _____
             Sean A. O'Keefe, counsel
             to Dr. Elliot B. Lander, defendant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 26 Executive Park, Suite 250, Irvine, CA 92614.

A true and correct copy of the foregoing document entitled: **DEFENDANT ELLIOT B. LANDER'S REPLY TO OPPOSITION TO MOTION TO DISMISS ALL CLAIMS IN COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 25, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On April 25, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/25/2023 | Sean A. O'Keefe | /s/ Sean A. O'Keefe |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

6

## NEF LIST

- **Richard A Marshack (TR)**   pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Ryan D O'Dea**   rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sean A OKeefe**   sokeefe@okeefelc.com, seanaokeefe@msn.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

7