The Law Offices of Damian D. Capozzola
Damian D. Capozzola (SBN 186412)
Timothy R. Laquer (SBN 306917)
633 W. Fifth Street, 26th Floor
Los Angeles, California 90071
Phone: (213) 533-4112
Facsimile: (213) 223-2014
ddc@ddclaw.com
trl@ddclaw.com

Attorneys for Gary Stiffelman, as Trustee for the Stiffelman Family Trust

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re: Glenroy Coachella, LLC<br><br>Debtor.<br><br>_____<br><br>RICHARD A. MARSHACK, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ASR DEVELOPMENT CO, a California corporation;<br>DESERT MEDICAL PROPERTIES, INC., a California corporation;<br>ABRAHAM STUART RUBIN, an individual;<br>JOSEPH RUBIN, an individual<br>DR. ELLIOT B. LANDER, an individual; and<br>GARY STIFFELMAN, as trustee for the STIFFELMAN FAMILY TRUST,<br><br>Defendants. | Case No.: 2:21-bk-11188-BB<br>Chapter: 7<br><br>Adv. Case No.: 2:23-ap-01080-BB<br><br>Hon. Sheri Bluebond<br><br>**DEFENDANT GARY STIFFELMAN AS TRUSTEE OF THE STIFFELMAN FAMILY TRUST'S ANSWER TO COMPLAINT** |

1

# ANSWER

Defendant Gary Stiffelman as Trustee for the Stiffelman Family Trust ("Defendant" or "Stiffelman") hereby submits this Answer to the Complaint filed by Richard A. Marshack, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC ("Plaintiff" or "Trustee").

1. Defendant admits the allegations in paragraph 1 of the Complaint.
2. Defendant admits the allegations in paragraph 2 of the Complaint.
3. Defendant admits the allegations in paragraph 3 of the Complaint.
4. Defendant admits the allegations in paragraph 4 of the Complaint.
5. Defendant admits the allegations in paragraph 5 of the Complaint.
6. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint. Insofar as the allegations are directed at Defendant, Defendant denies the allegations of paragraph 6.
7. Defendant admits the allegations in paragraph 7 of the Complaint.
8. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.
9. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.
10. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.
11. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.
12. Defendant admits the allegations in paragraph 12 of the Complaint.
13. Defendant admits the allegations in paragraph 13 of the Complaint.
14. Defendant denies the allegations in paragraph 14 of the Complaint.
15. Defendant admits the allegations in paragraph 15 of the Complaint but Defendant denies that Defendant engaged in any violations of law or that Defendant is liable under any of the statutes or provisions of law identified in the Complaint.

16. Defendant admits the allegations in paragraph 16 of the Complaint but Defendant denies that Defendant engaged in any violations of law or that Defendant is liable under any of the statutes or provisions of law identified in the Complaint.

17. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding other Defendants in paragraph 18 of the Complaint.

19. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding other Defendants in paragraph 19 of the Complaint.

20. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding other Defendants in paragraph 20 of the Complaint.

21. Defendant admits the allegations in paragraph 21 of the Complaint but Defendant denies that Defendant engaged in any violations of law or that Defendant is liable under any of the statutes or provisions of law identified in the Complaint.

22. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding other Defendants in paragraph 22 of the Complaint.

23. Defendant admits the allegations in paragraph 23 of the Complaint.

24. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Defendant incorporates by reference its responses to paragraphs 1 through 29 as though set forth in full.

31. Defendant denies the allegations in paragraph 31 directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding other Defendants in paragraph 31 of the Complaint.

32. Defendant admits that the Stiffelman Transfer was made on or within four (4) years of Petition Date and admits that the Stiffelman Transfer was made within seven (7) years prior to Petition Date. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding other Defendants in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding other Defendants in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding other Defendants in paragraph 34 of the Complaint.

35. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding other Defendants in paragraph 35 of the Complaint.

36. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding other Defendants in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding other Defendants in paragraph 37 of the Complaint.

38. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding other Defendants in paragraph 38 of the Complaint.

39. Defendant lacks information sufficient to form a belief as to the truth of the allegations regarding Debtor's solvency in paragraph 39 but Defendant denies that Defendant engaged in any

violations of law or that Defendant is liable under any of the statutes or provisions of law identified in the Complaint.

40. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint but Defendant denies that Defendant engaged in any violations of law or that Defendant is liable under any of the statutes or provisions of law identified in the Complaint.

42. Defendant incorporates by reference its responses to paragraphs 1 through 41 as though set forth in full.

43. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44. Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of the Complaint.

47. Defendant incorporates by reference its responses to paragraphs 1 through 46 as though set forth in full.

48. Defendant denies the allegations in paragraph 48 of the Complaint directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Complaint.

50. Defendant incorporates by reference its responses to paragraphs 1 through 49 as though set forth in full.

51. Defendant denies the allegations in paragraph 51 of the Complaint directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of the Complaint.

55. Defendant incorporates by reference its responses to paragraphs 1 through 54 as though set forth in full.

56. Defendant denies the allegations in paragraph 56 of the Complaint directed at Defendant. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 of the Complaint.

**PRAYER FOR RELIEF**

Defendant prays that this Court deny Plaintiff any relief on the claims alleged against Defendant in the Complaint, and further prays that the Court award Defendant all fees and costs incurred in Defendant's defense of this matter to the extent that such relief may be granted.

//

//

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant hereby alleges the following affirmative defenses to Plaintiff's Complaint:

1. The claims alleged in the Complaint fail to state a claim upon which relief can be granted.

2. The claims alleged in the Complaint are barred by the doctrine of laches.

3. The claims alleged in the Complaint are barred by the doctrine of unclean hands.

4. The claims alleged in the Complaint are barred by the doctrine of estoppel.

5. The claims alleged in the Complaint are barred based upon the fact that reasonably equivalent consideration was exchanged for the transfer made to Defendant.

6. The claims alleged in the Complaint were waived and released.

Dated: June 16, 2023

Damian D. Capozzola
Timothy R. Laquer

THE LAW OFFICES OF
DAMIAN D. CAPOZZOLA

Attorneys for Gary Stiffelman, as Trustee for the Stiffelman Family Trust

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

633 W. Fifth Street, 26th Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):

DEFENDANT GARY STIFFELMAN AS TRUSTEE OF THE STIFFELMAN FAMILY TRUST'S ANSWER TO COMPLAINT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 16, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On June 16, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 16, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond
United States Bankruptcy Court, Central District of California, Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 16, 2023 | Timothy R. Laquer | /s/ Timothy R. Laquer |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                            F 9013-3.1.PROOF.SERVICE

## NOTICE OF ELECTRONIC FILING (NEF) LIST:

• Richard A Marshack (TR)
pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com

• Ryan D O'Dea on behalf of Plaintiff Richard A. Marshack, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC
 rodea@shulmanbastian.com, lgauthier@shulmanbastian.com

• Ryan D O'Dea on behalf of Trustee Richard A. Marshack (TR)
 rodea@shulmanbastian.com, lgauthier@shulmanbastian.com

• Sean A OKeefe on behalf of Defendant Desert Medical Properties, Inc., a California corporation
sokeefe@okeefelc.com, seanaokeefe@msn.com

• Sean A OKeefe on behalf of Defendant Elliot B Lander
sokeefe@okeefelc.com, seanaokeefe@msn.com

• United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**