GREGORY M. SALVATO (SBN 126285)
   Gsalvato@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
   Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071-9500
Telephone: (213) 423-0931

Attorneys for Defendant
JOSEPH RUBIN

[Caption continued on next page]

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>GLENROY COACHELLA, LLC,<br>           Debtor. | Case No. 2:21-bk-11188-BB<br>Chapter 7 |
| RICHARD A. MARSHACK, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC,<br>           Plaintiff,<br>  v.<br>ASR DEVELOPMENT CO., a California corporation;<br>DESERT MEDICAL PROPERTIES, INC., a California corporation;<br>ABRAHAM STUART RUBIN, an individual;<br>JOSEPH RUBIN, an individual;<br>DR. ELLIOT B. LANDER, an individual; and<br>GARY STIFFELMAN as trustee for the STIFFELMAN FAMILY TRUST,<br>           Defendants. | Adv. Proc. No. 2:23-ap-01080-BB<br>**Defendant Joseph Rubin's Answer to the Chapter 7 Trustee's Complaint to Avoid Fraudulent Transfers and Related Relief**<br>**Demand for Jury Trial**<br><br>Continued Status Conference:<br>Date:      November 14, 2023<br>Time:     2: 00 p.m.<br>Place:    Courtroom 1539<br>             255 East Temple Street<br>             Los Angeles, CA 90012 |

Defendant Joseph Rubin's Answer to
Plaintiff 's Complaint      -1-      *Richard A. Marshack v. ASR Develop., etc., et al.*
Adv. Proc. No. 2:23-ap-01080-BB

Salvato Boufadel LLP

Continuation of Caption:

DENIS SHMIDT (Bar No. 267987)
   Dshmidt@orsusgate.com
NABIL BISHARAT (Bar No. 270305)
   Nbisharat@orsusgate.com
JONATHAN S.M. FRANCIS (Bar No. 307722)
   Jfrancis@orsusgate.com
ORSUS GATE LLP
16 N. Marengo Ave., Suite 505
Pasadena, California 91101
Telephone: (415) 326-3558

Attorneys for Defendant
JOSEPH RUBIN

Salvato Boufadel LLP

Defendant Joseph Rubin ("**Defendant**"), for himself alone, in his Answer to the Adversary Complaint filed on February 15, 2023 (Adv. Docket No. 1) by Plaintiff Richard A. Marshack, solely in his capacity as the duly appointed and acting Chapter 7 trustee for the bankruptcy estate of Glenroy Coachella, LLC (the "**Plaintiff**"), admits, denies, and alleges as follows, and to the extent any of the headings set forth in the Complaint state an allegation of fact, Defendant denies the same:

## ANSWER TO STATEMENT OF JURISDICTION AND VENUE

1. In response to Paragraph 1 of the Complaint, Defendant admits the allegation contained therein.

2. In response to Paragraph 2 of the Complaint, Defendant admits that Bankruptcy Code § 544 authorizes the Plaintiff to bring this action.

3. In response to Paragraph 3 of the Complaint, Defendant admits that this Court has jurisdiction in that this action relates to the Debtor's pending bankruptcy case. However, Defendant does not consent to the Bankruptcy Court's entry of a final judgment and/or order in this adversary proceeding and does not consent to the issues being tried by a Bankruptcy Judge.

4. In response to Paragraph 4 of the Complaint, the Paragraph does not appear to contain allegations that require a response. To the extent any response is required, Defendant denies the allegations contained therein. Also, Defendant does not consent to the Bankruptcy Court's entry of a final judgment and/or order in this adversary proceeding and does not consent to the issues being tried by a Bankruptcy Judge.

5. In response to Paragraph 5 of the Complaint, Defendant admits that venue is proper in United Stated District Court for the Central District of California.

6. In response to Paragraph 6 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

## ANSWER TO PARTIES

7. In response to Paragraph 7 of the Complaint, Defendant admits the allegation contained therein.

8. In response to Paragraph 8 of the Complaint, the Paragraph does not appear to contain allegations that require a response from the Defendant or that relate to the allegations against the Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

9. In response to Paragraph 9 of the Complaint, Defendant denies the allegations contained therein.

10. In response to Paragraph 10 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

11. In response to Paragraph 11 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

12. In response to Paragraph 12 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

## ANSWER TO GENERAL ALLEGATIONS

13. In response to Paragraph 13 of the Complaint, Defendant admits the allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

15. In response to Paragraph 15 of the Complaint, the Paragraph does not appear to contain allegations that require a response from the Defendant or that relate to the allegations against the Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

16. In response to Paragraph 16 of the Complaint, the Paragraph does not appear to contain allegations that require a response from the Defendant or that relate to the allegations against the Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

