Rudy R. Perrino (SBN: 190672)
Jennifer L. Andrews (SBN: 222807)
Lukas R. Kramer (SBN: 333174)
**KUTAK ROCK LLP**
777 South Figueroa Street, Suite 4550
Los Angeles, California 90017-5800
Telephone: (213) 312-4000
Facsimile: (213) 312-4001
E-Mail: rudy.perrino@kutakrock.com
E-Mail: jennifer.andrews@kutakrock.com
E-Mail: lukas.kramer@kutakrock.com

Attorneys for Defendants,
ABRAHAM STUART RUBIN and ASR DEVELOPMENT CO.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GLENROY COACHELLA, LLC,<br><br>Debtor,<br><br>―――――――――――――――<br><br>RICHARD A. MARSHACK, solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ASR DEVELOPMENT CO., a California corporation; DESERT MEDICAL PROPERTIES, INC., a California corporation; ABRAHAM STUART RUBIN, an individual; JOSEPH RUBIN, an individual; DR. ELLIOT B. LANDER, and individual; and GARY STIFFELMAN as trustee for the STIFFELMAN FAMILY TRUST,<br><br>Defendants. | Case No. 2:21-bk-11188-BB<br><br>Chapter 7<br><br>*Assigned to Honorable Sheri Bluebond*<br><br>Adv. Case No. 2:23-ap-01080-BB<br><br>**DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 550; CAL. CIV. CODE §§ 3439.04, 3439.07];**<br><br>2. **AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RCOVERY OF SAME [11 U.S.C. §§ 544, 550; CAL. CIV. CODE §§ 3439.04, 3439.05, 3439.07];**<br><br>3. **PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551];**<br><br>4. **DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(D)]; and**<br><br>5. **UNJUST ENRICHMENT [11 U.S.C. § 105]** |

/ / /

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

2:23-ap-01080-BB

DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT
4863-7668-3143.1

COMES NOW Defendant Abraham Stuart Rubin ("Defendant"), by and through his counsel, Kutak Rock, LLP, and does hereby submit his Answer and Affirmative Defenses to Plaintiff Richard A. Marshack's, solely in his capacity as the duly appointed and acting Chapter 7 trustee for the bankruptcy estate of Glenroy Coachella, LLC (the "Plaintiff"), Complaint ("Complaint"), and in support thereof states the following:

## ANSWER

### I.   STATEMENT OF JURISDICTION AND VENUE

1. Regarding paragraph 1 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

2. Regarding paragraph 2 of Plaintiff's Complaint, Defendant admits that Bankruptcy Code § 544 authorizes the Plaintiff to bring this action.

3. Regarding paragraph 3 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction in that this action relates to the Debtor's pending bankruptcy case. However, Defendant does not consent to the Bankruptcy Court's entry of a final judgment and/or order in this adversary proceeding and does not consent to the issues being tried by a Bankruptcy Judge.

4. Regarding paragraph 4 of Plaintiff's Complaint, the content is not an allegation of fact to which a response is required. To the extent any response is required, Defendant denies the allegations contained therein. Also, Defendant does not consent to the Bankruptcy Court's entry of a final judgment and/or order in this adversary proceeding and does not consent to the issues being tried by a Bankruptcy Judge.

5. Regarding paragraph 5 of Plaintiff's Complaint, Defendant admits that Venue is properly before the U.S. District Court, Central District of California.

6. Regarding paragraph 6 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

/ / /

/ / /

/ / /

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -     2:23-ap-01080-BB
DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT
4863-7668-3143.1

## II.  PARTIES

7. Regarding paragraph 7 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

8. Regarding paragraph 8 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

9. Regarding paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

10. Regarding paragraph 10 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

11. Regarding paragraph 11 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

12. Regarding paragraph 12 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

## III.  GENERAL ALLEGATIONS

13. Regarding paragraph 13 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

14. Regarding paragraph 14 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

15. Regarding paragraph 15 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

16. Regarding paragraph 16 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

/ / /

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -    2:23-ap-01080-BB
DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT
4863-7668-3143.1

1    17.    Regarding paragraph 17 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

18.    Regarding paragraph 18 of Plaintiff's Complaint, the paragraph does not appear to contain allegations that require a response from Defendant or that relate to the allegations against Defendant. Further, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

19.    Regarding paragraph 19 of Plaintiff's Complaint, the paragraph does not appear to contain allegations that require a response from Defendant or that relate to the allegations against Defendant. Further, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

