Victor A. Vilaplana (58535)
Practus, LLP
P.O Box 9058
La Jolla, CA 92038
(619) 840-4130
vavilaplana@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In Re<br><br>Glenroy Coachella, LLC,<br><br>Debtor.<br><br>Richard A. Marshack, solely in his Capacity as Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC<br><br>Plaintiff,<br>vs<br><br>ASR Development Co., a California corporation<br><br>Defendant(s). | Case No.: 2:21-bk-11188-BB<br><br>Chapter 7<br><br>Adv. Pro. No. 2:23-ap-01080-BB<br><br>**ATTORNEY VICTOR A. VILAPLANA'S DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS**<br><br>Date: September 24, 2024<br>Time: 2:00 P.M<br>Place: Crtm 1539<br>Judge: Hon. Sheri Bluebond |

In response to the order to show cause signed by the Court on August 28, 2024 ("OSC")(Docket No. 88), I, Victor A. Vilaplana, hereby declare, under penalty of perjury and to the best of my knowledge and belief, as follows:

## I. NO NOTICE

I did not receive notice of the OSC, of the deadline to respond or of the scheduled hearing, until September 7, 2024, when Mr. O'Dea, counsel for Plaintiff, emailed me a copy of the OSC.

## II. NO PRIOR APPEARANCES

I have never appeared in this adversary proceeding. The online court docket and court records show that defendant, Abraham Stuart Rubin ("Rubin") is representing himself pro per and that the defendant entity ASR Development Co. ("ASR") is unrepresented (See Attached Exhibit A). ASR and Rubin shall collectively be referred to herein as the "Defendants."

The Court's inherent powers to sanction are predicated on a finding of conduct that abuses the judicial process (*See e.g. Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). Here, no such conduct could have possibly occurred because I made no appearance in this case and never represented Defendants as counsel of record.

**III. <u>HISTORY OF ENGAGEMENT</u>**

Practus LLP, of which I am a member, was engaged by Defendants on or about April 28, 2024 to represent them in connection with two adversary proceedings-both avoidance actions filed by the Chapter 7 Trustee- related this bankruptcy case and to provide advice regarding certain related state court litigation. Counsel identified in the engagement were Mr. Bernard Kornberg and myself. As the matter evolved, the state court litigation became the dominant area of the engagement. Mr. Kornberg was the Practus attorney principally responsible for this aspect of the engagement

Mr. Kornberg and I participated via zoom in mediation regarding one of the two adversary proceedings before Judge Jury, and that matter settled with a dismissal of the action.

Shortly thereafter, Mr. Kornberg left Practus. He informed me that he and the Defendants decided that the state court litigation should migrate with him, but that he did

not wish to take the one remaining bankruptcy adversary proceeding. He asked whether I would be interested in such representation. I indicated I would, but only if a new engagement letter were prepared and signed. Defendants agreed. Subsequently I prepared a new engagement letter that correctly described the new scope of engagement, requested a new retainer, and indicated that new co-counsel would be retained since Mr. Kornberg would no longer be working on the adversary proceedings, and I was not willing or able to take on the matter without additional support.

Thereafter, there were numerous exchanges with the Defendants informing them that Practus was no longer representing them and that the new engagement letter I prepared, with the new terms included, needed to be signed if they wished for me to continue the representation. The new engagement letter was never signed.

In June, 2024, Mr. O'Dea called me to ask that I sign the pretrial status report that needed to be filed on or about June 28, 2024. I informed Mr. O'Dea that I did not represent the Defendants. After some discussion and upon receiving telephonic authority from the Defendants to sign the status report on their behalf, even though I had not been retained as counsel, I agreed, only as an accommodation, to sign the report. After doing so, I reiterated to Mr. O'Dea by email that I had not yet been engaged to represent Defendants as counsel of record. (See Exhibit B).

Mr. O'Dea also requested that I provide him with Mr. Rubin's telephone number. I responded that I believed his number was available in one or more of the court filings. Further, Mr. O'Dea was in contact, through counsel, with Mr. Rubin's son and so had other means to obtain the number. In addition, it is my customary practice not to pass on

a person’s telephone number without the permission of that person  unless there is some overriding duty. I am not aware of any such duty in this case. Consistent with my practice, I told Mr. O’Dea that I’d be glad to ask ASR for permission. I did and ASR declined.

## IV. SCHEDULED HEARING

The OSC schedules a hearing for September 24, 2024. I have a long scheduled family vacation to Europe, with flight tickets and some hotel reservations paid, leaving on September 16 and returning in September 30, 2024. If this Court believes, after considering this response that a hearing is still necessary, I respectfully request that it be reset for the middle of October.

