Leonard M. Shulman – Bar No. 126349
Ryan D. O'Dea – Bar No. 273478
Brooke S. Thompson – Bar No. 349216
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: lshulman@shulmanbastian.com
rodea@shulmanbastian.com
bthompson@shulmanbastian.com

Special Counsel for Richard A. Marshack, Plaintiff and Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

In re

**GLENROY COACHELLA, LLC,**

Debtor.

---

**RICHARD A. MARSHACK,** solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC,

Plaintiff,

v.

**ASR DEVELOPMENT CO**, a California corporation; **DESERT MEDICAL PROPERTIES, INC**., a California corporation; **ABRAHAM STUART RUBIN**, an individual; **JOSEPH RUBIN**, an individual; **DR. ELLIOT B. LANDER**, an individual; and **GARY STIFFELMAN** as trustee for the **STIFFELMAN FAMILY TRUST**.

Defendants.

Case No.: 2:21:bk-11188-BB

Chapter 7

Adv. Case No. 2:23-ap-01080-BB

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ABRAHAM STUART RUBIN AND ASR DEVELOPMENT CO.; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF RICHARD A. MARSHACK AND DIMPLE MEHRA IN SUPPORT THEREOF**

**Hearing**
Date: April 1, 2025
Time: 2:00 p.m.
Place: Courtroom 1539
United States Bankruptcy Court
255 E. Temple Street
Los Angeles, California

# TABLE OF CONTENTS

**Page**


I. SUMMARY OF RELIEF REQUESTED ..... 1

II. RELEVANT FACTS ..... 2

A. The Transfers ..... 2

B. The Adversary Proceeding ..... 3

C. Entry of Default Judgments Against ASR Defendants ..... 3

III. ARGUMENT ..... 4

A. This Court Has Jurisdiction Over This Adversary Proceeding ..... 4

B. The Court Has Authority to Enter Default Judgment Against ASR Defendants ..... 4

C. Plaintiff is Entitled to Judgment Against ASR Defendants as to the First Claim for Relief ..... 6

1. First Element - The Fraudulent Transfers Were Made Within the Reach-back Period ..... 7

2. Second Element – the Fraudulent Transfers Were Made with Actual Intent to Hinder, Delay, or Defraud Debtor's Creditors ..... 7

a. The Fraudulent Transfers Were Made to Insiders ..... 8

b. The Fraudulent Transfers Were Made Without Consideration ..... 9

c. The Fraudulent Transfers Occurred Shortly Before, During, and Shortly After Debtor Incurred Substantial Debt ..... 9

d. Debtor Was Insolvent at the Time of Certain Transfers ..... 10

(1) The 2017 Fraudulent Transfers ..... 10

(2) The 2018 Fraudulent Transfers ..... 11

(3) The 2019 Fraudulent Transfers ..... 11

3. Third Element – the Fraudulent Transfers Were Made Without Consideration and in Contemplation of Insolvency ..... 12

D. Plaintiff is Entitled to Judgment Against ASR Defendants as to the Second Claim for Relief ..... 13

1. First Element- Reasonable Equivalent Value ..... 13

2. Second Element – Debtor's Insolvency ..... 14


SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

E. Plaintiff is Entitled to Judgment Against ASR Defendants as to the Third Claim for Relief for Preservation of Avoided Transfers Pursuant to 11 U.S.C. § 551 ....14

1. First Element – the Fraudulent Transfers Are Successfully Avoided ....15

2. Second Element – the Fraudulent Transfers Involve Property that Would Belong to the Bankruptcy Estate ....15

F. Plaintiff is Entitled to Judgment Against ASR Defendants as to the Fourth Claim to Disallow Claims ....15

IV. CONCLUSION ....16

DECLARATION OF RICHARD A. MARSHACK ....17

DECLARATION OF DIMPLE MEHRA ....19

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Aldabe v. Aldabe*,
616 F.2d 1089 (9th Cir. 1980) .......... 4

*Allee v. Shay* (1928)
92 Cal. App. 749, 762 .......... 9

*Annod Corp. v. Hamilton & Samuels* (2002)
100 Cal.App.4th 1286, 1298 (2002) .......... 8

*Bank of California v. Virtue & Scheck, Inc.* (1983)
140 Cal. App. 3d 1026, 1040-1041, 190 Cal. Rptr. 54 .......... 12, 13

*Fair Hous. Of Marin v Combs*,
285 F.3d 899 (9th Cir. 2002) .......... 4

*Filip v. Bucurenciu* (2005)
129 Cal.App.4th 825, 834 .......... 8

*Fross v. Wotton* (1935)
3 Cal. 2d 384, 393, 44 P.2d 350 .......... 7

*Hansen v. Cramer* (1952)
39 Cal. 2d 321, 324 .......... 12, 13

*Johnson v. Drew* (1963)
218 Cal. App. 2d 614, 621, 32 Cal. Rptr. 540 .......... 7

*Kemp v. Lynch* (1937)
8 Cal. 2d 457, 462, 65 P.2d 1316 .......... 7

*Kirkland v. Risso* (1979)
98 Cal. App. 3d 971, 977 .......... 12, 13

*Mayors v. C.I.R.* (9th Cir. 1986)
785 F.2d 757, 761 .......... 12, 13

*Menick v. Goldy* (1955)
131 Cal. App. 2d 542, 548, 280 P.2d 844 .......... 7

*Patterson v. Missler* (1965)
238 Cal. App. 2d 759 .......... 12, 13

*Philip Morris USA v. Castworld Prods.*,
219 F.R.D. 494 (C.D. Cal. 2003) .......... 4

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

*Sticka v. Anderson*,
165 B.R. 482 (Bankr. Or. 1994) ........ 8

*TeleVideo Sys. v. Heidenthal*,
826 F.2d 915 (9th Cir. 1987) ........ 4

*United States v. May*
(S.D. Cal. 1984) 600 F. Supp. 339, 341 ........ 12, 13

*Wilson v. Huffman (In re Missionary Baptist Foundation of America, Inc.*),
712 F.2d 206, 210 (9th Cir. 1983) ........ 8

*Wood v. Kaplan* (1960)
178 Cal. App. 2d 227, 231, 2 Cal. Rptr. 917 ........ 7

*Wyzard v. Goller* (1994)
23 Cal.App.4th 1183, 1191 ........ 8

**STATUTES**

11 U.S.C. § 101(32)(A) ........ 10, 11

11 U.S.C. § 502(d) ........ 1, 15

11 U.S.C. § 506(d) ........ 14

11 U.S.C. § 506(d); and (2) ........ 15

11 U.S.C. § 550 ........ 15

11 U.S.C. § 551 ........ 1, 14, 15

11 U.S.C. §§ 522, 544, 545, 547, 548, 549, or 724(a) ........ 14

11 U.S.C. §§ 542, 543, 550, or 553 ........ 15

11 U.S.C. §§ 544 and 550 ........ 6, 13, 14

11 U.S.C. §§ 544, 550 ........ 1

11. U.S.C. § 550 ........ 6

28 U.S.C. § 1334(a) ........ 4

28 U.S.C. §§ 157(b)(2)(B) ........ 4

50 App. U.S.C.A. 501, et. seq. ........ 4

Cal. Civ. Code § 3439.03 ........ 12, 13

Cal. Civ. Code § 3439.04(a) ........ 6

Cal. Civ. Code §§ 3439.04 and 3439.07 ........ 1, 6, 13, 14

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Cal. Civ. Code §§ 3439.04(a)(2) and 3439.05 .................................................................... 13

Cal. Civ. Code §3439.01(i). ............................................................................................... 6

F.R.Civ.P. 55(b)(2)............................................................................................................. 5

F.R.Evid. 201 ..................................................................................................................... 5

Servicemembers Civil Relief Act (Pub. L. 108-189) (50 U.S. Code App. §§ 501-594).................. 5

**OTHER AUTHORITIES**

19B California Forms of Jury Instruction MB 1900B.40 ....................................................... 12, 13

Legislative Committee Comment to Civ. Code § 3439.03 , Paragraph (4) ............................. 12, 13

**RULES**

Federal Rule of Bankruptcy Procedure 7055 ........................................................................ 5

Federal Rule of Civil Procedure 55 ...................................................................................... 5

Federal Rule of Civil Procedure 55(b)(2) ............................................................................. 4

Local Bankruptcy Rule 7055-1(b)......................................................................................... 5

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND DEFENDANTS**:

Plaintiff, Richard A. Marshack, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Glenroy Coachella, LLC ("Plaintiff"), hereby submits this Motion for Default Judgment ("Motion") against Defendants Abraham Stuart Rubin ("Rubin") and ASR Development Co. ("ASR") (Rubin and ASR collectively referred to as the "ASR Defendants") on Plaintiff's: First claim for relief to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 544, 550 and Cal. Civ. Code §§ 3439.04 and 3439.07; Second claim for relief to avoid and recover constructive fraudulent transfers pursuant to 11 U.S.C. §§ 544, 550 and Cal. Civ. Code §§ 3439.04 and 3439.07; Third claim for relief for preservation of avoided transfers pursuant to 11 U.S.C. § 551; and Fourth claim for relief to disallow the ASR Defendants' claims pursuant to 11 U.S.C. § 502(d), and respectfully represents the following:

## I. SUMMARY OF RELIEF REQUESTED

Plaintiff brings this Motion seeking entry of default judgment against the ASR Defendants for avoidance, recovery and preservation of the Fraudulent Transfers[1], and to disallow the ASR Defendants' claims. Between June 1, 2017, and June 11, 2019, Debtor made the Fraudulent Transfers to the ASR Defendants, which totaled $6,103,112.19, without receiving consideration in exchange for same. Simultaneous with the Fraudulent Transfers in 2017 and 2018, Debtor incurred substantial liabilities in the form of multi-million dollar loans that exceeded the total value of Debtor's assets, rendering Debtor insolvent. To date, the ASR Defendants have not repaid Debtor on account of the Fraudulent Transfers. Based thereon, Plaintiff requests that judgment be entered in his favor and against the ASR Defendants.

///

///

///

[1] All defined terms not otherwise defined are defined below.

SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

## II. RELEVANT FACTS

Debtor was a real estate development business organized in the state of Delaware with its principal place of business located in Los Angeles, California. On February 15, 2021 ("Petition Date"), Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. [BK Dkt. No. 1].

Stuart Rubin, through his family trust known as the Licht Family Trust (the "Rubin Trust"), owns a two-thirds (66.66%) membership interest in Debtor. See Complaint, ¶ 15. ASR is a real estate company formed in which Rubin maintains a 100% ownership interest. See Complaint, ¶ 22.

Prior to April 11, 2018, Debtor was the owner of real property located at 84160 Ave. 48, Coachella, California 92236 and described as accessor's parcel number 603-220-063 (the "Property"), which was subdivided into separate parcels. See Complaint, ¶ 17. Debtor was formed to develop certain of the Property parcels into a hotel. See Complaint, ¶ 18.

### A. The Transfers

Between October 24, 2017, and June 11, 2019, Debtor made a total of twenty-three (23) transfers of cash to ASR totaling $4,258,260.14 (the "ASR Transfers").

Between June 1, 2017, and April 19, 2019, Debtor made a total of thirty (30) transfers of cash to Rubin totaling $1,844,852.05 (the "Rubin Transfers") (the ASR Transfers and the Rubin Transfers collectively referred to as the "Fraudulent Transfers"). A detailed breakdown of the ASR Transfers and the Rubin Transfers is attached to the Declaration of Dimple Mehra ("Mehra Decl.") as **Exhibit 1**.

Based on Debtor's books and records produced to Plaintiff, which were woefully sparse, Plaintiff's accountants were not able to identify a transaction demonstrating Debtor received consideration in exchange for any of the Fraudulent Transfers. See Mehra Decl., ¶ 14; see Complaint, ¶ 34.

///

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**B. The Adversary Proceeding**

On February 15, 2023, Plaintiff commenced the above-captioned adversary proceeding, Adversary Proceeding No. 2:23-ap-01080-BB, against defendants ASR Development Co., Desert Medical Properties, Inc., Abraham Stuart Rubin, Joseph Rubin, Dr. Elliot B. Lander, and Gary Stiffelman, asserting claims for (1) Avoidance of Intentional Fraudulent Transfers and Recovery of Same; (2) Avoidance of Constructive Fraudulent Transfers and Recovery of Same; (3) Preservation of Avoided Transfers; (4) Disallowance of Claims, and (5) Unjust Enrichment ("Adversary Proceeding"). [Adv. Dkt. No. 1].

On June 27, 2024, the Court approved the Stipulation to Dismiss Certain Defendants from Adversary Proceeding, which dismissed Gary Stiffelman, individually and as trustee of the Stiffelman Family Trust, Desert Medical Properties, LLC and Elliot Lander. [Adv. Dkt. No. 83].

On September 27, 2024, the Court approved the Stipulation to Dismiss Joseph Rubin from the Adversary Proceeding. [Adv. Dkt. No. 98]. The ASR Defendants are the two remaining defendants in the Adversary Proceeding.

**C. Entry of Default Judgments Against ASR Defendants**

On October 13, 2023, ASR Defendants each filed answers to the Complaint. [Adv Dkt. Nos. 58 and 59].

On August 28, 2024, the Court entered an Order to Show Cause re Striking Defendants Abraham Stuart Rubin and ASR Development Co.'s Answer and Allowing Plaintiff to Proceed By Way of Default. [Adv. Dkt. No. 89].