17. In response to Paragraph 17 of the Complaint, the Paragraph does not appear to contain allegations that require a response from the Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

18. In response to Paragraph 18 of the Complaint, the Paragraph does not appear to contain allegations that require a response from the Defendant or that relate to the allegations against the Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

19. In response to Paragraph 19 of the Complaint, the Paragraph does not appear to contain allegations that require a response from the Defendant or that relate to the allegations against the Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

20. In response to Paragraph 20 of the Complaint, the Paragraph does not appear to contain allegations that require a response from the Defendant or that relate to the allegations against the Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

21. In response to Paragraph 21 of the Complaint, the Paragraph does not appear to contain allegations that require a response from the Defendant or that relate to the allegations against the Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

22. In response to Paragraph 22 of the Complaint, the Paragraph does not appear to contain allegations that require a response from the Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

23. In response to Paragraph 23 of the Complaint, Defendant admits the allegation contained therein.

Salvato Boufadel LLP

Defendant Joseph Rubin's Answer to Plaintiff 's Complaint    -5-    Richard A. Marshack v. ASR Develop., etc., et al.
Adv. Proc. No. 2:23-ap-01080-BB

24. In response to Paragraph 24 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

25. In response to Paragraph 25 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

26. In response to Paragraph 26 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

27. In response to Paragraph 27 of the Complaint, Defendant denies the allegations contained therein.

28. In response to Paragraph 28 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

29. In response to Paragraph 29 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

## ANSWER TO FIRST CLAIM FOR RELIEF

**(Answer to Avoidance and Recovery of Intentional Fraudulent Transfers)**

**[11 U.S.C. §§ 544, 550; Cal. Civ. Code § 3439.04, 3439.07]**

30. In response to Paragraph 30 of the Complaint, Defendant incorporates by reference his response to Paragraphs 1 through 29, inclusive, of this Answer as if fully set forth herein.

31. In response to Paragraph 31 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

32. In response to Paragraph 32 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies

Salvato Boufadel LLP

the same.

33. In response to Paragraph 33 of the Complaint, Defendant denies the allegations contained therein.

34. In response to Paragraph 34 of the Complaint, Defendant denies the allegations contained therein.

35. In response to Paragraph 35 of the Complaint, the Paragraph does not appear to contain allegations that require a response from the Defendant or that relate to the allegations against the Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

36. In response to Paragraph 36 of the Complaint, the Paragraph does not appear to contain allegations that require a response from the Defendant or that relate to the allegations against the Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

37. In response to Paragraph 37 of the Complaint, the Paragraph does not appear to contain allegations that require a response from the Defendant or that relate to the allegations against the Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

38. In response to Paragraph 38 of the Complaint, Defendant denies the allegations contained therein.

39. In response to Paragraph 39 of the Complaint, Defendant denies the allegations contained therein.

40. In response to Paragraph 40 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, as most of the "Transfers" do not require a response from the Defendant or relate to the allegations against the Defendant, and therefore denies the allegations contained in the Paragraph.

41. In response to Paragraph 41 of the Complaint, Defendant denies the allegations contained therein.

Salvato Boufadel LLP

Defendant Joseph Rubin's Answer to Plaintiff 's Complaint    -7-    Richard A. Marshack v. ASR Develop., etc., et al.    Adv. Proc. No. 2:23-ap-01080-BB

## ANSWER TO SECOND CLAIM FOR RELIEF

**(Answer to Avoidance and Recovery of Constructive Fraudulent Transfers)**

**[11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.08, 3439.09]**

42. In response to Paragraph 42 of the Complaint, Defendant incorporates by reference his response to Paragraphs 1 through 41, inclusive, of this Answer as if fully set forth herein.

43. In response to Paragraph 43 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

44. In response to Paragraph 44 of the Complaint, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

45. In response to Paragraph 45 of the Complaint, Defendant denies the allegations contained therein.

46. In response to Paragraph 46 of the Complaint, Defendant denies the allegations contained therein.

## ANSWER TO THIRD CLAIM FOR RELIEF

**(Answer to Preservation of Avoided Transfers)**

**[11 U.S.C. § 551]**

47. In response to Paragraph 47 of the Complaint, Defendant incorporates by reference his response to Paragraphs 1 through 46, inclusive, of this Answer as if fully set forth herein.

48. In response to Paragraph 48 of the Complaint, Defendant denies that he received avoidable transfers of the Debtor's property. As to the balance of the allegations, Defendant is without personal knowledge sufficient to form a response as to their truth or falsity, and therefore denies the same.