20.    Regarding paragraph 20 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

21.    Regarding paragraph 21 of Plaintiff's Complaint, the paragraph does not appear to contain allegations that require a response from Defendant or that relate to the allegations against Defendant. Further, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

22.    Regarding paragraph 22 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

23.    Regarding paragraph 23 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

24.    Regarding paragraph 24 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

/ / /

/ / /

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -    2:23-ap-01080-BB
DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT
4863-7668-3143.1

25. Regarding paragraph 25 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

26. Regarding paragraph 26 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

27. Regarding paragraph 27 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

28. Regarding paragraph 28 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

29. Regarding paragraph 29 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

## IV. FIRST CLAIM FOR RELIEF

**Avoidance and Recovery of Intentional Fraudulent Transfers**

**[11 U.S.C. §§ 544, 550; Cal. Civ. Code §§ 3439.04, 3439.07]**

30. Regarding paragraph 30 of Plaintiff's Complaint, Defendant incorporates by reference his response to Paragraphs 1 through 29, inclusive, of this Answer as if fully set forth herein.

31. Regarding paragraph 31 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

32. Regarding paragraph 32 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -    2:23-ap-01080-BB
DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT
4863-7668-3143.1

33. Regarding paragraph 33 of Plaintiff's Complaint, Defendant denies the allegations contained therein in their entirety.

34. Regarding paragraph 34 of Plaintiff's Complaint, Defendant denies the allegations contained therein in their entirety.

35. Regarding paragraph 35 of Plaintiff's Complaint, the paragraph does not appear to contain allegations that require a response from Defendant or that relate to the allegations against Defendant. Further, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

36. Regarding paragraph 36 of Plaintiff's Complaint, Defendant denies the allegations contained therein in their entirety.

37. Regarding paragraph 37 of Plaintiff's Complaint, the paragraph does not appear to contain allegations that require a response from Defendant or that relate to the allegations against Defendant. Further, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

38. Regarding paragraph 38 of Plaintiff's Complaint, the paragraph does not appear to contain allegations that require a response from Defendant or that relate to the allegations against Defendant. Further, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

39. Regarding paragraph 39 of Plaintiff's Complaint, Defendant denies the allegations contained therein in their entirety.

40. Regarding paragraph 40 of Plaintiff's Complaint, the majority of paragraph does not appear to contain allegations that require a response from Defendant or that relate to the allegations against Defendant. Further, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies all of the allegations.

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -    2:23-ap-01080-BB
DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT
4863-7668-3143.1

41. Regarding paragraph 41 of Plaintiff's Complaint, Defendant denies the allegations contained therein in their entirety.

### V.    SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfers**

**[11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.07, 3439.07, 3439.08, 3439.09]**

42. Regarding paragraph 42 of Plaintiff's Complaint, Defendant incorporates by reference his response to Paragraphs 1 through 41, inclusive, of this Answer as if fully set forth herein.

43. Regarding paragraph 43 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

44. Regarding paragraph 44 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

45. Regarding paragraph 45 of Plaintiff's Complaint, Defendant denies the allegations contained therein in their entirety.

46. Regarding paragraph 46 of Plaintiff's Complaint, Defendant denies the allegations contained therein in their entirety.

### VI.    THIRD CLAIM FOR RELIEF

**Preservation of Avoided Transfers**

**[11 U.S.C. § 551]**

47. Regarding paragraph 47 of Plaintiff's Complaint, Defendant incorporates by reference his response to Paragraphs 1 through 46, inclusive, of this Answer as if fully set forth herein.

48. Regarding paragraph 48 of Plaintiff's Complaint, Defendant denies receiving avoidable transfers of the Debtor's property. As to the balance of the allegations, Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -    2:23-ap-01080-BB
DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT
4863-7668-3143.1

1  49. Regarding paragraph 49 of Plaintiff's Complaint, the paragraph does not appear to contain allegations that require a response from Defendant or that relate to the allegations against Defendant. To the extent any response is required, Defendant denies the allegations contained therein.

## VII. FOURTH CLAIM FOR RELIEF

**Disallowance of Claims by Defendants Lander, Stiffelman and Stuart Rubin**

**[11 U.S.C. § 502(d)]**

50. Regarding paragraph 50 of Plaintiff's Complaint, Defendant incorporates by reference his response to Paragraphs 1 through 49, inclusive, of this Answer as if fully set forth herein.

51. Regarding paragraph 51 of Plaintiff's Complaint, Defendant denies the allegations contained therein in their entirety.

52. Regarding paragraph 52 of Plaintiff's Complaint, Defendant denies the allegations contained therein in their entirety.