## V. CONCLUSION

Forgetting, but without waiving, that I did not receive notice of the OSC, other than as above described, it is clear that sanctions in any amount are inappropriate. Mr. 0 'Dea at least as of June 30, 2024 knew that I was not representing the defendants. Mr. 0 'Dea knew that neither I nor anyone else from Practus had made an appearance in this adversary proceeding, and that Mr. Rubin was acting in pro per. Defendants knew and agreed that a new engagement letter was necessary, and such letter was never signed. The new engagement letter was necessary because the scope of engagement needed to be revised to reflect those matters which had migrated with Mr. Kornberg, to obtain a new retainer because the initial retainer had been exhausted, and to bring in new co-counsel to fill the void left by Mr. Kornberg's departure. Local Bankruptcy Rule 7016-l(a)(l) states that any attorney "who is responsible for trying the case" or "responsible for preparing the case for trial" must attend a status conference. I filled neither of these roles for Defendants. Therefore, my attendance at the status conference was not required, and no sanctions here are appropriate.

Respectfully submitted,

**Dated:** Sept 10, 2024

Victor A. Vilaplana, Esq.

# Exhibit A

*Defendant*
-----------------------

**ASR Development Co., a California corporation** represented by **ASR Development Co., a California corporation**
PROSE

**Jennifer· Andrews**
Kutak Rock LLP
777 South Figueroa St
Ste 4550
Los Angeles, CA 90017
2133124000
Email: jennifer.andrews@kutakrock.com
*TERMINATED: 02/07/2024*

LIVE DATABASE

*Defendant*
-----------------------

**Desert Medical Properties, Inc., a California corporation**
*TERMINATED: 06/27/2024*
represented by **Sean A OKeefe**
OKeefe & Assoc. Law Corp., P.C.
26 Executive Park
Suite 250
Irvine, CA 92614
(949) 334-4135
Fax : (949) 209-2625
Email: sokeefe@okeefelc.com
*TERMINATED: 06/27/2024*

*Defendant*
-----------------------

**Abraham Stuart Rubin** represented by **Abraham Stuut Rubin**
PROSE

**Jennifer· Andrews**
Kutak Rock LLP
777 South Figueroa St
Ste 4550
Los Angeles, CA 90017
2133124000
Email: jennifer.andrews@kutakrock.com

**Exhibit B**

Gmail

Benjamin Carson <ben@benjamincarsonlaw.com>

## Re: Glenroy Coachella - JSR

1 message

**Victor Vilaplana** <vavilaplana@gmail.com> Sun, Jun 30, 2024 at 10:50 AM
To: Ryan O'Dea <rodea@shulmanbastian.com>
Cc: Benjamin Carson <ben@benjamincarsonlaw.com>

Good morning. We have not yet been retained by Stuart or ASR. What we intend to do on Tuesday ("we" being Ben Carson who'd be co-counsel with me) is to inform the court that due to Bernie's departure from the firm and his being lead counsel on Rubin matters we are in process of reaching agreement for new engagement limited to bk matters. We should know by end of the week whether we will be engaged and ask bk court to continue status conf for at least 2 weeks to permit engagement process to conclude. Is this ok with you?
Sent from my iPad

On Jun 18, 2024, at 3:11 PM, Ryan O'Dea <rodea@shulmanbastian.com> wrote:

Victor,

Unfortunately, the court will not accept a /s/ signature from a non-filing party. Can you please send me a signed signature block (you can sign for your mobile device using your finger if necessary).

Best Regards,

Ryan

---

**From:** Victor Vilaplana <vavilaplana@gmail.com>
**Sent:** Tuesday, June 18, 2024 3:10 PM
**To:** Ryan O'Dea <rodea@shulmanbastian.com>
**Cc:** Joseph Boufadel <jboufadel@salvatoboufadel.com>
**Subject:** Re: Glenroy Coachella - JSR

I've talked with Stuart and he's authorized signing the JSR. You can go ahead and sign for me.

Sent from my iPad

On Jun 18, 2024, at 3:08 PM, Ryan O'Dea <rodea@shulmanbastian.com> wrote:

Victor,

Following up on the status of Stuart's portion of the JSR. Thanks!

Best Regards,

Ryan

---

**From:** Ryan O'Dea
**Sent:** Tuesday, June 18, 2024 8:19 AM
**To:** Joseph Boufadel <jboufadel@salvatoboufadel.com>; 'vavilaplana@gmail.com' <vavilaplana@gmail.com>
**Subject:** Glenroy Coachella - JSR
**Importance:** High

Joseph and Victor,

Thank you both for your taking my calls over the last few days. Attached is Plaintiff's portion of the joint stats report, as well as an additional party page for one of you. To avoid any confusion, I propose that Joseph Rubin use the additional party page and that Stuart Rubin use the main JSR form. If you could please get me your portions today it would be appreciated.

Best Regards,

Ryan

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5965 Village Way, STE E105
San Diego, CA 92130

A true and correct copy of the foregoing document entitled (*specify*): Attorney Victor A. Vilaplana's Declaration in Response to Order to Show Cause Re Sanctions

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/10/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Joseph Boufadel at jboufadel@salvatoboufadel.com
Darren Brinkman at firm@brinkmanlaw.com
Timothy R. Laquer at trl@ddclaw.com
Richard Marshack at pkraus@marshackhays.com
Ryan O'Dea at rodea@shulmanbastian.com
Sean Okeefe at sokeefe@okeefelc.com
United States Trustee at ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 09/10/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ________________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/10/2024 | Benjamin Carson | /s/ Benjamin Carson |
| *Date* | *Printed Name* | *Signature* |