On December 12, 2024, the Court entered an Order Striking Defendants Abraham Stuart Rubin and ASR Development Co.'s Answer For Failure to Respond to the Court's OSC and Failure to Participate in Status Conferences. [Adv. Dkt. No 102].

Plaintiff filed Requests for Clerk to Enter Default Under LBR 7055-1(a) against the ASR Defendants on January 21, 2025. [Adv. Dkt. Nos. 110 and 112]. On January 28, 2025, the Court entered default against the ASR Defendants, and notice of same was served on ASR Defendants. [Adv. Dkt. Nos. 116 and 117].

///

Plaintiff is informed and believes that neither of the ASR Defendants are an infant or incompetent person, and they are not in the military service so as to be entitled to the benefits of the Service Members Civil Relief Act of 2003. 50 App. U.S.C.A. 501, et. seq. See Marshack Decl., ¶ 4.

## III. ARGUMENT

### A. This Court Has Jurisdiction Over This Adversary Proceeding

Pursuant to 28 U.S.C. § 1334(a), "the district courts shall have original and exclusive jurisdiction of all cases under Title 11." Title 28, Section 157(a) of the United States Code authorizes the district courts to refer all Title 11 proceedings to the bankruptcy judge for the district. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B)(allowance or disallowance of claims against the estate) and (b)(2)(H)(proceedings to determine, avoid, or recover fraudulent conveyances. The Adversary Proceeding arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California entitled, *In re Glenroy Coachella*, *LLC*, Case No. 2:21:bk-11188-BB. Accordingly, this Court has jurisdiction over this Adversary Proceeding.

### B. The Court Has Authority to Enter Default Judgment Against ASR Defendants

Pursuant to Federal Rule of Civil Procedure ("FRCP") 55(b)(2), the Court may enter a default judgment when the clerk, under Rule 55(a), has previously entered a party's default. Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Once the clerk enters default, all well pleaded allegations regarding liability are taken as true, except with respect to damages. See *Fair Hous. Of Marin v Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."); *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *Philip Morris USA v. Castworld Prods*., 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("[B]y defaulting, Defendant is deemed to have admitted the truth of Plaintiff's

averments.”). “In applying this discretionary standard, default judgments are more often granted than denied.” *Philip Morris*, 219 F.R.D. at 498.

FRCP 55 applies in adversary proceedings as to the entry of a default judgment. See Fed. Rule Bankr. Pro. 7055. FRCP 55(b)(2) states in pertinent part:

> (b) Entering a Default Judgment.
>
> [. . .]
>
> (2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. Pro. 55.

Further, Local Bankruptcy Rule 7055-1(b) states:

> **(b) Motion for Default Judgment**
>
> (1) Form of Motion. A motion for default judgment must state:
>
> (A) The identity of the party against whom default was entered and the date of entry of default;
>
> (B) Whether the defaulting party is an infant or incompetent person and, if so, whether that person is represented by a general guardian, committee, conservator, or other representative;
>
> (C) Whether the individual defendant in default is currently on active duty in the armed forces of the United States, based upon an appropriate declaration in compliance with the Servicemembers Civil Relief Act (Pub. L. 108-189) (50 U.S. Code App. §§ 501-594).
>
> (D) When the individual defendant is the debtor, the party seeking the default may rely upon the debtor’s sworn statements contained in a statement of financial affairs, by following the appropriate procedure for requesting judicial notice of that document pursuant to F.R.Evid. 201; and
>
> (E) That notice of the motion has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

> (2) Evidence of Amount of Damages. Unless otherwise ordered, if the amount claimed in a motion for judgment by default is unliquidated, the movant must submit evidence of the amount of damages by declarations in lieu of live testimony. Notice must be given to the defaulting party of the amount requested. Any opposition to the amount of damages by the party against whom the judgment is sought must be in writing and supported by competent evidence.

Local Bankruptcy Rule 7055-1.

As established above, the Motion is in the correct form with the required allegations set forth pursuant to Local Bankruptcy Rules and Plaintiff believes notice will be properly served on Defendants.

**C. Plaintiff is Entitled to Judgment Against ASR Defendants as to the First Claim for Relief**

The First Claim for Relief seeks the avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 544 and 550 and Cal. Civ. Code §§ 3439.04 and 3439.07.

11. U.S.C. § 550 allows a trustee to recover avoided transfers or the value of same for the benefit of the estate. The Uniform Fraudulent Transfer Act (the "Act") defines "transfer" to mean "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." Cal. Civ. Code §3439.01(i).

To prevail on a fraudulent transfer claim, Plaintiff must show that the Fraudulent Transfers (1) were made within the applicable reach-back period; (2) that such transfers were made with actual intent to hinder, delay, or defraud any creditor of the debtor; (3) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due. Cal. Civ. Code § 3439.04(a).

///

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1. First Element - The Fraudulent Transfers Were Made Within the Reach-back Period

Pursuant to Section 3439.09(c), "… a cause of action under this chapter with respect to a transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred."

As stated in the Complaint, the ASR Transfers each took place between October 24, 2017 and June 11, 2019. See Complaint, ¶ 24. The Rubin Transfers took place between June 1, 2017 and April 19, 2019. *Id*. at ¶ 25. The Petition Date was February 15, 2021. *Id*. at ¶ 13. Thus, Plaintiff established that each of the Fraudulent Transfers took place within four (4) years of the Petition Date, and within seven (7) years of Plaintiff filing the Complaint, and are therefore within the applicable reach-back period.

2. Second Element – the Fraudulent Transfers Were Made with Actual Intent to Hinder, Delay, or Defraud Debtor's Creditors

"The real intent of a person and the facts of a fraudulent transaction are peculiarly within the knowledge of the one being charged with fraud…. direct proof of fraudulent intent is often difficult and sometimes impossible. Proof of fraud may then come from circumstances surrounding the transaction." *Kemp v. Lynch* (1937) 8 Cal. 2d 457, 462, 65 P.2d 1316; *Fross v. Wotton* (1935) 3 Cal. 2d 384, 393, 44 P.2d 350; *Johnson v. Drew* (1963) 218 Cal. App. 2d 614, 621, 32 Cal. Rptr. 540; *Wood v. Kaplan* (1960) 178 Cal. App. 2d 227, 231, 2 Cal. Rptr. 917 ; *Menick v. Goldy* (1955) 131 Cal. App. 2d 542, 548, 280 P.2d 844.The specific badges of fraud are provided for in Cal. Civ. Code § 3439.04(b):

In determining actual intent, consideration may be given, among other factors, to any or all of the following:

1. Whether the transfer or obligation was to an "insider."
2. Whether the debtor retained possession or control of the property after the transfer.
3. Whether the transfer or obligation was disclosed or concealed.
4. Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
5. Whether the transfer was of substantially all of the debtor's assets.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6. Whether the debtor absconded.

7. Whether the debtor removed or concealed assets.

8. Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

9. Whether the debtor was insolvent or became insolvent shortly after the obligation was made or obligation incurred.

10. Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

11. Whether the debtor transferred the essential assets of a business to a lienholder who then transferred the assets to an insider of the debtor.

Cal. Civ. Code § 3439.04(b).

There is no mathematical formula or minimum number of factors necessary to establish intent. The presence of only one or two factors may be enough to support a finding of intentional fraud. <u>See</u> *Filip v. Bucurenciu* (2005) 129 Cal.App.4th 825, 834; <u>see also</u> *Wyzard v. Goller* (1994) 23 Cal.App.4th 1183, 1191 (holding that the presence of one or more "badges of fraud" may evidence fraudulent intent but does not create presumption of fraud); *Annod Corp. v. Hamilton & Samuels* (2002) 100 Cal.App.4th 1286, 1298 (2002) (holding that the existence of even several "badges of fraud" may be insufficient to create inference of fraudulent intent sufficient to defeat summary judgment for debtor).

a. <u>The Fraudulent Transfers Were Made to Insiders</u>

Insiders fall into two categories, those entities specifically mentioned in the statute ("relative," "partnership," "general partner," and "corporation"), *i.e.* per se insiders, or those not listed in the statutory definition, but who have a "sufficient close relationship with the debtor that … conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor." *Sticka v. Anderson*, 165 B.R. 482 (Bankr. Or. 1994) *citing Wilson v. Huffman (In re Missionary Baptist Foundation of America, Inc.*), 712 F.2d 206, 210 (9th Cir. 1983).

///

///

///

As explained, Stuart Rubin, or Stuart Rubin's family trust known as the Licht Family Trust (the "Rubin Trust"), owns a two-thirds (66.66%) membership interest in Debtor. See Complaint, ¶ 15. Rubin holds a 100% ownership interest in ASR. *Id.* at ¶ 22. Given Rubin's status as a member of Debtor, and his control of ASR, each of the Fraudulent Transfers were made to or for the benefit of an insider of Debtor. *Id.* at ¶ 36.

Accordingly, the fact that the Fraudulent Transfers were made to or for the benefit of insiders of Debtor weighs in favor of a finding that the Fraudulent Transfers were made with the intent to hinder and/or defraud Debtor's creditors.

b. The Fraudulent Transfers Were Made Without Consideration

Section 3442 of the Civil Code provides that any transfer made or given voluntarily or without valuable consideration by a party while insolvent or in contemplation of insolvency shall be fraudulent and void as to existing creditors. See *Allee v. Shay* (1928) 92 Cal. App. 749, 762.

Based on the documents Debtor produced, Plaintiff's accountants were not able to identify a transaction demonstrating Debtor received consideration in exchange for any of the Fraudulent Transfers. See Complaint, ¶ 34; Mehra Decl., ¶ 14. Rather, based on the evidence made available to Plaintiff, the Fraudulent Transfers were made exclusively for the benefit of ASR Defendants. While Debtor was making the Fraudulent Transfers, Debtor was incurring significant liabilities in the form of loans secured by the Property. See Complaint, ¶ 39.

Thus, the Fraudulent Transfers, which consisted of $6,103,112.19 of Debtor's assets, were made without valuable consideration while Debtor was incurring significant liabilities that would render Debtor insolvent, which weighs in favor of the Court finding actual intent to defraud Debtor and its creditors.

c. The Fraudulent Transfers Occurred Shortly Before, During, and Shortly After Debtor Incurred Substantial Debt

Between June 1, 2017, and December 11, 2017, Debtor made sixteen (16) transfers to Rubin totaling $1,283,330.42 ("2017 Rubin Transfers"). Attached to the Mehra Decl. as **Exhibits 2-17** are copies of the 2017 Rubin Transfers.

///

On October 24, 2017, and December 8, 2017, Debtor made two (2) transfers to ASR totaling $32,386.11 ("2017 ASR Transfers")(2017 Rubin Transfers and 2017 ASR Transfers collectively referred to as the "2017 Fraudulent Transfers"). Attached to the Mehra Decl. as **Exhibits 18-19** are copies of the 2017 ASR Transfers.

On November 20, 2017, Rubin recorded a construction deed of trust against the Property for the benefit of Hapoalim Bank in the amount of $6,000,000 ("Hapoalim Loan"). Plaintiff is informed that Debtor first provided financial statements in pursuit of the Hapoalim Loan in May of 2017. See Marshack Decl., ¶ 5-6. Thus, each of the 2017 Transfers occurred during the time that Debtor was incurring a substantial debt – namely, the Hapoalim Loan. See Complaint, ¶ 40.

Further, on or about April 25, 2018, Debtor incurred a $24,400,000 debt pursuant to another loan agreement that Debtor entered into with Calmwater Capital. See Marshack Decl., ¶ 7, **Exhibit 56**.

Thus, the Fraudulent Transfers were made shortly before, simultaneously with, and shortly after Debtor incurred substantial debts, which further supports a determination that the Fraudulent Transfers were made with the intent to hinder, delay, and/or defraud Debtor's creditors. See Complaint, ¶¶ 39 and 40; see Marshack Decl., ¶ 8.

d. Debtor Was Insolvent at the Time of Certain Transfers

11 U.S.C. § 101(32)(A) defines insolvency as a financial condition "such that the sum of [the debtors] debts is greater than all of [his] property, at a fair valuation, exclusive of . . . property that may be exempted from property of the estate under section 522."

(1) The 2017 Fraudulent Transfers

Using Debtor's tax returns and the books and records that Debtor produced, certified public accountants prepared an insolvency report for the year 2017. See Mehra Decl., ¶¶ 5 and 10. The insolvency report reflects that Debtor became insolvent once Debtor acquired the Hapoalim Loan in November of 2017. See Mehra Decl., **Exhibit A**.

///

///

///

SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Thus, Debtor made certain of the 2017 Fraudulent Transfers to ASR Defendants at a time when Debtor was insolvent as that term is defined in 11 U.S.C. § 101(32)(A). See Complaint, ¶ 39.

(2) The 2018 Fraudulent Transfers

Between January 16, 2018, and October 12, 2018, Debtor made nineteen (19) transfers to ASR totaling $4,206,789.45 (the "2018 ASR Transfers"). Attached to the Mehra Decl. as **Exhibits 20-38** are copies of the 2018 ASR Transfers.

Between March 28, 2018, and September 28, 2018, Debtor made seven (7) transfers to Rubin totaling $410,000 (the "2018 Rubin Transfers") (the 2018 ASR Transfers and the 2018 Rubin Transfers collectively referred to as the "2018 Fraudulent Transfers"). Attached to the Mehra Decl. as **Exhibits 39-45** are copies of the 2018 Rubin Transfers.

Per the insolvency analysis prepared according to records Debtor produced, Debtor remained insolvent from 2017 through the end of 2018. See Mehra Decl., **Exhibit A**. Thus, Debtor was insolvent at the time of each of the 2018 Fraudulent Transfers. See Complaint, ¶ 39.