49. In response to Paragraph 49 of the Complaint, the Paragraph does not appear to contain allegations that require a response. To the extent any response is

Salvato Boufadel LLP

Defendant Joseph Rubin's Answer to Plaintiff 's Complaint — -8- — *Richard A. Marshack v. ASR Develop., etc., et al.* Adv. Proc. No. 2:23-ap-01080-BB

required, Defendant denies the allegations contained therein.

## ANSWER TO FOURTH CLAIM FOR RELIEF

### (Answer to Disallowance of Claims by Defendants Lander, Stiffelman and Stuart Rubin)

**[11 U.S.C. § 502(d)]**

50. In response to Paragraph 50 of the Complaint, Defendant incorporates by reference his response to Paragraphs 1 through 49, inclusive, of this Answer as if fully set forth herein.

51. In response to Paragraph 51 of the Complaint, the Fourth Claim for Relief does not seek relief against the Defendant. As a result, no answer is required from the Defendant. To the extent an answer is required, Defendant denies the allegations contained therein.

52. In response to Paragraph 52 of the Complaint, the Fourth Claim for Relief does not seek relief against the Defendant. As a result, no answer is required from the Defendant. To the extent an answer is required, Defendant denies the allegations contained therein.

53. In response to Paragraph 53 of the Complaint, the Fourth Claim for Relief does not seek relief against the Defendant. As a result, no answer is required from the Defendant. To the extent an answer is required, Defendant denies the allegations contained therein.

54. In response to Paragraph 54 of the Complaint, the Fourth Claim for Relief does not seek relief against the Defendant. As a result, no answer is required from the Defendant. To the extent an answer is required, Defendant denies the allegations contained therein.

## ANSWER TO FIFTH CLAIM FOR RELIEF

### (Answer to Unjust Enrichment)

**[11 U.S.C. § 105]**

55. In response to Paragraph 55 of the Complaint, Defendant incorporates by

Salvato Boufadel LLP

Defendant Joseph Rubin's Answer to Plaintiff's Complaint — -9- — *Richard A. Marshack v. ASR Develop., etc., et al.* Adv. Proc. No. 2:23-ap-01080-BB

reference his response to Paragraphs 1 through 54, inclusive, of this Answer as if fully set forth herein.

56. In response to Paragraph 56 of the Complaint, the Trustee has represented that this Fifth Claim for Relief for Unjust Enrichment was inadvertently included in his Complaint. Defendant is informed and believes that the Fifth Claim for Relief for Unjust Enrichment has been withdrawn or dismissed as to all Defendants. (Adv. Docket No. 11 at 10:8-11; *see also* Adv. Docket. No. 17 at 2:9-10.) As a result, no answer is required from the Defendant. To the extent an answer is required, Defendant denies the allegations contained therein.

## ANSWER TO REQUEST FOR RELIEF

WHEREFORE, in answer to the Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested or to any relief based on the Complaint, including Prayers for Relief 1 through 6 set forth therein, and further requests that Defendant be awarded his costs and attorney's fees in defense of this suit, as provided by applicable case law, statute and/or agreement of the parties.

## AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT

Defendant alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Defendant specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim, FRBP 7012, FRCP Rule 12(b)(6))

1. Defendant alleges that the Plaintiff is barred from any recovery against the Defendant on the grounds that the Complaint fails to state claims against the Defendant for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), applicable to this proceeding under Federal Rule of Bankruptcy Procedure 7012.

Salvato Boufadel LLP

Defendant Joseph Rubin's Answer to Plaintiff 's Complaint    -10-    *Richard A. Marshack v. ASR Develop., etc., et al.*
Adv. Proc. No. 2:23-ap-01080-BB

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including but not limited to those found in Bankruptcy Code sections 546, 548, and 550 and California Civil Code section 3439.09.

## THIRD AFFIRMATIVE DEFENSE

### (Reasonably Equivalent Value)

3. Plaintiff is barred from relief because, and to the extent that, all transfers and obligations referenced in the Complaint were given in exchange for reasonably equivalent value, and the Plaintiff cannot meet its burden of proof that there was no reasonably equivalent value given in exchange for such transfers or obligations.

## FOURTH AFFIRMATIVE DEFENSE

### (For Value and in Good Faith)

4. Plaintiff is barred from relief for the transfers or obligations alleged to have been made or received by Defendant because any such transfers or obligations were taken for value and in good faith, and without knowledge of their voidability, and Defendant is also entitled to a lien or may retain any interest transferred.

## FIFTH AFFIRMATIVE DEFENSE

### (Indirect Benefit to Debtor)

5. Plaintiff is barred from recovery against Defendant for the transfers alleged in the Complaint because any such transfers were given in exchange for reasonably equivalent value that came from parties other than the Defendant, which provided indirect and direct benefits to the debtor.