53. Regarding paragraph 53 of Plaintiff's Complaint, Defendant denies the allegations contained therein in their entirety.

54. Regarding paragraph 54 of Plaintiff's Complaint, Defendant denies the allegations contained therein in their entirety.

## VIII. FIFTH CLAIM FOR RELIEF

**Unjust Enrichment**

**[11 U.S.C. § 105]**

55. Regarding paragraph 55 of Plaintiff's Complaint, Defendant incorporates by reference his response to Paragraphs 1 through 54, inclusive, of this Answer as if fully set forth herein.

56. In response to Paragraph 56 of the Complaint, the Trustee has represented that this Fifth Claim for Relief for Unjust Enrichment was inadvertently included in his Complaint. Defendant is informed and believes that the Fifth Claim for Relief for Unjust Enrichment has been withdrawn or dismissed as to all Defendants. (Adv. Docket No. 11 at 10:8-11; see also Adv.

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 - 2:23-ap-01080-BB
DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT
4863-7668-3143.1

1  Docket. No. 17 at 2:9-10.) As a result, no answer is required from the Defendant. To the extent an

2  answer is required, Defendant denies the allegations contained therein.

### PRAYER FOR RELIEF

4  WHEREFORE, in answer to the Plaintiff's Prayer for Relief, Defendant denies that

5  Plaintiff is entitled to the relief requested or to any relief based on the Complaint, including

6  Prayers for Relief 1 through 6 set forth therein, and further requests that Defendant be awarded

7  his costs and attorney's fees in defense of this suit, as provided by applicable case law, statute

8  and/or agreement of the parties.

### AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT

10  Defendant alleges and asserts the following defenses in response to the allegations,

11  undertaking the burden of proof only as to those defenses deemed affirmative defenses by law,

12  regardless of how such defenses are denominated herein. Defendant specifically reserves all

13  rights to allege additional affirmative defenses that become known through the course of

14  discovery.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim, FRBP 7012, FRCP Rule 12(b)(6))**

17  1.  As a First, Separate and Affirmative Defense, Defendant alleges that the Plaintiff is

18  barred from any recovery against the Defendant on the grounds that the Complaint fails to state

19  claims against the Defendant for which relief can be granted pursuant to Federal Rule of Civil

20  Procedure 12(b)(6), applicable to this proceeding under Federal Rule of Bankruptcy Procedure

21  7012.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

24  2.  As a Second, Separate and Affirmative Defense, Plaintiff's claims are barred in

25  whole or in part by the applicable statute of limitations, including but not limited to those found in

26  Bankruptcy Code sections 546, 548, and 550 and California Civil Code section 3439.09.

27  / / /

28  / / /

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -    2:23-ap-01080-BB
DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT
4863-7668-3143.1

### THIRD AFFIRMATIVE DEFENSE

**(Reasonably Equivalent Value)**

3. As a Third, Separate and Affirmative Defense, Plaintiff is barred from relief because, and to the extent that, all transfers and obligations referenced in the Complaint were given in exchange for reasonably equivalent value, and the Plaintiff cannot meet its burden of proof that there was no reasonably equivalent value given in exchange for such transfers or obligations.

### FOURTH AFFIRMATIVE DEFENSE

**(For Value and in Good Faith)**

4. As a Fourth, Separate and Affirmative Defense, Plaintiff is barred from relief for the transfers or obligations alleged to have been made or received by Defendant because any such transfers or obligations were taken for value and in good faith, and without knowledge of their voidability, and Defendant is also entitled to a lien or may retain any interest transferred.

### FIFTH AFFIRMATIVE DEFENSE

**(Indirect Benefit to Debtor)**

5. As a Fifth, Separate and Affirmative Defense, Plaintiff is barred from recovery against Defendant for the transfers alleged in the Complaint because any such transfers were given in exchange for reasonably equivalent value that came from parties other than the Defendant, which provided indirect and direct benefits to the debtor.

### SIXTH AFFIRMATIVE DEFENSE

**(No Insolvency)**

6. As a Sixth, Separate and Affirmative Defense, Plaintiff is barred from relief because, at all relevant times of the transfers and obligations alleged in the Complaint, debtor was not insolvent, and Plaintiff cannot meet its burden of proof with respect to the debtor's insolvency at the time of such transfers.

### SEVENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

7. As a Seventh, Separate and Affirmative Defense, Defendant alleges that the Plaintiff is barred from any recovery or relief against the Defendant because of Plaintiff's unclean hands,

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES
- 10 -    2:23-ap-01080-BB
DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT
4863-7668-3143.1

which relates directly to the transactions that are the subject of Plaintiff's claims.

### EIGHTH AFFIRMATIVE DEFENSE

**(Laches)**

8. As an Eighth, Separate and Affirmative Defense, Plaintiff is barred from relief under the doctrine of laches.

### NINETH AFFIRMATIVE DEFENSE

**(Equitable Estoppel)**

9. As a Ninth, Separate and Affirmative Defense, Defendant alleges that Plaintiff is barred from relief under the doctrine of equitable estoppel because and to the extent of Plaintiff's inequitable conduct to the detriment of the Defendant.

### TENTH AFFIRMATIVE DEFENSE

**(No Damages)**

10. As a Tenth, Separate and Affirmative Defense, Plaintiff is barred from relief because it does not have a valid claim against the bankruptcy estate, and it cannot establish damages sustained by the actions of the Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

**(11 U.S.C. § 502(h))**

11. As an Eleventh, Separate and Affirmative Defense, to the extent applicable, Defendant is entitled to a claim against the debtor and its estate, to the extent he is required to return an avoidable transfer(s) or his claims are disallowed, in the amount of said transfer(s) and/or the consideration provided.

### TWELFTH AFFIRMATIVE DEFENSE

**(Setoff/Offset/Recoupment)**

12. As a Twelfth, Separate and Affirmative Defense, Plaintiff's claims are subject to Defendant's right of setoff, recoupment, and/or rights under other similar doctrines. Defendant asserts as an offset against any amounts allegedly due to Plaintiff and from the claims Defendant holds against Plaintiff arising from its wrongful acts and liability. Defendant further alleges that he is exonerated from the indebtedness or obligations alleged in the Complaint, as the Defendant is

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -    2:23-ap-01080-BB

DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT
4863-7668-3143.1

entitled to a setoff in the amount of all consideration, value, or payments received by or transferred to or for the benefit of Plaintiff, and all claims that Defendant may have or assert against Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Other Defenses)**

13. As a Thirteenth, Separate and Affirmative Defense, to the extent applicable, Defendant incorporates those defenses asserted by the other named defendants in their filed answers in this proceeding as though set forth in full herein.

WHEREFORE, Defendant requests that the Court grant judgment:

1. Dismissing the Complaint and denying all relief in favor of Plaintiff, and granting judgment on the Complaint in favor of Defendant;

2. Awarding Defendant his costs of suit and attorney's fees in favor of Defendant, including fees and costs awardable by contract, statute, or the Federal Rules of Bankruptcy Procedure or otherwise; and

3. Granting Defendant such other and further relief as may be permitted by law and warranted by the facts of this case.

### JURY DEMAND

Defendant demands a trial by jury on all issues raised by the Complaint which are triable of right by a jury.

Dated: October 13, 2023　　　　　　　　　　**KUTAK ROCK LLP**

By: /s/ *Jennifer L. Andrews*
Jennifer L. Andrews
Jennifer.andrews@kutakrock.com
Rudy R. Perrino
rudy.perrino@kutakrock.com
Lukas R. Kramer
lukas.kramer@kutakrock.com

Attorneys for Defendant
ABRAHAM STUART RUBIN and ASR
DEVELOPMENT CO.

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -　　　　　　　　　　2:23-ap-01080-BB
DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT
4863-7668-3143.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
KUTAK ROCK LLP, 777 S. Figueroa Street, Suite 4550, Los Angeles, CA 90017-5800

A true and correct copy of the foregoing document entitled (*specify*):

**DEFENDANT ABRAHAM STUART RUBIN'S ANSWER TO PLAINTIFF'S COMPLAINT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 13, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jennifer Andrews**  jennifer.andrews@kutakrock.com, steven.dailey@kutakrock.com;wendy.bonsall@kutakrock.com;jeremy.williams@kutakrock.com; irvineintake@kutakrock.com
- **Joseph Boufadel**   jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Timothy R Laquer**   trl@ddclaw.com, trl@ddclaw.com
- **Richard A Marshack (TR)**   pkraus@marshackhays.com, rmarshack@iq7technology.com;ecf.alert+Marshack@titlexi.com
- **Ryan D O'Dea**   rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sean A OKeefe**   sokeefe@okeefelc.com, seanaokeefe@msn.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On October 13, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 13, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 13, 2023    Wendy Bonsall | /s/ *Wendy Bonsall* |
|---|---|
| *Date              Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**