(3) The 2019 Fraudulent Transfers

Between February 22, 2019, and April 19, 2019, Debtor made seven (7) transfers to Rubin totaling $151,521.63 (the "2019 Rubin Transfers"). Attached to the Mehra Decl. as **Exhibits 46-52** are copies of the 2019 Transfers Debtor made to ASR.

On May 21,2019, and June 11, 2019, Debtor made two (2) transfers to ASR totaling $19,084.58 ("2019 ASR Transfers") (2019 Rubin Transfers and 2019 ASR Transfers collectively referred to as the "2019 Fraudulent Transfers"). Attached to the Mehra Decl. as **Exhibit 53-54** are copies of the 2019 Transfers Debtor made to ASR.

Debtor failed to produce any financial records after 2018 indicating that Debtor became solvent at any point prior to the Petition Date. See Mehra Decl., ¶¶ 5-6. Thus, Debtor was insolvent at the time of the 2019 Fraudulent Transfers. See Complaint, ¶ 39.

Accordingly, the fact that Debtor was insolvent at the time of each of the Fraudulent Transfers weighs in favor of a finding of actual intent to hinder, delay and/or defraud Debtor's creditors.

///

3. Third Element – the Fraudulent Transfers Were Made Without Consideration and in Contemplation of Insolvency

The Act does not define ''reasonably equivalent value''; however, the Act does provide that "value" is given for a transfer or obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied. Cal. Civ. Code § 3439.03. Similarly, the California jury instruction for "value" is: Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or a pre-existing debt is secured or satisfied. See 19B California Forms of Jury Instruction MB 1900B.40; *In re United Energy Corp.* (9th Cir. 1991) 944 F.2d 589, 595-596; *Mayors v. C.I.R.* (9th Cir. 1986) 785 F.2d 757, 761 ; Cal. Civ. Code § 3439.03; *Bank of California v. Virtue & Scheck, Inc.* (1983) 140 Cal. App. 3d 1026, 1040-1041, 190 Cal. Rptr. 54; Legislative Committee Comment to Civ. Code § 3439.03 , Paragraph (4).

"Fairness of consideration must be determined from the creditor's standpoint." *United States v. May* (S.D. Cal. 1984) 600 F. Supp. 339, 341; *Hansen v. Cramer* (1952) 39 Cal. 2d 321, 324; *Kirkland v. Risso* (1979) 98 Cal. App. 3d 971, 977; *Patterson v. Missler* (1965) 238 Cal. App. 2d 759. When the debtor receives no consideration, then, as a matter of law, the transfer was made without fair consideration. *United States v. May* (S.D. Cal. 1984) 600 F. Supp. 339, 341.

Importantly, based on the documents Debtor produced, Plaintiff's accountants were not able to identify a transaction demonstrating Debtor received consideration in exchange for any of the Fraudulent Transfers. See Mehra Decl., ¶ 14. Thus, it cannot be understood that Debtor received any "value" in exchange for the Fraudulent Transfers, much less reasonably equivalent value.

Moreover, the Fraudulent Transfers took place while Debtor was engaged and/or was about to engage in transactions (the Hapoalim Loan and the Calmwater Loan) whereby Debtor would incur significant debts that exceeded the value of its assets. See Mehra Decl., **Exhibit A**; See Complaint, ¶ 40.

Accordingly, each of the three elements necessary to establish Plaintiff's First Claim for Relief for avoidance and recovery of the Fraudulent Transfers are met, and Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against ASR Defendants in the amount of $6,103,112.19.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**D. <u>Plaintiff is Entitled to Judgment Against ASR Defendants as to the Second Claim for Relief</u>**

The Second Claim for Relief seeks the avoidance and recovery of constructive fraudulent transfers pursuant to 11 U.S.C. §§ 544 and 550 and Cal. Civ. Code §§ 3439.04 and 3439.07.

The Act provides that in order to prove constructive fraudulent transfer, Plaintiff must provide a showing that: (1) the debtor made the Fraudulent Transfers without receiving reasonably equivalent value in exchange and (2) one of the followings: (a) the debtor was engaged or about to engage in a business or transaction for which the debtor's remaining assets were unreasonably small in relation to the business or transaction, or (b) intended to incur or believed (or reasonably should have believed) that it would incur debts beyond its ability to repay, or (c) was insolvent at the time, or was rendered insolvent by the transfer or obligation. <u>See</u> Cal. Civ. Code §§ 3439.04(a)(2) and 3439.05.

1. <u>First Element- Reasonable Equivalent Value</u>

The Act does not define ''reasonably equivalent value''; however, the Act does provide that "value" is given for a transfer or obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied. Cal. Civ. Code § 3439.03. Similarly, the California jury instruction for "value" is: Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or a pre-existing debt is secured or satisfied. <u>See</u> 19B California Forms of Jury Instruction MB 1900B.40; *In re United Energy Corp.* (9th Cir. 1991) 944 F.2d 589, 595-596; *Mayors v. C.I.R.* (9th Cir. 1986) 785 F.2d 757, 761 ; Cal. Civ. Code § 3439.03; *Bank of California v. Virtue & Scheck, Inc.* (1983) 140 Cal. App. 3d 1026, 1040-1041, 190 Cal. Rptr. 54; Legislative Committee Comment to Civ. Code § 3439.03 , Paragraph (4).

"Fairness of consideration must be determined from the creditor's standpoint." *United States v. May* (S.D. Cal. 1984) 600 F. Supp. 339, 341; *Hansen v. Cramer* (1952) 39 Cal. 2d 321, 324; *Kirkland v. Risso* (1979) 98 Cal. App. 3d 971, 977; *Patterson v. Missler* (1965) 238 Cal. App. 2d 759. When the debtor receives no consideration, then, as a matter of law, the transfer was made without fair consideration. *United States v. May* (S.D. Cal. 1984) 600 F. Supp. 339, 341.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Based on the documents Debtor produced, Plaintiff's accountants were not able to identify a transaction demonstrating Debtor received consideration in exchange for any of the Fraudulent Transfers. See Mehra Decl., ¶ 14; See Complaint, ¶ 45. Thus, each of the Fraudulent Transfers were made without Debtor receiving reasonable equivalent value in exchange for same.

2. Second Element – Debtor's Insolvency

Debtor began soliciting the Hapoalim Loan in May 2017, which was finalized on November 15, 2017. See Marshack Decl., **Exhibit 56**. At all times after Debtor entered into the Hapoalim Loan, Debtor was insolvent. See Mehra Decl. ¶ ¶ 5-8; **Exhibit 55**. The Fraudulent Transfers took place between June 2017 and June 2019. See Mehra Decl., **Exhibit 1**. Therefore, the 2017 Fraudulent Transfers were made when Debtor was engaged or about to engage in a transaction for which Debtor's remaining assets were unreasonably small in relation to transaction. See Complaint, ¶ 45. Further, Debtor was insolvent at all relevant times when the 2018 and 2019 Fraudulent Transfers were made. See Complaint, ¶ 45; see Mehra Decl., **Exhibit 1**. Thus, at the time of each of the Fraudulent Transfers, Debtor was either engaging in a transaction that would render Debtor insolvent, or Debtor was insolvent.

Accordingly, the elements necessary to establish constructive fraudulent transfer are present in this case, and Plaintiff is entitled to default judgment against ASR Defendants on the Second Claim for Relief for avoidance of constructive fraudulent transfers pursuant to 11 U.S.C. §§ 544 and 550 and Cal. Civ. Code §§ 3439.04 and 3439.07 in the amount of $6,103,112.19.

**E. Plaintiff is Entitled to Judgment Against ASR Defendants as to the Third Claim for Relief for Preservation of Avoided Transfers Pursuant to 11 U.S.C. § 551**

The Third Claim for Relief seeks preservation of avoided transfers pursuant to Bankruptcy Code Sections 551, which provides: "Any transfer avoided under 11 U.S.C. §§ 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under 11 U.S.C. § 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate."

///

///

///

To prevail on a claim under 11 U.S.C. § 551: (1) an underlying transfer must have been successfully avoided under one of the specified Bankruptcy Code sections (522, 544, 545, 547, 548, 549, or 724(a)), or a lien must have been voided under 11 U.S.C. § 506(d); and (2) the avoided transfer(s) must involve property that would be property of the bankruptcy estate.

1. First Element – the Fraudulent Transfers Are Successfully Avoided

As set forth above, Plaintiff satisfied each element necessary to avoid the Fraudulent Transfers under 11 U.S.C. § 550. Thus, the first element is satisfied.

2. Second Element – the Fraudulent Transfers Involve Property that Would Belong to the Bankruptcy Estate

The Fraudulent Transfers consisted of funds belonging to Debtor. See Complaint, ¶ 31. Thus, the second element is satisfied.

Accordingly, Plaintiff is entitled to default judgment against ASR Defendants on the Third Claim for Relief for preservation of avoided transfers pursuant to Section 551.

**F. Plaintiff is Entitled to Judgment Against ASR Defendants as to the Fourth Claim to Disallow Claims**

11 U.S.C. § 502(d) provides: "Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under 11 U.S.C. §§ 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title."

Here, neither of the ASR Defendants have paid the amounts due to Debtor pursuant to the Fraudulent Transfers, nor have they turned over *any* property. See Marshack Decl., ¶ 9.

Thus, the Court should enter a judgment against ASR Defendants on the Fourth Claim for Relief for disallowance of claims pursuant to 11 U.S.C. § 502(d).

///

///

///

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that default judgment be entered in favor of Plaintiff and against ASR Defendants as follows:

1. For avoidance and recovery of the Fraudulent Transfers in the amount of $6,103,112.19;

2. For preservation of the avoided Fraudulent Transfers in the amount of $6,103,112.19;

3. Disallowance of claims filed by the ASR Defendants; and

4. For such other and further relief as this Court deems just and proper under the circumstances of this case.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: March 11, 2025

By: *\/s/ Brooke S. Thompson*
Leonard M. Shulman
Ryan D. O'Dea
Brooke S. Thompson
Special Counsel for Richard A. Marshack, Chapter 7 Trustee and Plaintiff

# DECLARATION

**DECLARATION OF RICHARD A. MARSHACK**

I, Richard A. Marshack, declare as follows:

1. The matters stated herein are true and correct and within my personal knowledge. I am the managing partner of the law firm of Marshack Hays Wood LLP and am the chapter 7 trustee for the bankruptcy estate of Glenroy Coachella, LLC ("Debtor"). I am a chapter 7 panel trustee for the Central District of California and an attorney at law licensed to practice before the Courts for the Central District of California and if called upon to do so, I could and would competently testify as to the facts contained herein as they are personally known to me to be true. I am familiar with Debtor's bankruptcy proceeding to date, and I make this declaration in support of Trustee's Motion for Default Judgment Against Defendants Abraham Stuart Rubin and ASR Development Co.

2. On February 15, 2023, I commenced the above-captioned adversary proceeding, Adversary Proceeding No. 2:23-ap-01080-BB, against defendants ASR Development Co., Desert Medical Properties, Inc., Abraham Stuart Rubin, Joseph Rubin, Dr. Elliot B. Lander, and Gary Stiffelman, asserting claims for (1) Avoidance of Intentional Fraudulent Transfers and Recovery of Same; (2) Avoidance of Constructive Fraudulent Transfers and Recovery of Same; (3) Preservation of Avoided Transfers; (4) Disallowance of Claims, and (5) Unjust Enrichment ("Adversary Proceeding").

3. Abraham Stuart Rubin and ASR Development Co. (collectively referred to as the "ASR Defendants") are the only two remaining defendants in the Adversary Proceeding.

4. Neither of the ASR Defendants are an infant or incompetent person, and they are not in the military service so as to be entitled to the benefits of the Service Members Civil Relief Act of 2003. 50 App. U.S.C.A. 501, et. seq.

5. Based on documents Debtor produced to my office, while Debtor was making the Fraudulent Transfers, Debtor was incurring significant liabilities in the form of loans secured by the Property, including a loan agreement entered into with the Bank of Hapoalim.

6. On November 20, 2017, Rubin recorded a construction deed of trust against the Property for the benefit of Hapoalim Bank in the amount of $6,000,000 ("Hapoalim Loan"). I am informed by counsel for the Bank of Hapoalim that Debtor first provided financial statements in

pursuit of the Hapoalim Loan in May of 2017. Thus, each of the 2017 Transfers occurred during the time that Debtor was incurring a substantial debt – namely, the Hapoalim Loan. A copy of the Hapoalim Loan Agreement that Debtor produced to me is attached hereto as **Exhibit 56.**

7. Further, I am informed that on or about April 25, 2018, Debtor incurred a $24,400,000 debt pursuant to another loan agreement that Debtor entered into with Calmwater Capital. A copy of the estimated closing statement provided to my office by Calmwater Capital is attached hereto as **Exhibit 57**.

8. Therefore each of the Fraudulent Transfers referred to above were made shortly before, simultaneously with, and shortly after Debtor incurred substantial debts, which further supports a determination that the Fraudulent Transfers were made with the intent to hinder, delay, and/or defraud Debtor's creditors.

9. Neither of the ASR Defendants have paid the amounts due to Debtor pursuant to the Fraudulent Transfers, nor have they turned over *any* property to the Estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 7, 2025.