## SIXTH AFFIRMATIVE DEFENSE

### (No Insolvency)

6. Plaintiff is barred from relief because, at all relevant times of the transfers and obligations alleged in the Complaint, debtor was not insolvent, and Plaintiff cannot meet its burden of proof with respect to the debtor's insolvency at the time of such

1 | transfers.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7. Defendant alleges that the Plaintiff is barred from any recovery or relief against the Defendant because of Plaintiff's unclean hands, which relates directly to the transactions that are the subject of Plaintiff's claims.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8. Plaintiff is barred from relief under the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

9. Defendant alleges that Plaintiff is barred from relief under the doctrine of equitable estoppel because and to the extent of Plaintiff's inequitable conduct to the detriment of the Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (No Damages)

10. Plaintiff is barred from relief because it does not have a valid claim against the bankruptcy estate, and it cannot establish damages sustained by the actions of the Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (11 U.S.C. § 502(h))

11. To the extent applicable, Defendant is entitled to a claim against the debtor and its estate, to the extent he is required to return an avoidable transfer(s) or his claims is disallowed, in the amount of said transfer(s) and/or the consideration provided.

## TWELFTH AFFIRMATIVE DEFENSE

### (Setoff/Offset/Recoupment)

12. Plaintiff's claims are subject to Defendant's right of setoff, recoupment, and/or rights under other similar doctrines. Defendant asserts as an offset against any

Salvato Boufadel LLP

Defendant Joseph Rubin's Answer to Plaintiff's Complaint    -12-    *Richard A. Marshack v. ASR Develop., etc., et al.*
Adv. Proc. No. 2:23-ap-01080-BB

amounts allegedly due to Plaintiff and from the claims Defendant holds against Plaintiff arising from its wrongful acts and liability. Defendant further alleges that he is exonerated from the indebtedness or obligations alleged in the Complaint, as the Defendant is entitled to a setoff in the amount of all consideration, value, or payments received by or transferred to or for the benefit of Plaintiff, and all claims that Defendant may have or assert against Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Other Defenses)

13. To the extent applicable, Defendant incorporates those defenses asserted by the other named defendants in their filed answers in this proceeding as though set forth in full herein.

**WHEREFORE**, Defendant requests that the Court grant judgment:

1. Dismissing the Complaint and denying all relief in favor of Plaintiff, and granting judgment on the Complaint in favor of Defendant;

2. Awarding Defendant his costs of suit and attorney's fees in favor of Defendant, including fees and costs awardable by contract, statute, or the Federal Rules of Bankruptcy Procedure or otherwise; and

3. Granting Defendant such other and further relief as may be permitted by law and warranted by the facts of this case.

Dated: September 11, 2023        SALVATO BOUFADEL LLP

                                 -and-

                                 ORSUS GATE LLP

                                      */s/ Joseph Boufadel*
                                 By: _____
                                      Joseph Boufadel
                                      Denis Shmidt

                                 Attorneys for Defendant
                                 JOSEPH RUBIN

Salvato Boufadel LLP

Defendant Joseph Rubin's Answer to Plaintiff 's Complaint    -13-    *Richard A. Marshack v. ASR Develop., etc., et al.*
Adv. Proc. No. 2:23-ap-01080-BB

# **JURY DEMAND**

Defendant hereby demands a jury on all issues and claims for relief.

Dated: September 11, 2023         SALVATO BOUFADEL LLP

-and-

ORSUS GATE LLP

*/s/ Joseph Boufadel*
By: _____
Joseph Boufadel
Denis Shmidt

Attorneys for Defendant
JOSEPH RUBIN

Salvato Boufadel LLP

Defendant Joseph Rubin's Answer to
Plaintiff 's Complaint
-14-
*Richard A. Marshack v. ASR Develop., etc., et al.*
Adv. Proc. No. 2:23-ap-01080-BB

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Salvato Boufadel, LLP, 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071**

A true and correct copy of the foregoing document entitled (*specify*): **Defendant Joseph Rubin's Answer to the Chapter 7 Trustee's Complaint to Avoid Fraudulent Transfers and Related Relief; Demand for Jury Trial** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **09/11/2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Joseph Boufadel**  *Attorneys for Defendant Joseph Rubin*  jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Timothy R Laquer**  *Attorneys for Defendant Gary Stiffelman*  trl@ddclaw.com, trl@ddclaw.com
- **Richard A Marshack (TR)**  *Plaintiff*  pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Ryan D O'Dea**  *Attorneys for Plaintiff*  rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sean A OKeefe**  *Attorneys for Defendants Desert Medical Properties, Inc. and Elliot Lander*  sokeefe@okeefelc.com, seanaokeefe@msn.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/11/2023 | Joseph Boufadel | /s/ Joseph Boufadel |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    1    **F 9013-3.1.PROOF.SERVICE**