Richard A. Marshack

# DECLARATION

## DECLARATION OF DIMPLE MEHRA

I, Dimple Mehra, declare and state as follows:

1. I am a Certified Fraud Examiner and Partner at Grobstein Teeple LLP ("GT"), Accountants for the Chapter 7 Trustee, Richard M. Marshack (the "Trustee") of the bankruptcy estate of the Debtor. As such, except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2. I submit this Declaration in support of Motion for Default Judgment Against Defendants Abraham Stuart Rubin and ASR Development Co., which I have reviewed.

3. The facts set forth below are true based on (a) my personal knowledge or (b) Debtor's books and records. Neither I nor GT have audited, reviewed, or otherwise examined, as defined by the American Institute of Certified Public Accountants, Debtor's books and records and disclaim any opinion as to their accuracy or completeness.

4. GT was asked by Counsel to the Trustee to prepare an insolvency analysis of the Debtor using the limited information obtained from the Debtor. GT analyzed the Debtor's tax returns, business appraisal reports, and various financial records to prepare an insolvency analysis as of the years ending December 31, 2017 and 2018. GT requested but has not yet received any financial reports for interim periods such as monthly and quarterly reports. The Debtor's accounting records provided to GT were woefully incomplete and did not cover periods after 2018.

5. From the records Debtor produced, between October 24, 2017, and June 11, 2019, Debtor made a total of twenty-three (23) transfers of cash to ASR totaling $4,258,260.14 (the "ASR Transfers").

6. From the records Debtor produced, between June 1, 2017, and June 27, 2019, Debtor made a total of thirty (30) transfers of cash to Rubin totaling $1,844,852.05 (the "Rubin Transfers") (the ASR Transfers and the Rubin Transfers collectively referred to as the "Fraudulent Transfers"). A detailed breakdown of the ASR Transfers and the Rubin Transfers is attached hereto as **Exhibit 1**.

7. From the records Debtor produced, between June 1, 2017, and December 11, 2017, Debtor made sixteen (16) transfers to Rubin totaling $1,283,330.42 ("2017 Rubin Transfers"). Attached hereto as **Exhibits 2-17** are copies of the 2017 Rubin Transfers.

8. From the records Debtor produced, on October 24, 2017, and December 8, 2017, Debtor made two (2) transfers to ASR totaling $32,386.11 ("2017 ASR Transfers") (2017 Rubin Transfers and 2017 ASR Transfers collectively referred to as the "2017 Fraudulent Transfers"). Attached hereto as **Exhibits 18-19** are copies of the 2017 ASR Transfers.

9. From the records Debtor produced, between January 16, 2018, and October 12, 2018, Debtor made nineteen (19) transfers to ASR totaling $4,206,789.45 (the "2018 ASR Transfers"). Attached hereto as **Exhibits 20-38** are copies of the 2018 ASR Transfers.

10. From the records Debtor produced, between March 28, 2018, and September 28, 2018, Debtor made seven (7) transfers to Rubin totaling $410,000 (the "2018 Rubin Transfers") (the 2018 ASR Transfers and the 2018 Rubin Transfers collectively referred to as the "2018 Fraudulent Transfers"). Attached hereto as **Exhibits 39-45** are copies of the 2018 Rubin Transfers.

11. From the records Debtor produced, between February 22, 2019, and April 19, 2019, Debtor made seven (7) transfers to Rubin totaling $151,521.63 (the "2019 Rubin Transfers"). Attached hereto as **Exhibits 46-52** are copies of the 2019 Transfers Debtor made to ASR.

12. From the records Debtor produced, on May 21, 2019, and June 11, 2019, Debtor made two (2) transfers to ASR totaling $19,084.58 ("2019 ASR Transfers") (2019 Rubin Transfers and 2019 ASR Transfers collectively referred to as the "2019 Fraudulent Transfers"). Attached hereto as **Exhibit 53-54** are copies of the 2019 Transfers Debtor made to ASR.

13. Based on the available documents, GT was not able to identify whether the Debtor benefitted or received consideration in exchange for any of the Fraudulent Transfers.

14. I am informed Defendant has not presented any evidence demonstrating the Debtor was solvent as of the years ending December 31, 2017 and 2018. Further, GT has not been presented with any information from the Debtor or any other entity that would indicate the Debtor was solvent at any point in time after December 31, 2018.

15. In preparing its insolvency analysis, GT included the $6,000,000 liability resulting from the loan entered into by the Debtor with the Bank of Hapoalim on November 15, 2017. The Debtor's accounting records indicated the chart of accounts number assigned to this liability was 2480-0000.

16. Further, the Debtor provided a report named "Difference Between 2017-2018" which showed a liability with balances of $6,000,000 and $19,000,000 for 2017 and 2018, respectively, for the US RE Credit Holdings III-A LP Loan. The chart of accounts number assigned to this liability was 2486-0000.

17. Based on the information contained in these reports obtained from the Debtor, GT included both of these liabilities in its insolvency analysis as they appear to be distinct liabilities.

18. Attached hereto as **Exhibit 55** is a true and correct copy of the insolvency analysis prepared by GT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 7, 2025

[signature]
Dimple Mehra

# EXHIBIT 1

| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Type | Check Number | Disbursement |
|---|---|---|---|---|---|---|---|
| **ASR DEVELOPMENT CO** | | | | | | | |
| Banc of California | Glenroy Coachella LLC | xx0923 | 10/31/2017 | 10/24/2017 | Check | 589 | $ 3,012.57 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 12/31/2017 | 12/8/2017 | Check | 630 | $ 29,373.54 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 1/31/2018 | 1/16/2018 | Check | 682 | $ 31,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 1/31/2018 | 1/22/2018 | Check | 686 | $ 520.19 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 1/31/2018 | 1/23/2018 | Check | 691 | $ 18,415.67 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 2/28/2018 | 2/1/2018 | Check | 711 | $ 28,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 2/28/2018 | 2/5/2018 | Check | 712 | $ 1,136,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 2/28/2018 | 2/9/2018 | Check | 723 | $ 3,086.02 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 3/31/2018 | 3/13/2018 | Check | 750 | $ 1,676.75 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 4/30/2018 | 4/4/2018 | Check | 771 | $ 12,323.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 4/30/2018 | 4/26/2018 | Check | 792 | $ 5,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 5/31/2018 | 5/9/2018 | Check | 795 | $ 51,973.72 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2018 | 6/7/2018 | Check | 806 | $ 29,600.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2018 | 6/8/2018 | Check | 808 | $ 6,692.91 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 7/31/2018 | 7/2/2018 | Check | 814 | $ 20,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 7/31/2018 | 7/11/2018 | Check | 822 | $ 18,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 7/31/2018 | 7/11/2018 | Check | 820 | $ 3,559.04 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 8/31/2018 | 8/9/2018 | Check | 830 | $ 16,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 10/31/2018 | 10/1/2018 | Wire | | $ 2,800,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 10/31/2018 | 10/12/2018 | Check | 12 | $ 23,985.93 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 10/31/2018 | 10/12/2018 | Check | 13 | $ 956.22 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 5/31/2019 | 5/21/2019 | Check | 131 | $ 11,500.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 6/30/2019 | 6/11/2019 | Check | 137 | $ 7,584.58 |
| **TOTAL** | | | | | | | **$ 4,258,260.14** |

| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Type | Check Number | Disbursement |
|---|---|---|---|---|---|---|---|
| **Abraham Stuart Rubin** | | | | | | | |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/1/2017 | Check | 486 | $ 10,950.97 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/5/2017 | Check | 490 | $ 25,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/6/2017 | Check | 491 | $ 10,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/8/2017 | Check | 495 | $ 65,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/16/2017 | Check | 501 | $ 30,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/21/2017 | Check | 502 | $ 35,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 6/30/2017 | 6/26/2017 | Check | 507 | $ 27,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 8/31/2017 | 8/23/2017 | Check | 535 | $ 200,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 10/31/2017 | 10/12/2017 | Check | 581 | $ 62,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 10/31/2017 | 10/31/2017 | Check | 594 | $ 30,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 11/30/2017 | 11/2/2017 | Check | 595 | $ 90,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 11/30/2017 | 11/2/2017 | Check | 590 | $ 3,379.45 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 11/30/2017 | 11/22/2017 | Wire | | $ 325,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 11/30/2017 | 11/28/2017 | Check | 617 | $ 240,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 12/31/2017 | 12/1/2017 | Check | 620 | $ 50,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 12/31/2017 | 12/11/2017 | Check | 632 | $ 80,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 3/31/2018 | 3/28/2018 | Check | 768 | $ 12,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 3/31/2018 | 3/30/2018 | Check | 769 | $ 9,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 4/30/2018 | 4/3/2018 | Check | 770 | $ 9,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 4/30/2018 | 4/24/2018 | Check | 791 | $ 3,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 5/31/2018 | 5/3/2018 | Check | 793 | $ 200,000.00 |
| Banc of California | Glenroy Coachella LLC | xx0923 | 7/31/2018 | 7/31/2018 | Check | 827 | $ 50,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 9/28/2018 | 9/28/2018 | Wire | | $ 127,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 2/28/2019 | 2/22/2019 | Check | 94 | $ 40,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 2/28/2019 | 2/26/2019 | Check | 100 | $ 39,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 2/28/2019 | 2/26/2019 | Check | 99 | $ 866.16 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 3/31/2019 | 3/1/2019 | Check | 112 | $ 25,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 3/31/2019 | 3/6/2019 | Check | 115 | $ 40,000.00 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 3/31/2019 | 3/8/2019 | Check | 114 | $ 4,945.47 |
| Preferred Bank | Glenroy Coachella LLC | xx0706 | 4/30/2019 | 4/19/2019 | Check | 127 | $ 1,710.00 |
| **TOTAL** | | | | | | | **$ 1,844,852.05** |

EXHIBIT 1

# EXHIBIT 2

(012) CHECK DATE: 0[illegible]17 CHECK NO.: 000486 STUAR

| Invoice No. | Inv. Date | Inv. Amount | Disc. Amt | Description | Vchr | Net Amount |
|---|---|---|---|---|---|---|
| | 05/31/17 | 10,950.97 | 0.00 | REIMB. S.RUBIN COACHELLA MEETING/PRINTING<br>10,950.97 GL Acct 1650-0000 | 01806 | 10,950.97 |
| TOTAL | | 10,950.97 | 0.00 | | | 10,950.97 |

REMITTANCE ADVICE

(012) STUAR

**GLENROY COACHELLA, LLC**

**1801 S. LA CIENEGA BLVD. #301**
**LOS ANGELES, CA 90035**

*BANC OF CALIFORNIA*
*10100 SANTA MONICA BLVD. #2500*
*LOS ANGELES, CA 90067*

90-4413
1222

| DATE | CHECK NO. | AMOUNT |
|---|---|---|
| 05/31/17 | 000486 | $10,950.97* |

**Ten Thousand Nine Hundred Fifty and 97/100 DOLLARS *****

PAY TO THE ORDER OF STUART RUBIN

NON-NEGOTIABLE

Void After 90 Days

⑈000486⑈ ⑆122243774⑆ ⑈1101092 3⑈

EXHIBIT 2

Jackalope Ranch
80400 CA-111
Indio, CA 92201
760-342-1999
www.thejackaloperanch.com

Check 104 05/30/17-A 12:23pm
Guests 5 Shastin Table 32

MAIN DINING

| | | | |
|---|---|---|---|
| 1..Lemonade | | | 3.25 |
| 1..Turkey Club | B.E. | | 14.50 |
| 1..Diet Coke | Pattison | | 3.25 |
| 1..French Dip | | | 18.99 |
| 2..Coke | | | 6.50 |
| 2..Quesadilla - Chix | Sam | | 23.98 |
| 1..Iced Tea | | | 3.25 |
| 1..Swt Potato Fries | Steve H | | 6.99 |
| 1..BBQ Chicken Salad | | | 15.50 |
| 1..BBQ Combo Rib Chk | Lori | | 23.99 |
| | | Items | 120.20 |
| | | Tax | 10.52 |
| | | TOTAL | 130.72 |

120.20 Food $ 157.13

Suggested Gratuity

15% Gratuity: 18.05
18% Gratuity: 21.65
20% Gratuity: 24.05

Thank you for visiting
Jackalope Ranch

Sunday Champagne and Prime Rib Brunch

Friday & Saturday Big Daddy Band 5-9 PM

HAPPY HOUR
Tuesday - Saturday 3 PM - 5:30 PM

POT STORE
Spenser + Anthony

Sale

VISA

Amount: $ 300.35
Tip:
Total 432.35

Anthony Desantolo

Pot Stone

THE IVY
113 N ROBERTSON BLVD
LOS ANGELES CA 90048
310-274-8303

Terminal ID: 01698360 3966
5/30/17 10:11 PM
SERVER #: 210

Visa Credit - INSERT
AID: A0000000031010
ACCT #: ************2451

CREDIT SALE
UID: 715112316054 REF #: 1211
BATCH #: 392 AUTH #: 09396D

AMOUNT $605.98
TIP $____________
TOTAL $____________

APPROVED

TC - 58FF608B10DF0278
Anthony + Anica
CUSTOMER COPY
and Annette

& & & 401 & & &
THE RITZ-CARLTON, RANCHO MIRAGE
**** STATE FARE KITCHEN ****
43446 CHRIS 1

CHK 1227 TBL 180/2
GST 6
30 MAY'17 1:45 PM

| | |
|---|---|
| 1 ICED TEA | 4.00 |
| 1 COKE DIET | 6.00 |
| 1 COFFEE | 4.00 |
| 1 AVOCADO FRIES | 13.00 |
| 1 CEVICHE | 16.00 |
| 1 ARUGULA | 14.00 |
| 1 ADD CHICKEN | 7.00 |
| 1 LADY COBB SALAD | 21.00 |
| 1 ARNOLD PALMER | 4.00 |
| Subtotal: | $89.00 |
| Tax: | $6.90 |
| Total: | $95.90 |
| Change Due | $24.10 |
| CASH | $120.00 |

----------- Check Closed -----------
30 MAY'17 2:52 PM

Landscape Coachella
JOJO, JORGE
Rembrandt Landscape

sick

SW

Wish You Were Here...
DOLCE ISOLA
2869 So. Robertson Blvd.
Los Angeles, CA 90034

| | |
|---|---|
| Server: Sandra | 05/23/2017 |
| Fast Close/1 | 12:16 PM |
| Guests: 0 | 20112 |
| Reprint #: 1 | |
| Cheeseburger | 12.75 |
| 1 Choc Cookie (4 @0.75) | 3.00 |
| Slice of Red Velvet | 5.75 |
| Slice CoconutCake | 5.75 |
| Ivy Chopped Salad (3 @13.75) | 41.25 |
| Subtotal | 68.50 |
| Tax | 1.12 |
| Total | 69.62 |
| **Balance Due** | **69.62** |

DOLCE ISOLA
GRAZIE !

Coachella

DOLCE ISOLA Ian
2869 S ROBERTSON BLVD Domin
LOS ANGELES CA 90034
310-776-7070 plan
Revr

****REPRINT****

Terminal ID: 01734233 5270
5/23/17 2:17 PM
SERVER #: 317
AMERICAN EXPRESS - INSERT
AID: A000000025010801
ACCT #: ***********2011
**CREDIT SALE**
**UID: 714335173910 REF #: 4621**
BATCH #: 268 AUTH #: 882607
**AMOUNT $69.62**

**TIP $______________**

**TOTAL $______________**

**APPROVED**

TC - 12738E571A567215
**CUSTOMER COPY**

EXHIBIT 2

**IL PASTAIO**
**20th Year Celebration**
TEL: 310-205-5444 x FAX: 310-205-5445

**TABLE 69**
4 GUESTS NINO [illegible]

| | | |
|---|---|---|
| 3 LG [illegible] WATER | 6.00 | [illegible] |
| 2 LGE SPARKLING WA | 6.00 | 12.00 |
| 2 DBLE CAPPUCCINO | 6.00 | 12.00 |
| 1 CASERECCIO | | 33.95 |
| 1 S/O MEAT BALL | | 14.50 |
| 1 PANZANELLA | | 16.50 |
| 1 CAPPUCINO | | 3.25 |

TAX Detail

| | Sub Total | Tax | Total |
|---|---|---|---|
| TAX 8.75% | 110.20 | 9.64 | 119.84 |

**TOTAL 119.84**
16.53 =15% SERVICE
19.84 =18% SERVICE
22.04 =20% SERVICE

Pace + Prism $ 50. TIP

MONDAY 05-08-2017 05:40 PM
Key 16-Waitr: 16-POS 4-BILL 0400009/1

PLEASE RATE US SO WE CAN BETTER SERVE YOU
FOOD: 1 2 3 4 5 6 7 8 9 10
SERVICE: 1 2 3 4 5 6 7 8 9 10
AMBIANCE: 1 2 3 4 5 6 7 8 9 10
NAME:
E-MAIL:

(1)
3 Salads
with Grilled Shrimp
Extra Dressing.

(2)
1 Burger medium
with Cheese

(3.)
4 Choc Chip Cookies
1 piece of RedVelvet Cake
1 piece of Coconut Cake

EXHIBIT 2

C
BY IGNAZIO & MAGGIO CIPRIANI

3033 CESAR

31 /2 1978 GST 2
TBL 31 VIP
MAY04'17 1:51PM

| | | |
|---|---|---|
| 1 | CUCUMBER | 16.95 |
| 1 | SALMON STEAK | 37.95 |
| 1 | BRANZINO | 37.95 |
| 1 | CAPP | 6.95 |
| 1 | EXTRA SHOT | 3.00 |
| 1 | A LA MINUTE | 18.95 |
| | SUBTOTAL | 121.75 |
| | TAX | 10.65 |
| 3:14 | PAYMENT DU | 132.40 |

FOR HOTEL GUESTS ONLY

GRATUITY ____________________

TOTAL __________ ROOM#__________

PRINT NAME Aaron Shock EB-5 159.

SIGNATURE ____________________
Gratuity Not Included
Suggested Gratuities:
18% = $21.92

20% = $24.35

22% = $26.79

****************************************
DATE 5/08/17 TIME 10:17:54PM
MID 369512 Prism

Spago Hospitality

American Express XXXXXXXXXXX2011S
AUTH 584903 TBL 32 CHECK 309307
PRE-AUTH DINNER TRAVIS B

AMOUNT $1070. — 821.00
TAX 71.87

SUBTOTAL $ 892.87

TIP $..........

TOTAL $..................

CUSTOMER COPY
****************************************

EXHIBIT 2

FedEx Office

FedEx Office is your destination
for printing and shipping.

9334 Wilshire Blvd
Beverly Hills, CA 90212
Tel: (310) 271-1258

4/17/2017 9:14:38 AM PST
Team Member: Becky R.
Customer: Stuart Rubin

SALE

| | | | |
|---|---|---|---|
| **11x17** | **Qty 5** | **283.10** | |
| CLR 1S 11x17Cover | 95 @ | 2.9800 | T |
| 002510 Reg. Price | 2.98 | | |
| Price per piece | 56.62 | | |
| Regular Total | 283.10 | | |
| Discounts | 0.00 | | |
| **8.5x11** | **Qty 5** | **201.15** | |
| CLR 1S CvrGloss | 135 @ | 1.4900 | T |
| 002509 Reg. Price | 1.49 | | |
| Price per piece | 40.23 | | |
| Regular Total | 201.15 | | |
| Discounts | 0.00 | | |
| **BINDING** | **Qty 5** | **29.85** | |
| Comb 8.5x14 >1" | 5 @ | 5.9700 | T |
| 000876 Reg. Price | 5.97 | | |
| Price per piece | 5.97 | | |
| Regular Total | 29.85 | | |
| Discounts | 0.00 | | |
| Sub-Total | | 514.10 | |
| Tax | | 44.98 | |

EXHIBIT 2

| | |
|---|---|
| Deposit | 356.70 |
| **Total** | **559.08** |
| Visa (S) | 202.38 |
| Account: 2451 | |
| Auth: 01735D (A) | |
| Total Tender | 202.38 |
| Change Due | 0.00 |

**Total Discounts 0.00**

*5918009 1583*

Tell us how we're doing and receive
20% off your next $35 print order
fedex.com/welisten or 1-800-398-0242
Offer Code:____ Offer expires 06/30/17

Get your message out in a big way with
everything from full-color banners to
photo-quality posters, yard signs,
auto magnets and more.

Thank you for visiting

FedEx Office
Make It. Print It. Pack It. Ship It.
fedex.com/office

By submitting your project to FedEx
Office or by making a purchase in the
FedEx Office store, you agree to all the
FedEx Office terms and conditions,
including limitations of liability,
located at fedex.com/office, or you
may request a copy of our terms and
conditions, which will be made available
to you upon request.

Customer Copy

EXHIBIT 2

FedEx Office

FedEx Office is your destination
for printing and shipping.

Coachella Large Prints

9334 Wilshire Blvd
Beverly Hills, CA 90212-3201
Tel: (310) 271-1258

4/6/2017 4:55:06 PM PST
Team Member: Simone S.

SALE

| | | |
|---|---|---|
| SS OS Accent Clr/SqF | 100 @ | 1.4925 T |
| 040214 Reg. Price | 1.99 | |
| SS OS Accent Clr/SqF | 40 @ | 1.4925 T |
| 040214 Reg. Price | 1.99 | |
| Regular Total | 278.60 | |
| Discounts | 69.65 | |
| **Total** | **208.95** | |

| | |
|---|---|
| Sub-Total | 208.95 |
| Tax | 18.28 |
| Deposit | 0.00 |
| **Total** | **227.23** |
| Cash | 240.00 |
| Total Tender | 240.00 |
| Change Due | (12.77) |

**Total Discounts 69.65**

EXHIBIT 2

*5918009 0691*

Tell us how we're doing and receive
20% off your next $35 print order
fedex.com/welisten or 1-800-398-0242
Offer Code:___ Offer expires 06/30/17

Get your message out in a big way with
everything from full-color banners to
photo-quality posters, yard signs,
auto magnets and more.

Thank you for visiting

FedEx Office
Make It. Print It. Pack It. Ship It.
fedex.com/office

By submitting your project to FedEx
Office or by making a purchase in the
FedEx Office store, you agree to all the
FedEx Office terms and conditions,
including limitations of liability,
located at fedex.com/office, or you
may request a copy of our terms and
conditions, which will be made available
to you upon request.

Customer Copy

FedEx Office

FedEx Office is your destination
for printing and shipping.

9334 Wilshire Blvd
Beverly Hills, CA 90212-3201
Tel: (310) 271-1258

1/16/2017 8:29:00 AM PST
Team Member: Becky R.
Customer: PETER STERN

SALE

| | | |
|---|---|---|
| **booklets** | **Qty 10** | **238.40** |
| CLR 1S CvrGloss | 160 @ | 1.4900 T |
| 002509 Reg. Price | 1.49 | |
| Price per piece | 23.84 | |
| Regular Total | 238.40 | |
| Discounts | 0.00 | |

| | |
|---|---|
| Sub-Total | 238.40 |
| Tax | 20.86 |
| Deposit | 259.26 |
| **Total** | **259.26** |

EXHIBIT 2

Total Tender 0.00
Change Due 0.00

**Total Discounts 0.00**

*5918009484 3*

My FedEx Rewards# 00702327

You get more with My FedEx Rewards.
Go to fedex.com/rewards to browse
the My FedEx Rewards Catalog and
view your points balance.

Thank you for visiting

FedEx Office
Make It. Print It. Pack It. Ship It.
fedex.com/office

By submitting your project to FedEx
Office or by making a purchase in the
FedEx Office store, you agree to all the
FedEx Office terms and conditions,
including limitations of liability,
located at fedex.com/office, or you
may request a copy of our terms and
conditions, which will be made available
to you upon request.

Customer Copy

EXHIBIT 2

LADUREE LA NORTH BEVERLY DRIVE
311 N Beverly Drive,
90210 LOS ANGELES
www.laduree.com

98551 RETAIL 1 NBD

Check Trans-num : 9077
03.15.2017 08:53 AM Till:98503

| | USD |
|---|---|
| 6 X 3.60 | |
| CROISSANT WALNUTS | 21.60 |
| CHOCOLATE CROISSANT | 3.45 |
| HEART SHAPED PUFF PASTRY | 3.50 |
| SubT : | $28.65 |
| Tax 00% : | $0.00 |
| Total : | $28.65 |
| CARTE BANCAIRE | $28.65 |

LA MAISON LADUREE
THANKS YOU FOR YOUR VISIT

Coachella Architects mtg
IKE + IAN at office

434610708886
LADUREE
311 NORTH BEVERLY DRIVE
BEVERLY HILLS, CA 90210
310-623-1100

SALE

Clerk #: 000001
TID: 008 REF#: 00000002
Batch #: 063
03/15/17 07:52:38
APPR CODE: 09866D
VISA Chip
************2451 **/**

**AMOUNT $28.65**

APPROVED

Visa Cr. lt
AID: A0000000031010
TVR: 80 80 00 80 00
TSI: 78 00

THANK YOU
PLEASE COME AGAIN

CUSTOMER COPY

EXHIBIT 2

**AmericanAirlines**

D. Spusany

AA RECORD LOCATOR: COMFMP

Get your boarding pass faster! Scan this barcode at any American Airlines Self-Service Machine.

Los Angeles to San Francisco
1 Adult
**Monday** March 13, 2017 – **Monday** March 13, 2017

Total Paid:
**$636.40 USD**

| AA Record Locator | Reservation Name |
|---|---|
| **COMFMP** | **LAX/SFO** |
| Your record locator is your reservation confirmation number and will be needed to retrieve or reference your reservation. | Status: **Ticketed** Mar 09, 2017 |

Flight information

| Flight | Depart | Arrive |
|---|---|---|
| **American Airlines** **6041** Operated by Compass Airlines As American Eagle | **Los Angeles** (LAX) March 13, 2017 09:30 AM Travel Time : 1 h 30 m Class : First Seat : 1D | **San Francisco** (SFO) March 13, 2017 11:00 AM Booking Code : I Plane Type : E75 |

| Flight | Depart | Arrive |
|---|---|---|
| **American Airlines** **6042** Operated by Compass Airlines As American Eagle | **San Francisco** (SFO) March 13, 2017 05:30 PM Travel Time : 1 h 38 m Class : First Seat : 1A | **Los Angeles** (LAX) March 13, 2017 07:08 PM Booking Code : I Plane Type : E75 |

**Fare Amount**

**Adult**
1 × $565.58 USD $565.58 USD

**AAdvantage® Benefits**

**Priority Access℠** $0.00 USD

**Same-Day Standby** $0.00 USD

**Taxes & Carrier-Imposed Fees**

**Taxes** $70.82 USD

**Carrier-Imposed Fees** $0.00 USD

**Flight Subtotal**

**$636.40 USD**

Receipt

| PASSENGER | TICKET NUMBER | FREQUENT FLYER NUMBER | FARE | Tax/Fee/Charge | TICKET TOTAL |
|---|---|---|---|---|---|
| RUBIN,STUART | 0012118102210 | RU85302 | $565.58 USD | 70.82 | 636.40 |
| **Payment Type:** | AMERICAN EXPRESS ***********3001 | | | **Total** | $636.40 USD |

Endorsements/Restrictions
NONREF/SVCCHGPLUSFAREDIF/CXL BY FLT TIME OR NOVALUE

Terms and conditions:
If you've already begun travel, this receipt may only show portions of your trip not flown.

If your ticket involves travel outside the U.S., Canada, U.S. Virgin Islands or Puerto Rico and has been reissued, your ticket total may not include all taxes. Please contact Reservations for the correct total.

A summary of all the terms and conditions that apply to your travel are available on aa.com/conditionsofcarriage.

EXHIBIT 2

Wish You Were Here...
The Ivy
113 North Robertson Blvd.
Los Angeles, CA 90048
310-274-8303

Server: Waiter (Steve 03/02/2017
Table 5/1 8:16 PM
Guests: 3 40046

| | |
|---|---|
| Guacamole | 16.75 |
| Side French Fries | 7.75 |
| Side Onion Ring | 7.75 |
| Grey Goose (4 @17.75) | 71.00 |
| Ivy Gimlet | |
| Pelligrino Large (2 @9.75 | 19.50 |
| Skillet Cooked Calamari | 18.75 |
| Fresh Tuna Tartare | 22.75 |
| Lob PizzaMain | 39.75 |
| Filet Mignon | 49.75 |
| 12 Oz NY Prime | 49.75 |
| Branzino | 42.75 |
| Grilled Vegetables Side | 7.75 |
| Cappucino | 6.75 |
| Old Fashion Red Cake | 11.75 |
| Crumble | 12.75 |
| Key Lime Pie | 11.75 |
| 3 Scoop Fruit Ice | 10.75 |
| Espresso (3 @6.00) | 18.00 |
| Double (3 @1.00) | 3.00 |
| Fruit Plate | 17.75 |
| Subtotal | 446.50 |
| Tax | 39.07 |
| Total | 485.57 |

**Balance Due 485.57**

Gratuity is not included
for groups under 5 persons

**THE IVY**
**113 N ROBERTSON BLVD**
**LOS ANGELES CA 90048**
**310-274-8303**

Terminal ID: 01809213 7371
3/2/17 10:17 PM
SERVER #: 210
AMERICAN EXPRESS - INSERT
AID: A000000025010801
ACCT #: ***********2011

**CREDIT SALE**

**UID: 706123831234 REF #: 0793**

BATCH #: 219 AUTH #: 817941

**AMOUNT** Coachella **$485.57**

**TIP** Jerry + Stuart $___________

**TOTAL** Coachella $___________
Sent for

**APPROVED**

X___________________________
RUBIN/A
I AGREE TO PAY THE ABOVE TOTAL
AMOUNT ACCORDING TO CARD
ISSUER AGREEMENT
(MERCHANT AGREEMENT
IF CREDIT VOUCHER)

TC - 44F286CDC07BA686

**MERCHANT COPY**

EXHIBIT 2

Jerry + Stuart
Re: Air BnB

C
BY IGNAZIO & MAGGIO CIPRIANI
CHECK: 1579
TABLE: 23/1
GST CHKID: 23 CESAR
SERVER: 3033 CESAR
DATE: FEB17'17 3:57PM
CARD TYPE: VISA
ACCT #: XXXXXXXXXXXX6245
EXP DATE: XX/XX
AUTH CODE: 017093

SUBTOTAL: 297.11

GRATUITY 2020 Gratuity

TOTAL Coachella

SIGNATURE 356.53

PLEASE PRESENT THIS CHECK AT THE SPA AND RECIEVE 15% DISCOUNT

Gratuity Not Included
Suggested Gratuities:
18% = $49.18

20% = $54.64

22% = $60.10

Il Corso
73520 El Paseo
Palm Desert, CA 92260
(760) 341-6700

Server: Etni DOB: 02/20/2017
01:48 PM 02/20/2017
Table 80/1 3/30010

SALE

VISA 3145735
Card #XXXXXXXXXXXX6245
Magnetic card present: RUBIN ABRAHAM STUAR
Card Entry Method: S

Approval: 020437

Amount: $ 234.90

+ Tip: 45.10

= Total: $280.-

I agree to pay the above total amount according to the card issu agreement.

X

(City Council) Ph.CL
Arrivederci!
Dominick

EXHIBIT 2

Coachella — Dominick / Stuart

Mastro's Steakhouse
Palm Desert, CA
73-405 El Paseo Suite 120
Palm Desert
(760) 776-6777

Server: Liliana DOB: 02/06/2017
09:17 PM 02/06/2017
Table 312/1 7/70006

SALE

AMEX 10485766
Card #XXXXXXXXXXX2011
Magnetic card present:
Card Entry Method: S

Approval: 509726

Amount: $350.19

+ Tip: ____________

= Balance Due: 420.19

I agree to pay the above
total amount according to the
card issuer agreement.

X____________________________________

For banquet events, balance due
includes suggested gratuity if accepted.
www.mastrosrestaurants.com
Facebook- Mastro's Restaurants
Twitter- @MastrosOfficial

Guest Copy

C
BY IGNAZIO & MAGGIO CIPRIANI
CHECK: 1858
TABLE: 31/1
GST CHKID: 31
SERVER: 3033 CESAR
DATE: FEB08'17 12:50PM
CARD TYPE: AMERICAN EXPRESS
ACCT #: XXXXXXXXXXX2011
EXP DATE: XX/XX
AUTH CODE: 584753

SUBTOTAL: 156.17

GRATUITY 30.—

TOTAL 186.17

SIGNATURE ____________________

PLEASE PRESENT THIS CHECK AT THE
SPA AND RECIEVE 15% DISCOUNT

Gratuity Not Included
Suggested Gratuities:
18% = $25.85

20% = $28.72

22% = $31.59

Joan + Stuart

EXHIBIT 2

Credit Card Voucher

+GEORGIE+
CHECK: 9737
TABLE: 26/1
SERVER: 104 STEVEN
DATE: 28JAN'17 9:57AM
CARD TYPE: AMEX
ACCT #: XXXXXXXXXXX2011
EXP DATE: XX/XX
AUTH CODE: 588404

SUBTOTAL: 60.90

Gratuity__________.______

Total__________.______

Signature__________

WARNING- If paying your tab with a debit card YOUR bank may hold 20% or more as a PENDING charge for gratuity on your account up to 7 business days. Thank you.

Aaron
+
Stuart

Breakfast
to discuss Hotel
participation

Il Corso
73520 El Paseo
Palm Desert, CA 92260
(760) 341-6700

Server: Gilberto DOB: 02/06/2017
03:18 PM 02/06/2017
Table 18/1 3/30022

SALE

AMEX 1048590
Card #XXXXXXXXXXX2011
Magnetic card present: RUBIN A
Card Entry Method: S

Approv... ...790

Amount: $ 228.16

+ Tip: ______

= Total: 274.16

I agree to pay the above
total amount according to the
card issuer agreement.

X__________

Arrivederci!

Bond
Initiative
Dominick
Bobby Sanchez
Stuart

EXHIBIT 2

FedEx Office

Coachella
New projections for

FedEx Office is your destination
for printing and shipping.

Eastwest
Bank Appraises

9334 Wilshire Blvd
Beverly Hills, CA 90212-3201
Tel: (310) 271-1258

Right after Super

2/5/2017 8:45:14 PM PST
Team Member: Claudia S.

Bowl
Sunday

SALE

| | | |
|---|---|---|
| CLR 1S 11x17 Wht | 35 @ | 1.3800 T |
| 000197 Reg. Price | 1.38 | |
| Binder Clips Sm 12Pk | 1 @ | 1.9900 T |
| 007192 Reg. Price | 1.99 | |
| Pen Sharpie Blue 2Pk | 1 @ | 3.9900 T |
| 001069 Reg. Price | 3.99 | |
| Pen Sharpie Blue 2Pk | 1 @ | 3.9900 T |
| 001069 Reg. Price | 3.99 | |
| MailKrft12.25x18 1Ct | 1 @ | 2.1900 T |
| 005612 Reg. Price | 2.19 | |

| | |
|---|---|
| Regular Total | 60.46 |
| Discounts | 0.00 |
| **Total** | **60.46** |

| | |
|---|---|
| Sub-Total | 60.46 |
| Tax | 5.29 |
| Deposit | 0.00 |
| **Total** | **65.75** |
| AmEx (S) | 65.75 |
| Account: 0154 | |
| Auth: 167968 (A) | |
| Total Tender | 65.75 |
| Change Due | 0.00 |

EXHIBIT 2

**Total Discounts 0.00**

*591800029605*

Tell us how we're doing and receive
20% off your next $35 print order
fedex.com/welisten or 1-800-398-0242
Offer Code:____ Offer expires 06/30/17

Get your message out in a big way with
everything from full-color banners to
photo-quality posters, yard signs,
auto magnets and more.

Thank you for visiting

FedEx Office
Make It. Print It. Pack It. Ship It.
fedex.com/office

By submitting your project to FedEx
Office or by making a purchase in the
FedEx Office store, you agree to all the
FedEx Office terms and conditions,
including limitations of liability,
located at fedex.com/office, or you
may request a copy of our terms and
conditions, which will be made available
to you upon request.

Customer Copy

EXHIBIT 2

VIA ALLORO

RESTAURANT | PATIO | LOUNGE

301 NORTH CANON DRIVE
BEVERLY HILLS, CA 90210
TEL (310)275-2900 * FAX (310)858-6857

**TABLE 50**
3 GUESTS DAVID DILLER

| | | | |
|---|---|---|---|
| 1 | LEMONADE | | 3.50 |
| 1 | DIET COKE | | 3.75 |
| 1 | PANZANELLA FARRO | | 15.50 |
| 2 | DOPPIO CAPPUCINO | 6.25 | 12.50 |
| 2 | KALE SALAD | 16.50 | 33.00 |
| 2 | SPLIT | 3.50 | 7.00 |
| 1 | NAPOLETANA | | 18.00 |
| 2 | SP PASTA | 24.00 | 48.00 |
| 3 | BRANZINO GRIGLIA | 37.00 | 111.00 |
| 1 | SALCISIE AL FORNO | | 24.00 |
| 1 | COSTATA DI MANZO | | 41.00 |
| 1 | AGNELLO SCOTTADITO | | 35.50 |
| 1 | CROSTATA DI PERE | | 9.95 |
| 1 | ADD 1 SCOOP I.CREAM | | 3.00 |
| 1 | PISTACHIO TORTINO | | 9.95 |
| 1 | DOBLE BLUEBERRY | | 18.00 |
| 1 | CAPPUCCINO | | 4.50 |

TAX Detail

| | Sub Total | Tax | Total |
|---|---|---|---|
| TAX 8.75% | 398.15 | 34.84 | 432.99 |

**TOTAL 432.99**

64.95 = 15% SERVICE
77.94 = 18% SERVICE 519
86.60 = 20% SERVICE

Elia
Joan
Dominick
Dori Moms

FRIDAY 01-27-2017 02:27 PM
Key 60-Waitr: 60-POS 1-BILL 010003/1

PLEASE RATE US TO HELP BETTER SERVE YOU

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| FOOD: | 10 | 9 | 8 | 7 | 6 | 5 | 4 | 3 | 2 | 1 |
| SERVICE: | 10 | 9 | 8 | 7 | 6 | 5 | 4 | 3 | 2 | 1 |
| ATMOSPHERE: | 10 | 9 | 8 | 7 | 6 | 5 | 4 | 3 | 2 | 1 |

WWW.GIACOMINODRAGO.COM

EXHIBIT 2

****************************************
DATE 1/26/17 TIME 8:49:23PM
MID 369512

Spago

American Express XXXXXXXXXXX2011S
AUTH 535161 TBL P11 CHECK 295673
PRE-AUTH DINNER DAN

AMOUNT 214.00
TAX 18.73

SUBTOTAL $ 232.73

TIP $.........

TOTAL $.................

CUSTOMER COPY
****************************************
Gary + Stuart
Coachella

LA Chapter
929 S. Broadway
Los Angeles, CA 90015
lachapter.com

Date: Jan31'17 10:31AM
Card Type: Amex
Acct #: XXXXXXXXXXX2011
Card Entry: SWIPED
Trans Type: PURCHASE
Trans Key: GIG004403580097
Auth Code: 535160
Check: 1582
Table: 25/1
Server: 1016 Maria

Subtotal: 30.45

Tip: ______

Total: 37.00

**** Customer Copy ****

Coachella

IAN + STUART
meeting with SWINERTON

MONTAGE BEVERLY HILLS
+GEORGIE+
25 JEREMIAH

40/1 CHK 9170
24JAN'17 9:04AM

| | | |
|---|---|---|
| 2 | ESPRESSO DBL | 16.00 |
| 1 | ESPRESSO DCF SGL | 6.00 |
| 1 | ORANGE JUICE | 12.00 |
| 1 | INFUSION MINT | 12.00 |
| 1 | SALMON BAGEL | 16.00 |
| 1 | EGG WHT FRITTATA | 18.00 |
| 1 | FRUIT | 8.00 |
| 2 | DRIP COFFEE | 12.00 |
| 1 | ESPRESSO SGL | 6.00 |
| | Subtotal | 106.00 |
| | TAX | 9.28 |
| | Amount Due | $115.28 |

Gratuity:____________________

Total:____________________

Room #:____________________

Name:____________________

Signature:____________________

Coachella
Rick Robins
Bill Novodor
Assisted Living

Il Corso
73520 El Paseo
Palm Desert, CA 92260
(760) 341-6700

Server: Gilberto DOB: 01/25/2017
02:13 PM 01/25/2017
Table 46/1 3/30012

SALE

AMEX 3145741
Card #XXXXXXXXXXX2011
Magnetic card present: RUBIN A
Card Entry Method: S

Approval: 555345

Amount: $ 189.10

+ Tip: ________

= Total: ________

I agree to pay the above
total amount according to the
card issuer agreement.

X____________________

Arrivederci!

Coachella City
Aaron Mtg.
Dominick
Shtuit

EXHIBIT 2

MONTAGE BEVERLY HILLS
+GEORGIE+
494 Sarah C

40/1 CHK 8690 GST 4
RUBIN
20JAN'17 8:32AM

| | | |
|---|---|---|
| 1 | AMERICANO | 8.00 |
| 4 | SINGLE PASTRY | 12.00 |
| 1 | DRIP COFFEE | 6.00 |
| 1 | EARL GREY | 12.00 |
| 1 | EGG WHT FRITTATA | 18.00 |
| 1 | AVOCADO TARTINE | 15.00 |
| 1 | CREATE OMLET | 18.00 |
| | Subtotal | 89.00 |
| | TAX | 7.79 |
| | Amount Due | $96.79 |

Gratuity:____________________

Total:____________________ Laine Porter

Room #:____________________ Jim Mulvihill

Name:____________________

Signature @ TAO ____________________

FRIDAY,
PRESIDENT
SWORN IN

Gary + Stuart
Discuss
Hotel
+ AAO

VIA ALLORO

RESTAURANT | PATIO | LOUNGE

301 NORTH CANON DRIVE
BEVERLY HILLS, CA 90210
TEL (310)275-2900 * FAX (310)858-6857

TABLE 53
2 GUESTS RAUL VELASCO

| | | |
|---|---|---|
| 1 | DOPPIO CAPPUCINO | 6.25 |
| 1 | DOPPIO ESPRESSO | 6.00 |
| 1 | SCALOPINE PIACERE | 29.95 |
| 1 | SALMONE ISOLANA | 29.95 |
| 1 | MIXED BERRIES | 9.95 |

TAX Detail

| | Sub Total | Tax | Total |
|---|---|---|---|
| TAX 8.75% | 82.10 | 7.18 | 89.28 |

**TOTAL 89.28**

13.40 = 15% SERVICE
16.07 = 18% SERVICE
17.86 = 20% SERVICE

Saturday
AFTERNOON

SATURDAY 01-21-2017 01:32
PM
Key 69-Waitr: 69-POS 1-BILL 010007/1

PLEASE RATE US TO HELP BETTER SERVE YOU

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| FOOD: | 10 | 9 | 8 | 7 | 6 | 5 | 4 | 3 | 2 | 1 |
| SERVICE: | 10 | 9 | 8 | 7 | 6 | 5 | 4 | 3 | 2 | 1 |
| ATMOSPHERE: | 10 | 9 | 8 | 7 | 6 | 5 | 4 | 3 | 2 | 1 |

WWW.GIACOMINODRAGO.COM

EXHIBIT 2

Coachella
Aaron
Dominique
EAN

Il Corso
73520 El Paseo
Palm Desert, CA 92260
(760) 341-6700

Server: Carlos Shaw T 01/17/2017
Table 15/1 8:59 PM
Guests: 6 30049

| | |
|---|---|
| 2 Calamari Fritti (@16.00) | 32.00 |
| Prosciutto e Melone | 18.00 |
| Pomodori e Burrata | 16.00 |
| PIZZA BREAD | 6.00 |
| Dbl Cappuccino | 7.50 |
| 2 470 Rubent BRNL '06 (@130.00) | 260.00 |
| Insalata Caesar | 14.00 |
| Insalata Mista | 8.00 |
| POLLO PARMA | 32.00 |
| Spaghetti alla Pescatore | 30.00 |
| CHOP PARMIGIANA | 45.00 |
| BRANZINO ISOLA | 38.00 |
| SCIALAT VONGOLE | 28.00 |
| DOVER SOLE | 47.00 |
| Vanilla Beans Gelato | 6.00 |
| Cappuccino Gelato | 6.00 |
| 2 Choc. Tartufo (@9.00) | 18.00 |
| Torta Cioccolata | 10.00 |
| Dbl Cappuccino | 7.50 |
| Cappuccino | 5.50 |
| Subtotal | 634.50 |
| Tax | 49.17 |
| Total | 683.67 |
| **Balance Due** | **683.67** |

4 814 with TIP

Grazie e Arrivederci!!
IlCorsopd.com

Coachella Hotel
AARON & STUART

BY IGNAZIO & MAGGIO CIPRIANI
CHECK: 1589
TABLE: 32/4
GST CHKID: 32Z
SERVER: 3033 CESAR
DATE: JAN20'17 3:57PM
CARD TYPE: AMERICAN EXPRESS
ACCT #: XXXXXXXXXXX2011
EXP DATE: XX/XX
AUTH CODE: 541844

SUBTOTAL: 135.56

GRATUITY ____________________

TOTAL ____________

SIGNATURE ____________________

PLEASE PRESENT THIS CHECK AT THE SPA AND RECIEVE 15% DISCOUNT

Gratuity Not Included
Suggested Gratuities:
18% = $22.44

20% = $24.93

22% = $27.42

EXHIBIT 2

Coachella
IAN
Dominic meeting with Gnchlet

Daily Grill
2636 Dupont Drive
Irvine, CA 92612
(949) 474-2223

Server: Julie H 01/06/2017
Table 62/1 1:31 PM
Guests: 3

**#50008**

| | |
|---|---|
| Lemonade | 4.50 |
| Sweet Potato Fries Side | 4.00 |
| Wedge Salad | 11.00 |
| Iced Tea (3 @3.50) | 10.50 |
| Salmon Burger | 14.00 |
| Dinner Cobb Salad | 15.00 |
| NO Bacon | |
| Blackened Ahi Salad | 19.00 |
| Rice | 5.00 |
| Key Lime Pie | 8.00 |
| Brownie Pie | 8.00 |
| Complete Subtotal | 99.00 |

**Become a fan or write a review.**
**Find us on Facebook, Twitter & Yelp.**

| | |
|---|---|
| Subtotal | 99.00 |
| Tax | 7.67 |
| Total | 106.67 |
| **Balance Due** | **106.67** |

Sign up @ DailyGrill.com
to Receive Exclusive
Offers & Promotions.

Rick Robins
Dominic
Sncnt

Il Corso
73520 El Paseo
Palm Desert, CA 92260
(760) 341-6700

Server: Etni 01/13/2017
Table 15/1 1:37 PM
Guests: 2 30011

| | |
|---|---|
| Lemonade | 3.50 |
| 2 Iced Tea (@3.75) | 7.50 |
| SALM AFFUMICATO | 18.00 |
| Aragosta Catalana | 25.00 |
| SPAGH ARAGOSTA | 32.00 |
| RISOTTO GAMBERI | 28.00 |
| Insalata di Farro | 13.00 |
| Dbl Cappuccino | 7.50 |
| PIZZA BREAD | 6.00 |
| 2 Choc. Tartufo (@9.00) | 18.00 |
| 2 Hazelnut Gelato (@6.00) | 12.00 |
| Subtotal | 170.50 |
| Tax | 13.21 |
| Total | 183.71 |
| **Balance Due** | **183.71** |

Grazie e Arrivederci!!
IlCorsopd.com

EXHIBIT 2

Cecc nelly

Customer Copy
Si Bon

40101 Monterey Ave Suite E5
Rancho Mirage, CA 92270
(760)837-0011

Current Batch 11302016
Wed 11/30/2016 1:42:59 PM
Check 72 Table 123
Isabel V.

Cardholder acknowledges receipt of goods and/or services in the amount of the TOTAL shown hereon and agrees to perform the obligations set forth in the Cardholder agreement with the Issuer

Amex XXXXXXXXXXX0154
Approval 840040

| | |
|---|---|
| BASE | $115.56 |
| TIP | ________ |
| TOTAL | ________ |

Customer Copy

4
136.–
Dominic
Elliott
Annie

Polo Lounge
The Beverly Hills Hotel
9641 Sunset Boulevard
Beverly Hills, CA 90210

Tel: (310) 887-2777
18000060 Joseph N

CHK 1018773 TBL 41/1 GST 2
12 JAN'17 8:58 AM

| | |
|---|---|
| 1 Espresso | 12.00 |
| Double | |
| Skim | |
| 1 French Press | 9.00 |
| 1 Egg White Frittata | 25.00 |
| 1 SD 2 Eggs | 13.00 |
| Subtotal | $59.00 |
| Tax | $5.32 |
| **Total Due** | **$64.32** |

FOR HOTEL GUEST ONLY

Gratuity:____________

Total:____________

Room Number:____________

Print Name:____________

Signature:____________

Gary Stifleman
+
Steven Rubin
Discussion Pro Forma

Stuart
Dominic

***************************************
DATE 12/20/16 Stern TIME 2:01:21PM
MID 369512

Chris Dobbins
Spago
Wyatt Place.

VISA XXXXXXXXXXXX2451S
AUTH 05820D TBL P5 CHECK 290492
PRE-AUTH LUNCH Coachella RYAN

AMOUNT 339.92
TAX 30.59

SUBTOTAL $ 370.51

TIP $.........

TOTAL $.................

CUSTOMER COPY
***************************************

EXHIBIT 2

ARC™
**ARC Document Solutions, LLC**
**345 Clinton St, Costa Mesa, CA 92626**
**Federal Tax ID: 74-6036592**

**QUOTE#** 2866424
**QUOTE DATE** 02/03/17
**WORK ORDER#** P2866424

SOLD TO:
Cust# 431080
CASH - BEVERLY HILLS
900 SO. ROBERTSON BLVD.
LOS ANGELES, CA 90035

SHIP TO:
Cust# 431080
CASH - BEVERLY HILLS
900 SO. ROBERTSON BLVD.
LOS ANGELES, CA 90035

DUE:

| CONTACT | PHONE | PURCHASE ORDER# | SALES REP |
|---|---|---|---|
| Annie Lippman | | | House- LA |

| JOB# | JOB NAME | BILLER | LOC |
|---|---|---|---|
| | Coachella | thong truong | 508 |

| OP CODE | DESCRIPTION | TAX | LOC | NO. OF ORIGINALS | COPIES | SIZE | TOTAL QTY | UM | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| 2205 | Digital Color Prints - Photo Grade | T | 508 | 2 | 1 | 30x42 | 18 | SF | | 180.00 |
| 4003 | Mounting 3/16" Gatorfoam | T | 508 | 2 | 1 | 30x42 | 18 | SF | | 144.00 |
| 4027 | Finishing Prep | T | 508 | 1 | 1 | | 1 | EA | | 15.75 |
| | Please remit quote with order to ensure correct billing on your invoice. This quote is only valid for 30 days from issue date. | | | | | | | | | |

COD

**For Billing Inquiries, please contact your local branch at (310) 657-0040**
**For Account Inquiries and Payment Information, please call Lisa Brown at 949-660-7874**

| SUB TOTAL | DISCOUNT | SALES TAX | TOTAL | DEPOSIT | BALANCE DUE |
|---|---|---|---|---|---|
| 339.75 | | 29.73 | 369.48 | | 369.48 |

Invoices undisputed for 45 days are final.
2866424

**TERMS:** C. O. D.
Please Remit To: ARC Document Solutions, LLC 345 Clinton St. Costa Mesa, CA 92626
LB

EXHIBIT 2

ARC COT BR8
900 S ROBERTSON BLVD
LOS ANGELES, CA 9003516

| | |
|---|---|
| 01/12/2017 | 14:29:35 |
| MID: 000000003450612 | TID: 05232605 |
| 5046016051 | |

CREDIT CARD

AMEX SALE

| | |
|---|---|
| CARD # | XXXXXXXXXXX2011 |
| INVOICE | 0005 |
| Batch #: | 000819 |
| Approval Code: | 151186 |
| Entry Method: | Manual |
| Mode: | Online |
| SALE AMOUNT | $89.74 |

CUSTOMER COPY

EXHIBIT 2

ARC™

ARC Document Solutions, LLC
Clinton St, Costa Mesa, CA 92626
Federal Tax ID: 74-6036592

INVOICE NO. 8990863

INVOICE DATE 01/12/17

WORK ORDER# P2841348

SOLD TO:
Cust# 431080
CASH - BEVERLY HILLS
900 SO. ROBERTSON BLVD.
LOS ANGELES, CA 90035

SHIP TO:
Cust# 431080
CASH - BEVERLY HILLS
900 SO. ROBERTSON BLVD.
LOS ANGELES, CA 90035

DUE: 01/12/17 at 01:07PM

| CONTACT | PHONE | PURCHASE ORDER# | SALES REP |
|---|---|---|---|
| Annie Lippman | | | House- LA |

| JOB# | JOB NAME | BILLER | LOC |
|---|---|---|---|
| | Coachella Site Plan | Julio Soriano | 508 |

| OP CODE | DESCRIPTION | TAX | LOC | NO. OF ORIGINALS | COPIES | SIZE | TOTAL QTY | UM | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| 6121 | Digital Processing | NT | 508 | 1 | 1 | | 1 | EA | | 0.35 |
| 1615 | CAD Plot Bond - First Set | T | 508 | 1 | 1 | 24x36 | 6 | SF | | 2.10 |
| 1601 | PPC Bond - Additional Set | T | 508 | 1 | 7 | 24x36 | 42 | SF | | 9.70 |
| 4003 | Mounting 3/16" Gatorfoam | T | 508 | 1 | 1 | 24x36 | 6 | SF | | 64.62 |
| 8522 | Set Up | T | 508 | 1 | 1 | | 1 | EA | | 5.78 |

COD

**For Billing Inquiries, please contact your local branch at (310) 657-0040**
**For Account Inquiries and Payment Information, please call Lisa Brown at 949-660-7874**

| SUB TOTAL | DISCOUNT | SALES TAX | TOTAL | DEPOSIT | BALANCE DUE |
|---|---|---|---|---|---|
| 82.55 | | 7.19 | 89.74 | 89.74 | 0.00 |

Invoices undisputed for 45 days are final.
2841348

**TERMS:** C. O. D.
Please Remit To: ARC Document Solutions, LLC 345 Clinton St. Costa Mesa, CA 92626

LB

EXHIBIT 2

ARC™

**ARC Document Solutions, LLC**
**345 Clinton St, Costa Mesa, CA 92626**
**Federal Tax ID: 74-6036592**

**INVOICE NO.** 8990863
**INVOICE DATE** 01/12/17
**WORK ORDER#** P2841348

SOLD TO:
Cust# 431080
CASH - BEVERLY HILLS
900 SO. ROBERTSON BLVD.
LOS ANGELES, CA 90035

SHIP TO:
Cust# 431080
CASH - BEVERLY HILLS
900 SO. ROBERTSON BLVD.
LOS ANGELES, CA 90035

DUE: 01/12/17 at 01:07PM

| CONTACT | PHONE | PURCHASE ORDER# | SALES REP | |
|---|---|---|---|---|
| Annie Lippman | | | House- LA | |
| **JOB#** | **JOB NAME** | | **BILLER** | **LOC** |
| | Coachella Site Plan | | Julio Soriano | 508 |

| OP CODE | DESCRIPTION | TAX | LOC | NO. OF ORIGINALS | COPIES | SIZE | TOTAL QTY | UM | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| 6121 | Digital Processing | NT | 508 | 1 | 1 | | 1 | EA | | 0.35 |
| 1615 | CAD Plot Bond - First Set | T | 508 | 1 | 1 | 24x36 | 6 | SF | | 2.10 |
| 1601 | PPC Bond - Additional Set | T | 508 | 1 | 7 | 24x36 | 42 | SF | | 9.70 |
| 4003 | Mounting 3/16" Gatorfoam | T | 508 | 1 | 1 | 24x36 | 6 | SF | | 64.62 |
| 8522 | Set Up | T | 508 | 1 | 1 | | 1 | EA | | 5.78 |

COD

**For Billing Inquiries, please contact your local branch at (310) 657-0040**
**For Account Inquiries and Payment Information, please call Lisa Brown at 949-660-7874**

| SUB TOTAL | DISCOUNT | SALES TAX | TOTAL | DEPOSIT | BALANCE DUE |
|---|---|---|---|---|---|
| 82.55 | | 7.19 | 89.74 | 89.74 | 0.00 |

**TERMS:** C. O. D.

Invoices undisputed for 45 days are final.
2841348

Please Remit To: ARC Document Solutions, LLC 345 Clinton St. Costa Mesa, CA 92626

LB

EXHIBIT 2

FedEx Office.

Coachella
notebooks

FedEx Office is your destination
for printing and shipping.

$458.41

9334 Wilshire Blvd
Beverly Hills, CA 90212-3201
Tel: (310) 271-1258

11/26/2016 8:59:57 AM PST
Team Member: Jocelyn S.
Customer: Stuart Rubin

SALE

| | | |
|---|---|---|
| **color** | **Qty 7** | **384.91** |
| CLR 1S on 32# Wht | 252 @ | 0.7500 T |
| 000224 Reg. Price | 0.75 | |
| BW on Tab Paper | 70 @ | 0.3500 T |
| 000072 Reg. Price | 0.35 | |
| Drill Per Sheet | 210 @ | 0.0100 T |
| 000371 Reg. Price | 0.01 | |
| Drilling Setup | 1 @ | 1.2500 T |
| 000372 Reg. Price | 1.25 | |
| CLR 1S Cardstock | 119 @ | 1.3900 T |
| 002525 Reg. Price | 1.39 | |
| Drill Per Sheet | 140 @ | 0.0100 T |
| 000371 Reg. Price | 0.01 | |

EXHIBIT 2

| | | |
|---|---|---|
| Drilling Setup | 1 @ | 1.2500 T |
| 000372 Reg. Price | 1.25 | |
| Price per piece | 54.99 | |
| Regular Total | 384.91 | |
| Discounts | 0.00 | |
| **tab creatuion** | **Qty 1** | **3 [illegible] 2** |
| Tab Design | 6 @ | 1.[illegible] N |
| 001371 Reg. Price | 1.00 | |
| BW Doc Design | 6 @ | 0.95[illegible] |
| 000566 Reg. Price | 0.95 | |
| BndrEcoVw.5inWht 1Ct | 7 @ | 2.9900 T |
| 004413 Reg. Price | 2.99 | |
| Pen Sharpie Blue 2Pk | 1 @ | 3.9900 T |
| 001069 Reg. Price | 3.99 | |
| Price per piece | 36.62 | |
| Regular Total | 36.62 | |
| Discounts | 0.00 | |
| Sub-Total | | 421.53 |
| Tax | | 36.88 |
| Deposit | | 100.00 |
| **Total** | | **458.41** |
| AmEx (M) | | 358.41 |
| Account: 2011 | | |
| Auth: 125142 (A) | | |
| Total Tender | | 358.41 |
| Change Due | | 0.00 |

EXHIBIT 2

FedEx Office

FedEx Office
9334 Wilshire Blvd
Beverly Hills, CA 90212-3201
(310) 271-1258

Order Date: 11/25/2016 Branch: 5918
Order Time: 11:19:00 Register: 09
Pickup Date: 11/26/2016
Pickup Time: 16:00
Team Member: Jocelyn S.

CLAIM CHECK

*5918 0313W1*

Customer: Stuart Rubin

| | | |
|---|---|---|
| Project Name: color | 7 @ 54.66 | 382.60 |
| Project Name: tab creatuion | 1 @ 32.63 | 32.63 |
| Sub-Total (TAX NOT INCLUDED) | | 415.23 |

CLAIM CHECK

*5918 0313W1*

This order has an estimated nu[illegible] of originals. The price will c[illegible]ge once the order is updated with the actual number of originals.

**This is not a receipt**
All prices shown are estimates

Thank you for visiting

FedEx Office
Make It. Print It. Pack It. Ship It.
fedex.com/office

Customer Copy

FedEx Office

9334 Wilshire Blvd
Beverly Hills, CA 90212-3201
Tel: (310) 271-1258
11/25/2016 11:27:30 AM PST
Trans.: 1242 Branch: 5918
Register: 009 Till:JS101226
Team Member: Jocelyn S.
Customer: Stuart Rubin

DEPOSIT ON ORDER

*5918009 1242*
Order Number: 59180313W
Order Due Date: 11/26/2016

| | |
|---|---|
| Sub-Total | 100.00 |
| Total | 100.00 |
| Deposit Paid | 100.00 |
| Balance Due | 351.55 |
| Cash | 100.00 |
| Total Tender | 100.00 |
| Change Due | 0.00 |

*5918009 1242*

All jobs produced for customers will be retained for 30 days after the order due date reflected on this receipt. FedEx Office is not responsible for retaining any work not picked up by customer after such 30 day period and is entitled to collect and retain any deposits or other pay[illegible] for all work performed on custom[illegible] behalf.

Thank you for visiting

FedEx Office
Make It. Print It. Pack It. Ship It.
fedex.com/office

Customer Copy

EXHIBIT 2

************************************ ***
CHECK # 276919 DATE 11/28/16
TABLE # 82 TIME 1:02PM

-- DINING ROOM : ADAM G --

| ITEMS ORDERED | AMOUNT |
| --- | --- |
| 1 1/2 CESAR, NO CHICHEN | 11.00 |
| 1 L PAPPARDELLE | 18.00 |
| 1 L SHRIMP SALAD | 20.00 |
| 1 COFFEE | 4.00 |
| 1 DBL ESPRESSO | 6.00 |

*************************************

| | |
| --- | --- |
| SUBTOTAL | 59.00 |
| TAX | 5.31 |
| TOTAL DUE | 64.31 |

Stephen Loi
Bank HAP. # OF GUESTS 2
Financing for Coachella

Thank you for dining at DRAGO Centro

for reservations please call us at
213-228-8998
or through OpenTable.com

please visit: www.dragocentro.com

FedEx Office

9334 Wilshire Blvd
Beverly Hills, CA 90212-3201
Tel: (310) 271-1258

Order Date: 11/25/2016 Branch: 5918
Order Time: 11:19 Register: 02
Pickup Date: 11/26/2016
Pickup Time: 16:00
Team Member: Jocelyn S.

CLAIM CHECK
*5918O313W1*

Customer: Stuart Rubin

| | |
| --- | --- |
| Project Name: | |
| color | 382.60 |
| 7 @ 54.6571 | |
| Project Name: | |
| tab creatuion | 32.63 |
| 1 @ 32.6300 | |
| Sub-Total (TAX NOT INCLUDED) | 415.23 |

CLAIM CHECK
*5918O313W1*

This order has an estimated nu[illegible]
of originals. The price will c[illegible]ge
once the order is updated with the
actual number of originals.

**This is not a receipt**
All prices shown are estimates

Thank you for visiting

FedEx Office
Make It. Print It. Pack It. Ship It.
fedex.com/office

Customer Copy EXHIBIT 2

FedEx Office

FedEx Office is your destination
for printing and shipping.

9334 Wilshire Blvd
Beverly Hills, CA 90212-3201
Tel: (310) 271-1258

11/26/2016 9:01:42 AM PST
Team Member: Jocelyn S.

SALE

| | | | |
|---|---|---|---|
| RmColrCpy60Ltr 250Ct | 1 @ | 12.9900 T | |
| 007946 Reg. Price | 12.99 | | |
| Regular Total | 12.99 | | |
| Discounts | 0.00 | | |
| **Total** | **12.99** | | |

| | |
|---|---|
| Sub-Total | 12.99 |
| Tax | 1.17 |
| Deposit | 0.00 |
| **Total** | **14.16** |
| AmEx (M) | 14.16 |
| Account: 2011 | |
| Auth: 184261 (A) | |
| Total Tender | 14.16 |
| Change Due | )0 |

EXHIBIT 2

Total Discounts 0.00

*5918009128 6*

Tell us how we're doing and receive
15% off your next $20 print order
fedex.com/welisten or 1-800-398-0242
Offer Code:____ Offer expires 12/31/16

Thank you for visiting

FedEx Office
Make It. Print It. Pack It. Ship It.
fedex.com/office

By submitting your project to FedEx Office or by making a purchase in the FedEx Office store, you agree to all the FedEx Office terms and conditions, including limitations of liability, located at fedex.com/office, or you may request a copy of our terms and conditions, which will be made available to you upon request.

Customer Copy

EXHIBIT 2

THE IVY
113 N ROBERTSON BLVD
LOS ANGELES CA 90048
310-274-8303

Terminal ID: 01809213 7371

11/21/16 11:36 PM

SERVER #: 169

AMEX - INSERT
AID: A000000025010402
ACCT #: ***********0154

CREDIT SALE
UID: 632645481055 REF #: 5985
BATCH #: 119 AUTH #: 584897

AMOUNT $286.40

TIP $____________

TOTAL $ 342.-

APPROVED

TC - 3724921C927FFB11
Aaron Shock
CUSTOMER COPY
Coachella

EXHIBIT 2

| | |
|---|---|
| 432.35 | food-coachella meeting |
| 157.00 | food-coachella meeting |
| 95.90 | food-coachella meeting |
| 605.98 | food-coachella meeting |
| 69.92 | food-coachella meeting |
| 169.84 | food-coachella meeting |
| 1,070.00 | food-coachella meeting |
| 159.00 | food-coachella meeting |
| 559.08 | printing |
| 227.23 | printing |
| 259.26 | printing |
| 89.74 | printing |
| 369.48 | printing |
| 28.65 | food-coachella meeting |
| 636.40 | airline |
| 485.57 | food-coachella meeting |
| 280.00 | food-coachella meeting |
| 356.53 | food-coachella meeting |
| 186.17 | food-coachella meeting |
| 420.19 | food-coachella meeting |
| 274.16 | food-coachella meeting |
| 65.75 | printing |
| 37.00 | food-coachella meeting |
| 60.90 | food-coachella meeting |
| 432.99 | food-coachella meeting |
| 232.73 | food-coachella meeting |
| 189.10 | food-coachella meeting |
| 115.28 | food-coachella meeting |
| 89.28 | food-coachella meeting |
| 120.00 | food-coachella meeting |
| 135.56 | food-coachella meeting |
| 814.00 | food-coachella meeting |
| 183.71 | food-coachella meeting |
| 106.67 | food-coachella meeting |
| 64.32 | food-coachella meeting |
| 370.51 | food-coachella meeting |
| 136.00 | food-coachella meeting |
| 458.41 | printing |
| 64.31 | food-coachella meeting |
| 342.00 | food-coachella meeting |

**10,950.97**

EXHIBIT 2

# EXHIBIT 3